UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Manjula Patel, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-00626 (PLF) |
| The Socialist People's | ) |
| Libyan Arab Jamahiriya, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>NOTICE OF PROOF OF SERVICE</u>

1. Pursuant to Federal Rule of Civil Procedure 4(l), Plaintiffs Manjula Patel, *et al.*, hereby provide proof of service as to Defendants Jamal Saeed Abdul Rahim ("Rahim"), Muhammad Abdullah Khalil Hussain Ar-Rahayyal ("Khalil"), Muhammad Ahmed Al-Munawar ("Mansoor") and Wadoud Muhammad Hafiz Al-Turk ("Al-Turk").

2. Having been convicted of crimes for their involvement in the hijacking of Pan American World Airways ("Pan Am") Flight 73, Rahim, Khalil, Mansoor and Al-Turk are currently incarcerated at the Adiala Jail in Rawalpindi, Pakistan.

3. Federal Rule of Civil Procedure 4(f) sets forth several methods by which service upon individuals outside the United States may be effected.  Specifically, it provides, *inter alia*, that "service upon an

individual . . . may be effected in a place not within any judicial district of the United States: (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f).

4.  Since August 1, 1989, Pakistan has been a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). *See* Hague Convention (Exhibit 1). According to Article 2 of the Hague Convention, each contracting state must designate a "central authority" that will (i) receive requests for service from individuals in other contracting states and (ii) effect service in accordance with the Hague Convention. *Id.* Pakistan has designated the Ministry of Law, Justice, and Human Rights as its central authority. *See, e.g.,* "Pakistan Judicial Assistance," a publication of the U.S. Department of State Bureau of Consular Affairs (Exhibit 2).[1]

5.  On May 17, 2006, Plaintiffs, through counsel, sent a request to the Solicitor of the Ministry of Law, Justice, and Human Rights, requesting that service be completed on Rahim, Khalil, Mansoor and Al-Turk, pursuant to the Hague Convention. *See* 5/17/06 Letter from Liu to Solicitor (Exhibit 3). Copies of all required documents, including summonses (in English and Arabic) and the amended complaint, accompanied the request.

---

[1] *Available at* http://travel.state.gov/law/info/judicial/judicial_2852.html.

6. In accordance with Article 5 of the Hague Convention, the Solicitor of the Ministry of Law, Justice, and Human Rights delivered the proper summonses and copies of the amended complaint to Rahim, Khalil, Mansoor and Al-Turk. *See* Certificates (Exhibit 4). This process was completed on July 1, 2006, when delivery was made, in person, to Rahim, Khalil, Mansoor and Al-Turk. *Id.*

7. In accordance with Article 6 of the Hague Convention, the Deputy Solicitor, Mr. Muhammad Kahn, completed Certificates to indicate that service upon Rahim, Khalil, Mansoor and Al-Turk had been completed in accordance with the proper procedures. *Id.*

Respectfully submitted,

Stuart H. Newberger, D.C. Bar No. 294793
Wilma A. Lewis, D.C. Bar No. 358637
Michael L. Martinez, D.C. Bar No. 347310
Andy Liu, D.C. Bar No. 454986
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500 telephone
(202) 628-5116 facsimile

Counsel for Plaintiffs

August 4, 2006

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 4th day of August 2006, a true and correct copy of the foregoing was filed via the Court's Electronic Filing/Case Management System. In addition, I hereby certify that a copy of the foregoing was sent via first-class mail, postage prepaid, this 4th day of August, 2006, to Defendants Safarini, Qadhafi, Senoussi, Rahim, Ar-Rahayyal, Al-Munawar, and Al-Turk, and counsel Sheikh at the following addresses:

Zaid Hassan Abd Latif Safarini
USP Florence ADMAX
U.S. Penitentiary
P.O. Box 8500
5880 Highway 67 South
Florence, CO  81226

Muammar Qadhafi
Libyan External Security Organization
Ministry of Foreign Affairs
Tripoli, Libya

Abdallah Senoussi
Libyan External Security Organization
Ministry of Foreign Affairs
Tripoli, Libya

M. Saleem Sheikh
Advocate of Supreme Court of Pakistan
Law Chamber No 2 Block D
District Courts
Rawalpindi 46000
Pakistan

Jamal Saeed Abdul Rahim
Adiala Jail
Rawalpindi, Pakistan

Muhammad Abdullah Khalil Hussain Ar-Rahayyal
Adiala Jail
Rawalpindi, Pakistan

Muhammad Ahmed Al-Munawar
Adiala Jail
Rawalpindi, Pakistan

Wadoud Muhammad Hafiz Al-Turk
Adiala Jail
Rawalpindi, Pakistan

Peter J. Eyre

# EXHIBIT 1

Go to the Service Section

(In the relations between the Contracting States, this Convention replaces the first chapter of the Convention on civil procedure of 1 March 1954)

CONVENTION ON THE SERVICE ABROAD
OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS
IN CIVIL OR COMMERCIAL MATTERS

*(Concluded 15 November 1965)*
*(Entered into force 10 February 1969)*

The States signatory to the present Convention,
Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,
Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,
Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

*Article 1*
The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.
This Convention shall not apply where the address of the person to be served with the document is not known.

CHAPTER I – JUDICIAL DOCUMENTS
*Article 2*
Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.
Each State shall organise the Central Authority in conformity with its own law.

*Article 3*
The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.
The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

*Article 4*
If the Central Authority considers that the request does not comply with the provisions of the present Convention

it shall promptly inform the applicant and specify its objections to the request.

*Article 5*
The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –
*a)* by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
*b)* by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.
Subject to sub-paragraph *(b)* of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.
If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.
That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

*Article 6*
The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.
The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.
The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.
The certificate shall be forwarded directly to the applicant.

*Article 7*
The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.
The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

*Article 8*
Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.
Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

*Article 9*
Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose.
Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

*Article 10*
Provided the State of destination does not object, the present Convention shall not interfere with –
*a)* the freedom to send judicial documents, by postal channels, directly to persons abroad,
*b)* the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of

judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

*c)* the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

*Article 11*

The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.

*Article 12*

The service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.

The applicant shall pay or reimburse the costs occasioned by-

*a)* the employment of a judicial officer or of a person competent under the law of the State of destination,

*b)* the use of a particular method of service.

*Article 13*

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.

It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.

The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

*Article 14*

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

*Article 15*

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –

*a)* the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

*b)* the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,

and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled-

*a)* the document was transmitted by one of the methods provided for in this Convention,

*b)* a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

*c)* no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

*Article 16*
When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –
*a)* the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and
*b)* the defendant has disclosed a *prima facie* defence to the action on the merits.
An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.
Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.
This Article shall not apply to judgments concerning status or capacity of persons.

## CHAPTER II – EXTRAJUDICIAL DOCUMENTS
*Article 17*
Extrajudicial documents emanating from authorities and judicial officers of a Contracting State may be transmitted for the purpose of service in another Contracting State by the methods and under the provisions of the present Convention.

## CHAPTER III – GENERAL CLAUSES
*Article 18*
Each Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.
The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.
Federal States shall be free to designate more than one Central Authority.

*Article 19*
To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

*Article 20*
The present Convention shall not prevent an agreement between any two or more Contracting States to dispense with –
*a)* the necessity for duplicate copies of transmitted documents as required by the second paragraph of Article 3,
*b)* the language requirements of the third paragraph of Article 5 and Article 7,
*c)* the provisions of the fourth paragraph of Article 5,
*d)* the provisions of the second paragraph of Article 12.

*Article 21*
Each Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following –
*a)* the designation of authorities, pursuant to Articles 2 and 18,
*b)* the designation of the authority competent to complete the certificate pursuant to Article 6,
*c)* the designation of the authority competent to receive documents transmitted by consular channels, pursuant to Article 9.

Each Contracting State shall similarly inform the Ministry, where appropriate, of –
a) opposition to the use of methods of transmission pursuant to Articles 8 and 10,
b) declarations pursuant to the second paragraph of Article 15 and the third paragraph of Article 16,
c) all modifications of the above designations, oppositions and declarations.

*Article 22*
Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905, and on 1st March 1954, this Convention shall replace as between them Articles 1 to 7 of the earlier Conventions.

*Article 23*
The present Convention shall not affect the application of Article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of Article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.
These Articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.

*Article 24*
Supplementary agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.

*Article 25*
Without prejudice to the provisions of Articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the Contracting States are, or shall become, Parties.

*Article 26*
The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.
It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

*Article 27*
The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 26.
The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

*Article 28*
Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.
The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.
In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

*Article 29*

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.

At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands. The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.

*Article 30*

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 27, even for States which have ratified it or acceded to it subsequently.

If there has been no denunciation, it shall be renewed tacitly every five years.

Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.

It may be limited to certain of the territories to which the Convention applies.

The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

*Article 31*

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 26, and to the States which have acceded in accordance with Article 28, of the following –

*a)* the signatures and ratifications referred to in Article 26;

*b)* the date on which the present Convention enters into force in accordance with the first paragraph of Article 27;

*c)* the accessions referred to in Article 28 and the dates on which they take effect;

*d)* the extensions referred to in Article 29 and the dates on which they take effect;

*e)* the designations, oppositions and declarations referred to in Article 21;

*f)* the denunciations referred to in the third paragraph of Article 30.

In witness whereof the undersigned, being duly authorised thereto, have signed the present Convention.

Done at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic channel, to each of the States represented at the Tenth Session of the Hague Conference on Private International Law.

N.B. On 25 October 1980 the Fourteenth Session adopted a Recommendation *on information to accompany judicial and extrajudicial documents to be sent or served abroad in civil or commercial matters (Actes et documents de la Quatorzième session (1980)*, Tome I, *Matières diverses*, p. I-67; *idem*, Tome IV, *Entraide judiciaire*, p. 339; *Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters).*

ANNEX TO THE CONVENTION

<u>Active Model Forms</u> (Request, Certificate, Summary)

**14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters**

Entry into force: 10–II–1969

## Member States of the Organisation

| States | S [1] | R/A [2] | Type [3] | EIF [4] | Ext [5] | Auth [6] | Res/D/N [7] |
|---|---|---|---|---|---|---|---|
| Argentina | | 2–II–2001 | A | 1–XII–2001 | | 1 | Res,D 5,10,15,16 |
| Belarus | | 6–VI–1997 | A | 1–II–1998 | | 1 | |
| Belgium | 21–I–1966 | 19–XI–1970 | R | 18–I–1971 | | 2 | D 8,15,16 |
| Bulgaria | | 23–XI–1999 | A | 1–VIII–2000 | | 3 | D 5,8,10,15,16 |
| Canada | | 26–IX–1988 | A | 1–V–1989 | | 4 | D 5,8,10,11,12,15,16,2 |
| China, People's Republic of | | 6–V–1991 | A | 1–I–1992 | | 8 | D,N 5,8,10,15,16 |
| Croatia | | 28–II–2006 | A | 1–XI–2006 | | 3 | Res,D 5,6,8,9,10,15,16 |
| Cyprus | | 26–X–1982 | A | 1–VI–1983 | | 4 | D 8,10,15,16 |
| Czech Republic | | 23–IX–1981 | Su | 1–VI–1982 | | 2 | Res,D 8,10,15,29 |
| Denmark | 7–I–1969 | 2–VIII–1969 | R | 1–X–1969 | | 3 | D 10,15,16 |
| Egypt | 1–III–1966 | 12–XII–1968 | R | 10–II–1969 | | 1 | Res 8,10 |
| Estonia | | 2–II–1996 | A | 1–X–1996 | | 1 | D 10,15,16 |
| Finland | 15–XI–1965 | 11–IX–1969 | R | 10–XI–1969 | | 2 | D 2,9,10 |
| France | 12–I–1967 | 3–VII–1972 | R | 1–IX–1972 | 1 | 3 | D 8,15,16 |
| Germany | 15–XI–1965 | 27–IV–1979 | R | 26–VI–1979 | | 3 | D 5,8,10,15,16 |
| Greece | 20–VII–1983 | 20–VII–1983 | R | 18–IX–1983 | | 1 | D 8,10,15 |
| Hungary | | 13–VII–2004 | A | 1–IV–2005 | | 3 | D 2,5,6,8,9,10,15,16 |
| Ireland | 20–X–1989 | 5–IV–1994 | R | 4–VI–1994 | | 3 | Res,D 10,15 |
| Israel | 25–XI–1965 | 14–VIII–1972 | R | 13–X–1972 | | 2 | Res,D 10,16 |
| Italy | 25–I–1979 | 25–XI–1981 | R | 24–I–1982 | | 3 | D 5,12 |
| Japan | 12–III–1970 | 28–V–1970 | R | 27–VII–1970 | | 3 | D 10,15 |
| | | 13–I–2000 | A | 1–VIII–2000 | | | Res,D |

| Korea, Republic of | | | | | | 2 | 8,10,15... |
|---|---|---|---|---|---|---|---|
| Latvia | | 28-III-1995 | A | 1-XI-1995 | | 1 | |
| Lithuania | | 2-VIII-2000 | A | 1-VI-2001 | | 1 | Res,D 8,10,15,16 |
| Luxembourg | 27-X-1971 | 9-VII-1975 | R | 7-IX-1975 | | 1 | Res,D 5,8,15,16 |
| Mexico | | 2-XI-1999 | A | 1-VI-2000 | | 1 | D 5,6,8,10,12,15,16 |
| Netherlands | 15-XI-1965 | 3-XI-1975 | R | 2-I-1976 | 1 | 4 | D 15,16 |
| Norway | 15-X-1968 | 2-VIII-1969 | R | 1-X-1969 | | 3 | Res,D 8,10,15,16 |
| Poland | | 13-II-1996 | A | 1-IX-1996 | | 4 | Res 8,10 |
| Portugal | 5-VII-1971 | 27-XII-1973 | R | 25-II-1974 | | 2 | D 8,15,16 |
| Romania | | 21-VIII-2003 | A | 1-IV-2004 | | 2 | D 8,16 |
| Russian Federation | | 1-V-2001 | A | 1-XII-2001 | | 4 | Res,D 2,3,5,6,8,9,10,12,15 |
| Slovakia | | 23-IX-1981 | Su | 1-VI-1982 | | 3 | D 8,10,15,29 |
| Slovenia | | 18-IX-2000 | A | 1-VI-2001 | | 1 | |
| Spain | 21-X-1976 | 4-VI-1987 | R | 3-VIII-1987 | | 1 | D 15,16 |
| Sri Lanka | | 31-VIII-2000 | A | 1-VI-2001 | | 3 | D 7,8,10,15 |
| Sweden | 4-II-1969 | 2-VIII-1969 | R | 1-X-1969 | | 2 | D 5,10 |
| Switzerland | 21-V-1985 | 2-XI-1994 | R | 1-I-1995 | | 3 | Res,D 1,5,8,10,15 |
| Turkey | 11-VI-1968 | 28-II-1972 | R | 28-IV-1972 | | 3 | Res,D 8,10,15,16 |
| Ukraine | | 1-II-2001 | A | 1-XII-2001 | | 3 | Res,D 8,10,15,16 |
| United Kingdom of Great Britain and Northern Ireland | 10-XII-1965 | 17-XI-1967 | R | 10-II-1969 | 14 | 4 | D 2,5,10,15,16,18 |
| United States of America | 15-XI-1965 | 24-VIII-1967 | R | 10-II-1969 | 1 | 1 | D 2,15,16,29 |
| Venezuela | | 29-X-1993 | A | 1-VII-1994 | | 1 | Res,D 5,8,10,1516 |

## Type

### Croatia Type [A]

According to Article 28, second paragraph, the Convention will enter into force for Croatia in the absence of any objection from a State which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands within a period of six months after the date on which the said Ministry had notified

it of such accession.

For practical reasons this six months' period will in this case run from 1 April 2006 to 1 October 2006.

## Czech Republic Type [Su]

On 28 January 1993, the Czech Republic declared itself to be bound by the Convention – including reservations and declarations made by Czechoslovakia – as of January 1, 1993, date of the division of Czechoslavakia.

## France Type [R]

*Translation by the Permanent Bureau:*
France has declared that, in the absence of a declaration to the contrary, the Service Convention applies to the entire territory of the French Republic (see in this respect the Circular from the French Ministry of Justice dated 1 February 2006, which is accessible at the following address: http://www.entraide-civile-internationale.justice.gouv.fr). Consequently, besides Metropolitan France and the Overseas Departments (French Guyana, Guadeloupe, Reunion, Martinique), the Convention applies to all of the other French overseas territories.

## Slovakia Type [Su]

On 15 March 1993, the Slovak Republic declared itself to be bound by the Convention – including reservations and declarations made by Czechoslovakia as well as objections by Czechoslovakia in respect of reservations made by other treaty parties – as of January 1, 1993, date of the division of Czechoslovakia.

## United States of America Type [R]

(Ratification for all the states of the United States, the District of Columbia, Guam, Puerto Rico and the Virgin Islands)

---

Res/D/N

## Argentina: Reservations Declarations
*Articles [5,10,15,16]*

Argentina made the following declarations:

"...
1– To Article 5, third paragraph: "The ARGENTINE REPUBLIC shall not accept documents to be served or transmitted unless they are accompanied by a translation into the Spanish language."
2– To Article 21, first paragraph, a): "The Argentine Government designates the Ministry of Foreign Affairs, International Trade and Worship as the Central Authority."
3– To Article 21, second paragraph, a): "The ARGENTINE REPUBLIC opposes to the use of methods of transmission pursuant to Article 10."
4– To Article 21, second paragraph b): "The Argentine Government accepts declarations pursuant to second paragraph of Article 15 and third paragraph of Article 16."
5– The ARGENTINE REPUBLIC rejects the claimed extension of application of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, adopted at The Hague on November 14, 1965, to the Malvinas, South Georgias and South Sandwich Islands as notified on May 20, 1970 by the UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND to the KINGDOM OF THE NETHERLANDS as Depositary of the Convention under the "Falkland Islands and dependencies" inaccurate denomination. Therefore, the ARGENTINE REPUBLIC similarly rejects the designation of the "Registrar of the Supreme Court" in the Malvinas Islands as application authority of this Convention which was made on that same opportunity, as well as any other act derived or that may be derived from this

claimed territorial extension.

The General Assembly of the United Nations has recognized the existence of a dispute on the Malvinas, South Georgias and South Sandwich Islands sovereignty and has urged the ARGENTINE REPUBLIC and the UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND to hold negotiations in order to find, as soon as possible, a peaceful and definite solution to such dispute, with United Nations Secretary General's good offices mediation, who shall inform the General Assembly about the progress made (Resolutions 2065 (XX), 3160 (XXVIII), 31/49, 37/9, 38/12, 39/6, 40/21, 41/40, 42/19 and 43/25). The Special Committee on Decolonization having equally declared, has annually adopted a resolution which proclaims that to put and end to this colonial situation the negotiations must be resumed in order to peacefully and definitely solve this sovereignty dispute. The last of these resolutions was adopted on July 1, 1999. The ARGENTINE REPUBLIC reaffirms its sovereignty on the Malvinas, South Georgias and South Sandwich Islands and its maritime surrounding areas which are an integral part of its national territory."

## Belgium: Declarations
*Articles [8,15,16]*

(...)
3. Le Gouvernement belge s'oppose à l'usage sur le territoire belge de la faculté prévue à l'article 8, alinéa premier;
4. Le Gouvernement belge déclare se prévaloir de la disposition contenue dans l'article 15, alinéa 2;
5. Conformément à l'article 16, alinéa 3, le Gouvernement belge déclare que les demandes visées à l'article 16, alinéa 2, sont irrecevables si elles sont formées après l'expiration d'un délai d'un an à compter du prononcé de la décision;
6. Le Gouvernement belge croit devoir attirer l'attention sur le fait que toute demande de signification ou de notification fait en application de l'article 5, alinéa premier, lettres a) ou b), donne lieu à l'intervention d'un huissier de justice et que les frais qui en résultent doivent être remboursés conformément à l'article 12 de la Convention.

## Bulgaria: Declarations
*Articles [5,8,10,15,16]*

Declaration on Article 5, paragraph 3
The Republic of Bulgaria requires the document, which is to be served, to be written in or accompanied by a translation into the Bulgarian language.

Declaration on Article 8, paragraph 2
The Republic of Bulgaria declares that within Bulgarian territory foreign diplomatic and consular agents may effect service of judicial and extrajudicial documents only upon nationals of the State which they represent.

Declaration on Article 10
The Republic of Bulgaria objects to the use of the channels of transmission for service mentioned in Article 10 of the Convention.

Declaration on Article 15, paragraph 2
The judge gives judgment provided that all certificates under Article 15, paragraph 2, are available.

Declaration on Article 16, paragraph 3
The Republic of Bulgaria will not accept applications for relief concerning judgments under paragraph 1 of this article after the expiration of one year following the date of the judgment.

## Canada: Declarations
*Articles [5,8,10,11,12,15,16,2]*

2. Methods of service employed by the Central Authority (Article 5)

In Canada, service will be effected according to the methods of service prescribed by the laws in force in each province and territory.

The normal procedure that will be used by Central Authorities in Canada is personal service made by a sheriff or deputy sheriff or a *huissier* in Quebec, on an individual or on a corporation by handing a copy of the document to the defendant in person, wherever he may be, or to the President, Chairman or other Chief Officer of a corporation at the place of business. Service may also be effected by leaving a copy of the document with a person of a reasonable age at the defendant's domicile or residence.

Where service is made on a corporation, provincial laws usually provide for service on a director or senior officer of the corporation or, in some cases, on a registered agent or on a responsible person at the registered office of the corporation.

## 2.2 Informal delivery (Article 5, paragraph 2)

The practice of informal delivery ("par simple remise") of judicial or extrajudicial documents is not known in Canada.

## 2.3 Service by a particular method (Article 5, paragraph 1, sub-paragraph *b*)

In Alberta, New Brunswick and Ontario, service will be made by certified mail at the option of the requesting party. In Ontario, the Central Authority will serve by any form of mail, at the option of the requesting party.

## 2.4 Translation requirements (Article 5, paragraph 3)

For both formal service and service by a particular method, translation requirements will depend on the province or territory concerned.

For Alberta, British Columbia, Newfoundland, Nova Scotia, Prince Edward Island, Saskatchewan, all documents must be written in or translated into English.

For Ontario, Manitoba, the Northwest Territories and Nunavut, all documents must be written in or translated into English or French.

For New Brunswick and the Yukon, all documents must be written in or translated into English or French. The Central Authority of New Brunswick or the Yukon may reserve the right to require documents to be translated into English or French depending on the language understood by the addressee.

For Quebec, translation will be required in all cases where the recipient does not understand the language in which the document is written. All documents which commence actions must be translated. Summary translation of all other documents is acceptable if the recipient agrees. Translation is to be done into the French language; however, the Quebec Central Authority may, upon request, allow a translation in English at the condition that the recipient understands this language.

## Costs (Article 12, paragraph 2, sub-paragraph *a*)

Costs for execution of service will be of $ 50.–Can.

## 3. Authority competent to complete the certificate of service (Article 6)

In addition to the Central Authorities, the sheriffs, deputy-sheriffs, sub-sheriffs, clerk of the court or his/her deputy for the judicial district (except in Manitoba where there are no judicial districts) in which the person is to be served or the *huissiers* (only in Quebec) are competent to complete the certificate of service.

## B. Forwarding of requests for service to the Central Authority of another Contracting State

Requests for service to Central Authorities of other States may be transmitted by:

– The Attorney General for Canada
– The Attorneys General or the Ministry of Attorney General or Minister of Justice of a province or a territory – as the case may be
– Clerks of the courts and their deputies for a judicial or a court district
– The members of the law societies of all provinces and territories
– The member of the Board of Notaries of the Province of Quebec (for non-litigious matters only)
– Local registrars
– The *huissiers* and sheriffs
– The prothonotaries and deputy prothonotaries
– The "Percepteur des pensions alimentaires" in Quebec.

I <u>Transmission through consular or diplomatic channels (Articles 8 and 9)</u>

A Acceptance

On accession, Canada has not declared that it objects to service by consular or diplomatic channels on its territory.

Receiving authority (Article 9, paragraph 1)

The Central Authorities in Canada designated in accordance with Articles 2 and 18 of the Convention are competent to receive requests for service transmitted by a foreign consul within Canada.

B Forwarding to the Contracting States

Canada does not object to service by consular channels of Canadian documents abroad providing that the recipient accepts this method of service.

II <u>Transmission through postal channels (Article 10, sub-paragraph *a*)</u>

A Acceptance

Canada does not object to service by postal channels.

B Forwarding to other Contracting States

Canadian law allows the use of postal channels to serve Canadian documents to persons abroad.

III <u>Service through judicial officers, notably "huissiers", etc. of the requested State (Article 10, sub-paragraphs *b*) and *c*)</u>

On accession, Canada has not declared to object to methods of service of Article 10, sub-paragraphs *b*) and *c*).

IV <u>Other direct channels (Article 11); special agreements (Articles 24 and 25)</u>

Canada is Party to bilateral conventions on civil procedure with the following States: [please click to download the list in PDF format]

GUARANTEES UNDER THE CONVENTION

Declarations made pursuant to Articles 15, paragraph 2, or 16, paragraph 3.

### 1. Stays of entry (Article 15, paragraph 2)

Canada declares that the judges may give judgment under the conditions stated in Article 15 of the Convention.

### 2. Relief from expiration of the period of time for appeal (Article 16, paragraph 3)

Canada declares that an application filed under Article 16 of the Convention will not be entertained if it is filed after the expiration of one year following the date of the judgment, except in exceptional cases determined by the rules of the Court seized of the matter."

## China, People's Republic of: Declarations Notifications
*Articles [5,8,10,15,16]*

### People's Republic of China

(Courtesy translation)
"(...) 2. to declare according to the second paragraph of Article 8 that the means of service stipulated in the first paragraph of that Article may be used within the territory of the People's Republic of China only when the document is to be served upon a national of the State in which the documents originate.
3. to oppose the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention.
4. to declare in accordance with the second paragraph of Article 15 of the Convention that if all the conditions provided in that paragraph are fulfilled, the judge, notwithstanding the provisions of the first paragraph of that Article, may give judgment even if no certificate of service or delivery has been received.
5. to declare in accordance with the third paragraph of Article 16 of the Convention that the application for relief from the effects of the expiration of the time for appeal shall not be entertained except that it is filed within one year following the date of the judgment."

--------------------

### Special Administrative Region of Hong Kong (entry into force: 19 July 1970)

The Convention had been extended to Hong Kong by the United Kingdom by Note dated 20 May 1970 (entry into force for Hong Kong: 19 July 1970), with the following declarations:

"*(a)* In accordance with Article 18 of the Convention the Colonial Secretary of Hong Kong* is designated as the Authority competent to receive requests for service in accordance with Article 2 of the Convention.

* "The Colonial Secretary of Hong Kong" has been re-designated as "the Chief Secretary of Hong Kong" (May 1984).

*(b)* The authority competent under Article 6 of the Convention to complete the Certificate of Service is the Registrar of the Supreme Court of Hong Kong.

*(c)* In accordance with the provisions of Article 9 of the Convention the Registrar of the Supreme Court of Hong Kong is designated as the receiver of process sent through consular channels.

*(d)* With reference to the provisions of paragraphs *(b)* and *(c)* of Article 10 of the Convention,

documents sent for service through official channels will be accepted in Hong Kong only by the central or additional authority and only from judicial, consular or diplomatic officers of other Contracting States.

*(e)* The acceptance by the United Kingdom of the provisions of the second paragraph of Article 15 of the Convention shall equally apply to Hong Kong.

The authorities designated above will require all documents forwarded to them for service under the provisions of the Convention to be in duplicate and, pursuant to the third paragraph of Article 5 of the Convention, will require the documents to be written in, or translated into, the English language."

The Ministry of Foreign Affairs of the Kingdom of the Netherlands, depositary of the Convention, gave notice that on 16 June 1997 the Minister for Foreign Affairs of the Kingdom of the Netherlands received a Note dated 11 June 1997 from the Ambassador of the United Kingdom of Great Britain and Northern Ireland at The Hague and a Note dated 10 June 1997 from the Ambassador of the People's Republic of China at The Hague concerning Hong Kong.

The Note from the Ambassador of the United Kingdom of Great Britain and Northern Ireland reads as follows:

"Your Excellency,
I am instructed by Her Britannic Majesty's Principal Secretary of State for Foreign and Commonwealth Affairs to refer to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters done at The Hague on 15 November 1965 (hereinafter referred to as the Convention) which applies to Hong Kong at present.
I am also instructed to state that, in accordance with the Joint Declaration of the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the People's Republic of China on the Question of Hong Kong signed on 19 December 1984, the Government of the United Kingdom will restore Hong Kong to the People's Republic of China with effect from 1 July 1997. The Government of the United Kingdom will continue to have international responsibility for Hong Kong until that date. Therefore, from that date the Government of the United Kingdom will cease to be responsible for the international rights and obligations arising from the application of the Convention to Hong Kong.
I should be grateful if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention. (...)
(signed Rosemary Spencer)

The Note from the Ambassador of the People's Republic of China reads as follows:

(Translation)
"Your Excellency,
In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the United Kingdom of Great Britain and Northern Ireland on the Question of Hong Kong signed on 19 December 1984, the People's Republic of China will resume the exercise of sovereignty over Hong Kong with effect from 1 July 1997. Hong Kong will, with effect from that date, become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.
In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to make the following notification:
The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial

Matters done on 15 November 1965 (hereinafter referred to as the "Convention"), by which the Government of the Kingdom of the Netherlands is designated as the depositary, to which the Government of the People's Republic of China deposited its instrument of accession on 3 May 1991, will apply to the Hong Kong Special Administrative Region with effect from 1 July 1997.

(...)

The Government of the People's Republic of China will assume responsibility for the international rights and obligations arising from the application of the Convention to the Hong Kong Special Administrative Region.

It would be appreciated if the contents of this Note could be placed formally on record and brought to the attention of the other Parties to the Convention. (...)

(signed Zhu Manli, Ambassador Extraordinary and Plenipotentiary of the People's Republic of China to the Kingdom of the Netherlands)".


Declarations (articles 8 and 10):


1. In accordance with paragraph 2 of Article 8 of the Convention, it declares that the means of service referred to in paragraph 1 of this article may be used within the Hong Kong Special Administrative Region only when the document is to be served upon a national of the State in which the document originates.

2. (...)

3. (...)

4. With reference to the provisions of sub-paragraphs b and c of Article 10 of the Convention, documents for service through official channels will be accepted in the Hong Kong Special Administrative Region only by the Central Authority or other authority designated, and only from judicial, consular or diplomatic officers of other Contracting States.


--------------------


**Special Administrative Region of Macao (entry into force: 12 April 1999)**

By a Note dated 9 February 1999, Portugal had extended the Convention to *Macao*.

On 7 October 1999, Portugal communicated the following to the depositary:

"1. In accordance with Article 18 of the Convention, the Ministério Público de Macao is designated as the competent authority in Macao to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.

The address of the Ministério Público de Macao is as follows:
     Ministério Público de Macao
     Praceta 25 de Abril
     Macao
     Phone: 326736
     Fax: 326747


2. Court clerks (escrivães de direito) and deputy court clerks (escrivães adjuntos) from the Supreme Court of Justice (Tribunal Superior de Justiça) of Macao are entitled to complete in Macao the certificate provided for [in] Articles 6 and 9 of the Convention.

3. In accordance with the provisions of the second paragraph of Article 8 of the Convention, Portugal reiterates that it recognizes to the diplomatic or consular agents the right to forward documents, for the purpose of service, exclusively to the nationals of the State in which the

documents originate.

4. The Ministério Público de Macao is also designated as the competent authority in Macao to receive documents forwarded through consular channels, in accordance with Article 9 of the Convention.

5. Portugal declares that the judges of the courts of Macao, notwithstanding the provisions of the first paragraph of Article 15 of the Convention, may give judgment on whether the conditions referred to in the second paragraph of the same article are fulfilled.

6. In accordance with the third paragraph of Article 16 of the Convention, Portugal declares that the applications referred to in the second paragraph of Article 16 will not be entertained if they are filed after the expiration of one year following the date of the judgment."

The Ambassador of Portugal at The Hague informed the Minister for Foreign Affairs of the Kingdom of the Netherlands by letter of 26 November 1999 of the following:

"Upon instructions from my Government and referring to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters concluded at The Hague on 15 November 1965 (hereinafter referred to as the Convention) which currently applies to Macao, I have the honour to inform Your Excellency of the following:
In accordance with the Joint Declaration of the Government of the Portuguese Republic and of the Government of the People's Republic of China on the question of Macao, signed in Beijing on 13 April 1987, the Government of the Portuguese Republic will remain internationally responsible for Macao until 19 December 1999, the People's Republic of China resuming from that date the exercise of sovereignty over Macao, with effect from 20 December 1999.
From 20 December 1999 the Portuguese Republic will cease to be responsible for the international rights and obligations arising from the application of the Convention in Macao. (...)"

The Ambassador of the People's Republic of China at The Hague informed the Minister for Foreign Affairs by letter of 10 December 1999 of the following:

(Translation)
" In accordance with the Joint Declaration of the Government of the People's Republic of China and the Government of the Republic of Portugal on the Question of Macao signed on 13 April 1987, the Government of the People's Republic of China will resume the exercise of sovereignty over Macao with effect from 20 December 1999. Macao will from that date become a Special Administrative Region of the People's Republic of China and will enjoy a high degree of autonomy, except in foreign and defence affairs which are the responsibilities of the Central People's Government of the People's Republic of China.
In this connection, I am instructed by the Minister of Foreign Affairs of the People's Republic of China to inform Your Excellency of the following:
The Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, concluded at The Hague on 15 November 1965 (hereinafter referred to as the Convention), to which the Government of the People's Republic of China deposited the instrument of accession on 3 May 1991, shall apply to the Macao Special Administrative Region with effect from 20 December 1999.
(...)
The Government of the People's Republic of China shall assume the responsibility for the international rights and obligations arising from the application of the Convention to the Macao Special Administrative Region. (...)".

Declarations (Articles 5, 8, 15 and 16)

2. In accordance with the second paragraph of Article 8 of the Convention, it declares that the means of service stipulated in the first paragraph of that article may be used within the Macao Special Administrative Region only when the document is to be served upon a national of the State in which the document originates.

3. In accordance with the second paragraph of Article 15 of the Convention, it declares that if all the conditions provided in that paragraph are fulfilled, the judge of the Macao Special Administrative Region, notwithstanding the provisions of the first paragraph of that article, may give judgment even if no certificate of service or delivery has been received.

4. In accordance with the third paragraph of Article 16 of the Convention, it declares that in the Macao Special Administrative Region, the application for relief from the effects of the expiration of the time for appeal shall not be entertained except that it is filed within one year following the date of the judgment.

Furthermore, the Government of the People's Republic of China made the following supplementary declaration:

"In accordance with paragraph 3 of Article 5 of the Convention, it declares that documents to be served in the Macao Special Administrative Region under the first paragraph of Article 5 shall be written in either Chinese or Portuguese, or be accompanied by a translation in either Chinese or Portuguese".

## Croatia: Reservations Declarations
*Articles [5,6,8,9,10,15,16]*

Declaration in accordance with Article 5 of the Convention:
The Republic of Croatia declares that documents served pursuant to Article 5, paragraph 1, should be accompanied by a translation into the Croatian language.

Declaration in accordance with Article 6 of the Convention:
The Republic of Croatia declares that municipal courts according to residence, abode, and headquarters of the addressee of documents are competent for the completion of the certificate of reception of documents.

Declaration in accordance with Article 8 of the Convention:
The Republic of Croatia declares that is opposed to direct service of judicial documents upon persons within its territory through foreign diplomatic or consular agents, unless the document is to be served upon a national of the State in which the document originate.

Declaration in accordance with Article 9 of the Convention:
The Republic of Croatia declares that the documents served in accordance with Article 9 of the Convention are forwarded to the Ministry of Justice of the Republic of Croatia for the purpose of service to parties.

Declaration in accordance with Article 10 of the Convention:
The Republic of Croatia declares that it is opposed to the mode of service specified in Article 10 of the Convention.

Declaration in accordance with Article 15 of the Convention:
The Republic of Croatia declares that Croatian courts may give a judgement if all the conditions set out in paragraph 2 of Article 15 of the Convention are fulfilled.

Declaration in accordance with Article 16 of the Convention:
The Republic of Croatia declares that applications for relief set out in Article 16 of the Convention will not be entertained if they are filed after the expiration of a period of one year following the date on which the judgement was given.

By Note dated 5 January 1984 the Government of Cyprus made the following declarations:

"(...)
(d) Articles 8 and 10
No opposition to the methods of transmission of documents provided by these articles.

(e) Article 15
Declaration that judgment may be given if all conditions laid down in paragraph 2 are fulfilled.

(f) Article 16
Declaration pursuant to paragraph 3 that the application will not be entertained if it is filed after the expiration of one year from the date of the judgment.

(...)

## Czech Republic: Reservations Declarations
Articles [8,10,15,29]

Declarations made by the former Czechoslovakia:

(Translation)
– in accordance with Article 8 of the Convention, within the territory of the Socialist Republic of Czechoslovakia judicial documents may not be served directly through the diplomatic or consular agents of another Contracting State unless the document is to be served upon a national of the State in which the documents originate;
– in accordance with Article 10 of the Convention, within the territory of the Socialist Republic of Czechoslovakia judicial documents may not be served by another Contracting State through postal channels nor through the judicial officers, officials or other competent persons;
– in accordance with Article 15, paragraph 2, of the Convention, Czechoslovakian judges may give judgment even if the conditions pursuant to Article 15, paragraph 1, have not been fulfilled;
– the provisions of Article 29 of the Convention concerning the extension of the Convention to territories for the international relations of which the Contracting States are responsible are at variance with the Declaration of the United Nations General Assembly on the Granting of Independence to Colonial Countries and Peoples of 14 December 1960, and for this reason the Socialist Republic of Czechoslovakia does not consider itself to be bound by these provisions.

By Note dated 31 March 1982 and received at the Ministry of Foreign Affairs on 1 April 1982, the Embassy of the Czechoslovak Socialist Republic communicated the following with regard to the above–cited declaration concerning Article 29 of the Convention:

"This declaration cannot be considered a reserve in view of the fact that it does not follow other purposes than a similar declaration made at the ratification of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, though a different formulation was used.
By this declaration the Czechoslovak Socialist Republic expresses its disagreement of principle with the status of colonies and other dependent territories which is in contradiction with the Declaration of the United Nations General Assembly on the Granting of Independence to Colonial Countries and Peoples of December 14, 1960. The Czechoslovak Socialist Republic, however, has no intention to exclude the application of the Convention on the relations with the territories on which the use of the Convention has been extended in accordance with its Art. 29."

## Denmark: Declarations

(Translation)
(...)
re Art. 10
Denmark is unable to recognize the method of effecting service set out in Art. 10, para. c.

re Art. 15
Denmark avails itself of the power, provided for in Art. 15, second paragraph, to declare that the judge may give judgment in a matter even if the provisions of Art. 15, first paragraph, are not fulfilled.

re Art. 16
Denmark avails itself of the power, provided for in Art. 16, third paragraph, to declare that an application will not be entertained if it is made after the expiration of a period of one year following the date of judgment.

The question of the re-hearing of a matter in which a person has been judged by default shall be decided in accordance with the rules of the code of procedure, Art. 373 and Art. 374, cf. Art. 434. According to these rules, any person against whom judgment is given by default in an action in first instance may apply for a re-hearing of the matter if he can prove that the default cannot be imputed to him. The application for a re-hearing should be filed as soon as possible and may not be submitted after the expiration of a period of one year following the date of judgment.

## Egypt: Reservations
*Articles [8,10]*

The Government of the United Arab Republic opposes the use of the methods of transmitting abroad the Judicial and Extra-Judicial Documents according to Articles 8 and 10 of the Convention.

## Estonia: Declarations
*Articles [10,15,16]*

1 The Republic of Estonia is against the way of forwarding referred to in point c of Article 10;
2 on the basis of Article 15 the judge may give judgement under the said conditions;
3 on the basis of paragraph 3 of Article 16 for a period of three years.

## Finland: Declarations
*Articles [2,9,10]*

"1. The Ministry of Justice has been designated Central Authority, pursuant to the first paragraph of Article 2 of the Convention.
2. The Central Authority (the Ministry of Justice) is acting as the authority presupposed in Art. 9 of the Convention.
3. Finnish authorities are not obliged to assist in serving documents transmitted by using any of the methods referred to in sub-paragraphs (b) and (c) of Art. 10 of the Convention."

*Additional information re translation requirements (Article 5)*
A translation is not required; however, if the addressee does not accept a document made out in a foreign language, service can only be effected if the document is translated into one of the official languages of Finland, i.e. Finnish or Swedish, or if the addressee must be deemed to understand the foreign language. Accordingly, f.ex. companies with international business relations must be deemed to understand English, German or French.

## France: Declarations
*Articles [8,15,16]*

4) Le Gouvernement de la République française déclare s'opposer, ainsi qu'il est prévu à l'article 8, à la notification directe, par les soins des agents diplomatiques et consulaires des Etats contractants, des actes destinés à des personnes qui ne sont pas ressortissantes de ces Etats.

5) Le Gouvernement de la République française déclare que les dispositions du deuxième alinéa de l'article 15 reçoivent son agrément.

Il déclare, en outre, en se référant à l'article 16, alinéa 3, que la demande tendant au relevé de la forclusion résultant de l'expiration des délais de recours ne sera plus recevable si elle est présentée plus de douze mois après le prononcé de la décision.

N.B. France has declared that, in the absence of a declaration to the contrary, the Service Convention applies to the entire territory of the French Republic (see in this respect the Circular from the French Ministry of Justice dated 1 February 2006, which is accessible at the following address: http://www.entraide-civile-internationale.justice.gouv.fr). Consequently, besides Metropolitan France and the Overseas Departments (French Guyana, Guadeloupe, Reunion, Martinique), the Convention applies to all of the other French overseas territories. *(Translation by the Permanent Bureau)*

## Germany: Declarations
*Articles [5,8,10,15,16]*

(...)

The Central Authorities are empowered to have requests for service complied with directly by postal channels if the conditions for service in accordance with paragraph 1 (a) of Article 5 of the Convention have been fulfilled. In that case the competent Central Authority will hand over the document to the postal authorities for service. In all other cases the local court (Amtsgericht) in whose district the documents are to be served shall be competent to comply with requests for service. Service shall be effected by the registry of the local court.

Formal service (paragraph 1 of Article 5 of the Convention) shall be permissible only if the document to be served is written in, or translated into, the German language.

2. The Central Authority shall complete the certificate (paragraph 1 and 2 of Article 6 of the Convention) if it has itself arranged for the request for service to be complied with directly by postal channels; in all other cases this shall be done by the registry of the local court.

3. (...)

4. In accordance with paragraph 2 (a) of Article 21 of the Convention, the Government of the Federal Republic of Germany objects to the use of methods of transmission pursuant to Articles 8 and 10. Service through diplomatic or consular agents (Article 8 of the Convention) is therefore only permissible if the document is to be served upon a national of the State sending the document. Service pursuant to Article 10 of the Convention shall not be effected."

By a Note dated 19 November 1992, the Federal Republic of Germany made the following declaration:

"1. Notwithstanding the provisions of the first paragraph of Article 15, a German judge may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled:

– the document was transmitted by one of the methods provided for in this Convention,
– a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
– no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through

2. An application for relief in accordance with Article 16 will not be entertained if it is filed after the expiration of one year following the termination of the time-limit which has not been observed."

## Greece: Declarations
*Articles [8,10,15]*

(Translation)
The judges of the Hellenic Republic may give judgment if all the conditions in Article 15, paragraph 2, letters (a), (b) and (c), of the Convention are fulfilled even if no certificate of service or delivery has been received.

Greece declares that formal service will be effected only if the document to be served is written in, or translated into, Greek.

Greece is opposed to the method of service provided in Article 8, unless the document to be served is addressed to a citizen of the requesting State.

Greece is opposed to the method of services provided in Article 10.

## Hungary: Declarations
*Articles [2,5,6,8,9,10,15,16]*

To Article 2
In the Republic of Hungary the Ministry of Justice is designated as the Central Authority in accordance with Article 2 of the Convention.

To Article 5
The service methods prescribed in Paragraph 1 of Article 5 of the Convention shall only be applied in the Republic of Hungary in case the document to be served is accompanied by an official translation into the Hungarian language.

To Article 6
The certificate of service prescribed in Article 6 of the Convention is completed in the Republic of Hungary by the court that has performed such service.

To Article 8
The Republic of Hungary objects to the direct service of documents by foreign diplomatic or consular agents on the territory of the Republic of Hungary unless the addressee is a national of the sending state of the diplomatic or consular agent.

To Article 9
In accordance with Article 9 of the Convention in the Republic of Hungary the Ministry of Justice receives the documents to be served sent through consular channels.

To Article 10
The Republic of Hungary objects to the use of the service methods prescribed in Article 10 of the Convention.

To Article 15
The Republic of Hungary declares that the Hungarian courts may give judgement if all the conditions set out in Paragraph 2 of Article 15 of the Convention are fulfilled.

The Republic of Hungary declares that applications for relief set out in Article 16 of the Convention will not be entertained if it is filed more than one year after the date of judgement.

## Ireland: Reservations Declarations
*Articles [10,15]*

Article 15
Pursuant to the second paragraph of Article 15 a Judge in Ireland may give judgment even if no certificate of service or delivery has been received, if the conditions set out in the second paragraph of Article 15 of the Convention are fulfilled.

Article 10
In accordance with the provision in Article 10 of the Convention the Government of Ireland objects to

(i) the freedom under Article 10(b) of judicial officers, officials or other competent persons of the State of origin to effect service in Ireland of judicial documents directly through judicial officers, officials or other competent persons and (ii) the freedom under Article 10(c) of any person interested in a judicial proceeding to effect service in Ireland of judicial documents directly through judicial officers, officials or other competent persons,

but this is not intended to preclude any person in another Contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in Ireland directly through a solicitor in Ireland.

## Israel: Reservations Declarations
*Articles [10,16]*

(...)
b) The State of Israel, in its quality as State of destination, will, in what concerns Article 10, paragraphs b) and c), of the Convention, effect the service of judicial documents only through the Directorate of Courts, and only where an application for such service emanates from a judicial authority or from the diplomatic or consular representation of a Contracting State;

c) An application to relieve a defendant from the effects of the expiration of the time of appeal from a judgment within the meaning of Article 16 of the Convention will be entertained only if filed within one year from the date of the judgment in question."

## Italy: Declarations
*Articles [5,12]*

(...)
d) the costs proceeding from each request for service in accordance with Article 5, first paragraph, under a and b, which requires the employment of a bailiff, have to be paid in advance in the amount of 6,000 lira, subject to adjustment at the time of return of the document served.

However, the costs in relation to the document served pursuant to Article 12, paragraph 2, of the Convention, can be paid after its return to the extent specifically fixed by the bailiff. The Italian State shall not require any advance or repayment of costs for service of documents requested by the Contracting States in so far as those States for their parts shall not require the payment or repayment of costs for documents originated from Italy.

## Japan: Declarations
*Articles [10,15]*

(4) It is declared that the Government of Japan objects to the use of the methods of service referred to in sub-paragraphs (b) and (c) of Article 10.

(5) It is declared that Japanese courts may give judgment if all the conditions specified in the second paragraph of Article 15 are fulfilled.

## Korea, Republic of: Reservations Declarations
*Articles [8,10,15]*

1. Pursuant to Article 8, the Republic of Korea objects to service of judicial documents directly through diplomatic or consular agents upon persons in its territory, unless the document is to be served upon a national of the State in which the documents originate.

2. Pursuant to Article 10, the Republic of Korea objects to the following:

a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officials or other competent persons of the State of destination.
c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

3. Pursuant to Article 15, paragraph 2, the judge of the Republic of Korea may give judgment even if no certificate of service or delivery has been received if all the following conditions are fulfilled:

a) the document was transmitted by one of the methods provided for in this Convention,
b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

## Lithuania: Reservations Declarations
*Articles [8,10,15,16]*

(...)
And whereas it is provided in Article 8 of the said Convention, the Republic of Lithuania declares that it opposes to the ways of service of documents provided in this Article, unless the documents are to be served upon a national of the State in which the documents originate; And whereas it is provided in Article 10 of the said Convention, the Republic of Lithuania declares that it is opposed to the ways of service of documents provided in this Article;
And whereas it is provided in paragraph 2 of Article 15 of the said Convention, the Republic of Lithuania declares that the judge of the Republic of Lithuania may give judgment even if no certificate of service or delivery has been received, if all conditions of paragraph 2 of Article 15 are fulfilled;
And whereas it is provided in paragraph 2 of Article 16 of the said Convention, the Republic of Lithuania declares that an application for relief will not be entertained if it is filed after the expiration of one year following the date of the final judgment; (...)

## Luxembourg: Reservations Declarations
*Articles [5,8,15,16]*

(...)
2. In accordance with Article 8, the Luxembourg Government is opposed to diplomatic and consular agents directly

serving within its territory judicial documents on persons other than nationals of their own country.

(3. In accordance with Article 10, the Luxembourg Government is opposed to judicial documents being sent through postal channels to persons residing within its territory *.

* Luxembourg communicated the withdrawal of this declaration by a Note dated 2 June 1978).

4. When foreign judicial documents are served, in connection with Articles 5 a) and 10 b) and c), through the intermediary of a Luxembourg official, they must be drawn up in French or German or accompanied by a translation into one of those languages.

5. The Luxembourg Government declares that notwithstanding the provisions of Article 15, para. 1, of the Convention, its judges can enter judgment if the conditions set out in para. 2 of the said Article are fulfilled.

6. In accordance with Article 16, para. 3, of the Convention, the Luxembourg Government declares that the applications referred to in para. 2 of the said Article will not be entertained if they are filed after the expiration of a period of one year following the date of the judgment.

## Mexico: Declarations
*Articles [5,6,8,10,12,15,16]*

(Courtesy translation)
(...)
II. In relation to Article 5, when the judicial and extrajudicial documents to be served in Mexican territory are written in a language other than Spanish, they must be accompanied by the corresponding translation.

III. In relation to Article 6, the judicial authority responsible of the matter will also be responsible for issuing the certificate concerning the service of the document, according to the model. The Central Authority will only validate the certificate.

IV. In relation to Article 8, the Contracting States shall not be able to effect service of judicial documents directly through its diplomatic or consular agencies in Mexican territory, unless the document is to be served upon a national of the State in which the documents originate and provided that such a procedure does not contravene public law or violate individual guarantees.

V. In relation to Article 10, the United Mexican States are opposed to the direct service of documents through diplomatic or consular agents to persons in Mexican territory according to the procedures described in sub-paragraphs a), b), and c), unless the judicial authority exceptionally grants the simplification different from the national regulations and provided that such a procedure does not contravene public law or violate individual guarantees. The request must contain the description of the formalities whose application is required to effect service of the document.

VI. In relation to the first paragraph of Article 12, the costs occasioned by serving judicial or extrajudicial documents will be covered by the applicant, unless the State in which the documents originate does not demand payment for those services from Mexico.

VII. In relation to Article 15, second paragraph, the Government of Mexico does not recognise the faculty of the judicial authority to give judgment when the defendant has not appeared and there is no communication establishing that the document was served, or that documents originating outside the country were indeed delivered, according to sub-paragraphs a) and b) of the first paragraph.

VIII. In relation to Article 16, third paragraph, the Government of Mexico declares that such an application will not be

admitted if it is filed later than a year following the date of the decision, or a longer period which the judge may deem reasonable.

The Government of Mexico will understand that, in cases in which sentence has been passed without the defendant having been duly summoned, the nullity of the proceedings will be established under the provisions of the applicable legislation.

(...) besides English and French, request forms addressed to the Mexican Central Authority should be filled in Spanish, according to Article 5 of the Convention.

## Netherlands: Declarations
*Articles [15,16]*

(...)
5. Notwithstanding the provisions of Article 15, paragraph 1, of the Convention, the Netherlands Court may give judgment, even if no certificate of service or delivery has been received, if all the following conditions are fulfilled:

a) the document was transmitted by one of the methods provided for in this Convention;
b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document;
c) no certificate, either of service or of delivery, has been received even though every reasonable effort has been made to obtain it through the competent authorities.

6. An application for relief from the effects of the expiration of the time for appeal as provided for in Article 16 is only admissible if it is submitted within a year, to be calculated from the date on which the judgment is given.

## Norway: Reservations Declarations
*Articles [8,10,15,16]*

(...)
4. The Government of Norway is opposed to the use of such methods of service or transmission of documents on its territory as mentioned in Articles 8 and 10 of the Convention.

5. Norwegian courts may give judgment when all the conditions specified in the second paragraph of Article 15 are fulfilled.

6. In accordance with the third paragraph of Article 16, application for relief according to Article 16 will not be entertained if they are delivered to the competent Norwegian authorities after the expiration of three years following the date of the judgment.

## Poland: Reservations
*Articles [8,10]*

(Translation)
The Republic of Poland has decided to join the Convention, declaring that it is opposed to the modes of service specified in Articles 8 and 10 within its territory.

## Portugal: Declarations
*Articles [8,15,16]*

(Translation)

(...)
In accordance with Article 8, paragraph 2, of the Convention, the Portuguese government grants diplomatic and consular agents the power to serve documents on their own nationals only.

The Portuguese Government declares that, notwithstanding the provisions of the first paragraph of Article 15 of the Convention, its judges may give judgment if the conditions listed in paragraph 2 of the said Article are fulfilled.

In accordance with Article 16, paragraph 3, of the Convention, the Portuguese Government states that the applications referred to in Article 16, paragraph 2, will not be considered if they are made after the expiration of a period of one year from the date of the judgment.

**Romania: Declarations**
*Articles [8,16]*

(...)
3. In accordance with Article 8, paragraph 2, of the Convention, Romania declares that the foreign diplomatic and consular agents can effect service of judicial or extrajudicial documents within the territory of Romania, exclusively upon nationals of the state they represent.

4. In accordance with Article 16, paragraph 3, of the Convention, Romania shall not entertain the application pursuant to Article 16, paragraph 2, if these are filed after the expiration of a period of one year following the date of the judgment."

**Russian Federation: Reservations Declarations**
*Articles [2,3,5,6,8,9,10,12,15]*

"In conformity with Article 21 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 15 November 1965 (hereinafter referred to as the Convention) the Russian Federation thus informs the Ministry of Foreign Affairs of the Kingdom of Netherlands of the following.

I. The Ministry of Justice of the Russian Federation is designated as the Central Authority for the purposes of Article 2 of the Convention, as well as the authority competent to receive documents transmitted by consular channels, pursuant to Article 9 of the Convention.

Address: "The Ministry of Justice of the Russian Federation
ul.Vorontsovo Pole, 4a
Moscow 109830, GSP, Gh–28 Russian Federation"
Telephone: (7095) 200–15–79
(7095) 209–61–79

II. The following authorities are competent to forward requests in accordance with Article 3 of the Convention:
– Federal courts (the Constitution Court of the Russian Federation; the Supreme Court of the Russian Federation; the supreme courts of Republics, the courts of Krai (Territory) and Oblast (Region), the courts of cities of federal importance (Moscow and St. Petersburg), the courts of Autonomous Oblast and Autonomous Okrug, regional courts, military and specialized courts, which form the system of federal courts of common jurisdiction; The Higher Arbitration Court of the Russian Federation, federal arbitration courts of Okrug (arbitration cassation courts), arbitration appellate courts, arbitration courts of the subjects of the Russian Federation, which form the system of federal arbitration courts), constitutional (charter) courts and Justices of the Peace of the subjects of the Russian Federation;
– Federal bodies of executive power and bodies of executive power of the subjects of the Russian Federation;
– The Procurator's Office of the Russian Federation;
– Civilian registry offices;

– Notaries and other officials authorised to perform notary functions;
– Guardianship and trusteeship bodies;
– Members of advocacy.

III. Pursuant to the third paragraph of Article 5 of the Convention documents to be served within the territory of the Russian Federation shall only be accepted if they have been written in, or translated into, the Russian language. Forms of the request for service, the certificate of service, and the document summary (with standard terms translated into Russian) are attached. Filling the blanks in Russian is most appreciated.

IV. It is highly desirable that documents intended for service upon the Russian Federation, the President of the Russian Federation, the Government of the Russian Federation, the Ministry of Foreign Affairs of the Russian Federation are transmitted through diplomatic channels, i.e. by Notes Verbales of diplomatic missions of foreign States accredited in the Russian Federation.

V. Pursuant to Article 8 of the Convention, diplomatic and consular agents of foreign States are not permitted to effect service of documents within the territory of the Russian Federation, unless the document is to be served upon a national of the State in which the documents originate.

VI. Service of documents by methods listed in Article 10 of the Convention is not permitted in the Russian Federation.

VII. Certificates of service provided for by Article 6 of the Convention are completed and countersigned by the courts of the Russian Federation which directly execute requests for service of documents.

VIII. The Russian Federation assumes that in accordance with Article 12 of the Convention the service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed. Collection of such costs (with the exception of those provided for by subparagraphs a) and b) of the second paragraph of Article 12) by any Contracting State shall be viewed by the Russian Federation as refusal to uphold the Convention in relation to the Russian Federation, and, consequently, the Russian Federation shall not apply the Convention in relation to this Contracting State.

IX. In accordance with the legislation of the Russian Federation the courts of the Russian Federation may give judgments pursuant to the second paragraph of Article 15 of the Convention."

**Slovakia: Declarations**
*Articles [8,10,15,29]*

Declarations made by the former Czechoslovakia:

(Translation)
– in accordance with Article 8 of the Convention, within the territory of the Socialist Republic of Czechoslovakia judicial documents may not be served directly through the diplomatic or consular agents of another Contracting State unless the document is to be served upon a national of the State in which the documents originate;

– in accordance with Article 10 of the Convention, within the territory of the Socialist Republic of Czechoslovakia judicial documents may not be served by another Contracting State through postal channels nor through the judicial officers, officials or other competent persons;

– in accordance with Article 15, paragraph 2, of the Convention, Czechoslovakian judges may give judgment even if the conditions pursuant to Article 15, paragraph 1, have not been fulfilled;

– the provisions of Article 29 of the Convention concerning the extension of the Convention to territories for the

international relations of which the Contracting States are responsible are at variance with the Declaration of the United Nations General Assembly on the Granting of Independence to Colonial Countries and Peoples of 14 December 1960, and for this reason the Socialist Republic of Czechoslovakia does not consider itself to be bound by these provisions.

By Note dated 31 March 1982 and received at the Ministry of Foreign Affairs on 1 April 1982, the Embassy of the Czechoslovak Socialist Republic communicated the following with regard to the above-cited declaration concerning Article 29 of the Convention:

"This declaration cannot be considered a reserve in view of the fact that it does not follow other purposes than a similar declaration made at the ratification of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, though a different formulation was used.

By this declaration the Czechoslovak Socialist Republic expresses its disagreement of principle with the status of colonies and other dependent territories which is in contradiction with the Declaration of the United Nations General Assembly on the Granting of Independence to Colonial Countries and Peoples of December 14, 1960. The Czechoslovak Socialist Republic, however, has no intention to exclude the application of the Convention on the relations with the territories on which the use of the Convention has been extended in accordance with its Art. 29.

**Spain: Declarations**
*Articles [15,16]*

1) El Estado español declara que sus Jueces, no obstante las disposiciones del párrafo 15, podrán proveer a pesar de no haber recibido notificación alguna acreditativa de la notificación o de la remisión de documentos si se dan los requisitos previstos en el citado artícula 15, párrafo 2.

2) El Estado español declara que el plazo de preclusión a que se refiere el artículo 16 es de dieciséis meses a computar desde la fecha de la resolución.

(Translation)
1) The Spanish State declares that its judges, notwithstanding the provisions of Article 15, may give judgment even if no certificate of service or delivery of documents has been received, if all the conditions enumerated in the said Article 15, paragraph 2, are fulfilled.

2) The Spanish State declares that the time of expiration, referred to in Article 16, is sixteen months from the date of the judgment.

**Sri Lanka: Declarations**
*Articles [7,8,10,15]*

(...)
c) For purposes of Article 7, the documents should be in the English language.
d) For purposes of Article 8, the service of judicial documents through diplomatic or consular channels should be limited only in respect of the nationals of the State in which the documents originate.
(...)
f) For purposes of Article 10, Sri Lanka has no objection to the procedure set out in paragraph (b) thereof. However it does not agree to the procedure set out in paragraphs (a) and (c).
g) In terms of Article 15, Sri Lanka wishes to declare that the Judge may proceed to give judgement even if no certificate of service or delivery has been received, provided the conditions set out in Article 15 are fulfilled.

**Sweden: Declarations**
*Articles [5,10]*

c) Swedish authorities are not obliged to assist in serving documents transmitted by using any of the methods referred to in sub-paragraphs (b) and (c) of Art. 10.

By virtue of the third paragraph of Art. 5 of the Convention the Central Authority requires that any document to be served under the first paragraph of the same article must be written in or translated into Swedish.

**Switzerland: Reservations Declarations**
*Articles [1,5,8,10,15]*

(Translation)
Re Article 1
1. With regard to Article 1, Switzerland takes the view that the Convention applies exclusively to the Contracting States. In particular, it believes that documents which are effectively addressed to a person resident abroad cannot be served on a legal entity who is not authorized to receive them in the country in which they were drawn up without derogating from Articles 1 and 15, first paragraph, of the Convention.

(...)
Re Article 5, third paragraph
3. Switzerland declares that in cases where the addressee does not voluntarily accept a document, it cannot officially be served on him or her in accordance with Article 5, first paragraph, unless it is in the language of the authority addressed, i.e. in German, French or Italian, or accompanied by a translation into one of these languages, depending on the part of Switzerland in which the document is to be served (cf. annex).

(...)
Re Articles 8 and 10
5. In accordance with Article 21, second paragraph (a), Switzerland declares that it is opposed to the use in its territory of the methods of transmission provided for in Articles 8 and 10.
(...)

**Turkey: Reservations Declarations**
*Articles [8,10,15,16]*

(...)
4. Le Gouvernement de la République de Turquie reconnaît aux agents diplomatiques ou consulaires la faculté de faire des significations ou des notifications, conformément à l'article 8 de la Convention seulement à ses propres ressortissants.

5. Le Gouvernement de la République de Turquie déclare s'opposer à l'utilisation des méthodes de signification et de notification énumérées à l'article 10 de la Convention.

6. Le Gouvernement de la République de Turquie déclare que, nonobstant les dispositions de l'alinéa premier de l'article 15, si les conditions visées à l'alinéa 2 dudit article sont réunies, ses juges peuvent statuer.

7. Conformément à l'article 16, alinéa 3, le Gouvernement de la République de Turquie déclare que, les demandes visées à l'article 16, alinéa 2, sont irrecevables si elles sont formées après l'expiration d'un délai d'un an à compter du prononcé de la décision.

**Ukraine: Reservations Declarations**
*Articles [8,10,15,16]*

3) on Article 8 of the Convention: service of judicial documents through diplomatic or consular agents of another State within the territory of Ukraine may be effected only upon nationals of the State in which the documents originate;

(...)

5) on Article 10 of the Convention: Ukraine will not use on its territory methods of transmission of judicial documents provided for in Article 10 of the Convention;

6) on Article 15 of the Convention: if all the conditions provided for in the second paragraph of Article 15 of the Convention are fulfilled, the judge, notwithstanding the provisions of the first paragraph of Article 15 of the Convention, may give judgment even if no certificate of service or delivery has been received;

7) on Article 16 of the Convention: application for relief will not be entertained in Ukraine if it is filed after the expiration of one year following the date of the judgment.

## United Kingdom of Great Britain and Northern Ireland: Declarations
*Articles [2,5,10,15,16,18]*

(a) In accordance with the provisions of Articles 2 and 18 of the Convention, Her Majesty's Principal Secretary of State for Foreign Affairs is designated as the Central Authority; and the Senior Master of the Supreme Court (...), the Scottish Executive Justice Department (...) and the Registrar of the Supreme Court* (...) are designated as additional authorities for England and Wales, Scotland and Northern Ireland respectively.

> * By a note of 10 June 1980 the British Government notified that instead of the Registrar of the Supreme Court of Northern Ireland, designated in 1967 as the additional authority for Northern Ireland in conformity with Article 18 of the Convention, the Master (Queen's Bench and Appeals) is designated as the said additional authority. The address of the Master (Queen's Bench and Appeals) is Royal Courts of Justice, Belfast 1.

(b) The authorities competent under Article 6 of the Convention to complete the Certificate of Service are the authorities designated under Articles 2 and 18.

(c) In accordance with the provisions of Article 9 of the Convention, the United Kingdom designates as receivers of process through consular channels the same authorities as those designated under Articles 2 and 18.

(d) With reference to the provisions of paragraphs (b) and (c) of Article 10 of the Convention, documents for service through official channels will be accepted in the United Kingdom only by the central or additional authorities and only from judicial, consular or diplomatic officers of other Contracting States.*

(e) The United Kingdom declares its acceptance of the provisions of the second paragraph of Article 15 of the Convention.

(f) In accordance with the provisions of the third paragraph of Article 16 of the Convention, the United Kingdom declares, in relation to Scotland only, that applications for setting aside judgments on the grounds that the defendant did not have knowledge of the proceedings in sufficient time to defend the action will not be entertained if filed more than one year after the date of judgment.

The authorities designated by the United Kingdom will require all documents forwarded to them for service under the provisions of the Convention to be in duplicate and, pursuant to the third paragraph of Article 5 of the Convention, will require the documents to be written in, or translated into, the English language.

> *Extract from a letter dated 11 September 1980 addressed by the Foreign and Commonwealth Office to the Permanent Bureau:*
> "(...)Thank you for your letter of 31 July in which you ask for assistance in the interpretation of the declaration made by the United Kingdom on 17 November 1967 in relation to Article 10(c) of the Convention.
> I am happy to confirm that our declaration does not preclude any person in another Contracting State who is interested in a judicial proceeding (including his lawyer) from effecting service in the United Kingdom "directly"

through a competent person other than a judicial officer or official, e.g., a solicitor."

**United States of America: Declarations**
*Articles [2,15,16,29]*

(...)
3. In accordance with the second paragraph of Article 15, it is declared that the judge may, notwithstanding the provisions of the first paragraph of Article 15, give judgment even if no certificate of service or delivery has been received, if all the conditions specified in subdivisions (a), (b) and (c) of the second paragraph of Article 15 are fulfilled.

4. In accordance with the third paragraph of Article 16, it is declared that an application under Article 16 will not be entertained if it is filed (a) after the expiration of the period within which the same may be filed under the procedural regulations of the court in which the judgment has been entered, or (b) after the expiration of one year following the date of the judgment, whichever is later.

5. In accordance with Article 29, it is declared that the Convention shall extend to all the States of the United States, the District of Columbia, Guam, Puerto Rico, and the Virgin Islands."

By a Note dated 22 April 1970 the Embassy of the United States of America informed the Netherlands Ministry of Foreign Affairs as follows:

"Under Article 2 of the Convention, each State is required to designate a Central Authority to receive requests for service of documents coming from other countries. Although this Central Authority always is to be available, its use is not compulsory and there is provision (Articles 8 through 11) for service through channels outside the Central Authority, including service by diplomatic or consular officers. These provisions are optional, however, and, since consular officers of the United States are prohibited by regulation from serving legal process or appointing other persons to do so, the United States will not avail itself of these provisions of the Convention. It is anticipated that courts in the United States will be advised by the Department of Justice of the possibility of sending requests for service of legal process directly to the Central Authority of the country concerned.
(...)

**Venezuela: Reservations Declarations**
*Articles [5,8,10,1516]*

1. Respecto del párrafo 3 de la letra b) del Artículo 5:
La República de Venezuela declara que las notificaciones y los documentos y otros recaudos anexos a las notificaciones serán aceptados sólo cuando se encuentren debidamente traducidos al idioma castellano.

2. Respecto del Artículo 8:
La República de Venezuela se opone al ejercicio de la facultad prevista en el primer párrafo de este artículo dentro de su territorio, con relación a otras personas que no sean nacionales del Estado de Origen.

3. Respecto del literal a) del Artículo 10:
La República de Venezuela se opone a la remisión de documentos por vía postal.

4. Respecto de los literales a), b) y c) del Artículo 15:
La República de Venezuela declara que "los jueces venezolanos podrán decidir cuando se cumplan las condiciones previstas en las letras a), b) y c) de este artículo, a pesar de no haber recibido comunicación alguna comprobatoria, bien de la notificación o traslado, bien de la entrega del documento.

5. Respecto del Artículo 16:

La República de Venezuela declara que la demanda permitida por el tercer párrafo de este artículo no será admisible si se intenta después de la expiración del plazo previsto por la ley venezolana.

(Translation)

1. With regard to Article 5(b)(3):
The Republic of Venezuela declares that notices and documents and other items annexed to the notices will be accepted only when they are properly translated into the Spanish language.

2. With regard to Article 8:
The Republic of Venezuela does not agree to the exercise of the faculty provided for in the first paragraph of this Article within its territory, in respect of other persons who are not nationals of the country of origin.

3. With regard to Article 10 (a):
The Republic of Venezuela does not agree to the transmission of documents through postal channels.

4. With regard to Article 15 (a), (b) and (c):
The Republic of Venezuela declares that "Venezuelan judges shall be empowered to decide when the conditions contained in sections (a), (b) and (c) of this Article are fulfilled, even though they have not received any communication evidencing either the notice or transfer, or delivery of the document.

5. With regard to Article 16:
The Republic of Venezuela declares that the request allowed by the third paragraph of this Article shall not be admissible if it is made after the expiration of the period specified in Venezuelan law.
(...)

| States | S¹ | R/A² | Type³ | EIF⁴ | Ext⁵ | Auth⁶ | Res/D/N⁷ |
|---|---|---|---|---|---|---|---|
| Antigua and Barbuda | | | Su | 1-XI-1981 | | 1 | |
| Bahamas | | 17-VI-1997 | A | 1-II-1998 | | 1 | |
| Barbados | | 10-II-1969 | A | 1-X-1969 | | 1 | |
| Botswana | | 10-II-1969 | A | 1-IX-1969 | | 3 | D 5,10,15 |
| Kuwait | | 8-V-2002 | A | 1-XII-2002 | | 1 | Res 8,10,15,16 |
| Malawi | | 24-IV-1972 | A | 1-XII-1972 | | 1 | |
| Pakistan | | 7-XII-1988 | A | 1-VIII-1989 | | 3 | D 8,15,16 |
| Saint Vincent and the Grenadines | | | Su | 27-X-1979 | | 1 | |
| San Marino | | 15-IV-2002 | A | 1-XI-2002 | | 3 | D 8,10,15 |
| Seychelles | | 18-XI-1980 | A | 1-VII-1981 | | 1 | D 8,10,15,16 |

## Type

### Antigua and Barbuda Type [Su]

By a Note of 1 May 1985 and received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 17 May 1985, the Government of Antigua and Barbuda informed the Ministry of Foreign Affairs that it does consider itself bound by the Convention, which had been declared applicable to Antigua by the Government of the United Kingdom of Great Britain and Northern Ireland on 20 May 1970. (See under United Kingdom extensions.) The date of entry into force is the date of independence of this State.

### Saint Vincent and the Grenadines Type [Su]

By a Note received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 6 January 2005, the Government of Saint Vincent and the Grenadines informed the Ministry of Foreign Affairs that it does consider itself bound by the Convention, which had been declared applicable to Saint Vincent by the Government of the United Kingdom of Great Britain and Northern Ireland on 20 May 1970. The date of entry into force is the date of independence of this State.

## Res/D/N

### Botswana: Declarations
*Articles [5,10,15]*

(...)
4. It is declared that the Government of Botswana objects to the method of service referred to in sub-paragraphs (b) and (c) of Article 10.

5. It is declared that a judge of the High Court of Botswana may give judgment if all the conditions specified in paragraph 2 of Article 15 are fulfilled.

The authorities designated will require all documents forwarded to them for service under the provisions of the Convention to be in triplicate and pursuant to the third paragraph of Article 5 of the Convention will require the documents to be written in, or translated into the English language.

By a Note dated 8 October 1974 the Office of the President of the Republic of Botswana declared that the authorities designated by Botswana in terms of the Convention require henceforth all documents forwarded to them for service to be in duplicate.

## Kuwait: Reservations
*Articles [8,10,15,16]*

"(...)
4. The opposition to methods of service of judicial documents mentioned in Article 8 and 10 of the Convention.
5. The reservation against Paragraph 2 of Article 15.
6. The understanding of Paragraph 3 of Article 16 of the Convention, as for the time limit, mentioned in this paragraph, is the time fixed by the law of the trial judge or one year following the date of judgment which ever is longer."

## Pakistan: Declarations
*Articles [8,15,16]*

(...)
For the purposes of Article 8 of the Convention it is hereby declared that the Government of Pakistan is opposed to service of judicial documents upon persons, other than nationals of the requesting States, residing in Pakistan, directly through the Diplomatic and Consular agents of the requesting States. However, it has no objection to such service by postal channels directly to the persons concerned (Article 10(a)) or directly through the judicial officers of Pakistan in terms of Article 10(b) of the Convention if such service is recognised by the law of the requesting State.

In terms of the second paragraph of Article 15 of the Convention, it is hereby declared that notwithstanding the provision of the first paragraph thereof the judge may give judgment even if no certificate of service or delivery has been received, if the following conditions are fulfilled:

a) the document was transmitted by one of the methods provided for in the Convention;
b) the period of time of not less than 6 months, considered adequate by the judge in the particular case, has elapsed since the date of transmission of the document; and
c) no certificate of any kind has been received even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

As regards Article 16, paragraph 3, of the Convention it is hereby declared that in case of ex-parte decisions, an application for setting it aside will not be entertained if it is filed after the expiration of the period of limitation prescribed by law of Pakistan.

## San Marino: Declarations
*Articles [8,10,15]*

(...)
4. In conformity with Article 21, second paragraph, letter a), the Republic of San Marino declares its opposition to the use of methods of transmission pursuant to Articles 8 and 10.
5. In conformity with Article 21, second paragraph, letter b), the Republic of San Marino declares pursuant to the

second paragraph of Article 19, that its judges, notwithstanding the provisions of the first paragraph of said Article, may give judgment even if no certificate of service or delivery has been received, if all the conditions referred to in letters a), b) and c) are fulfilled.

**Seychelles: Declarations**
*Articles [8,10,15,16]*

(...)
(ii) Article 8
The Government of the Republic of Seychelles declares that it is opposed to service by a Contracting State of judicial documents upon persons abroad, without application of any compulsion, directly through the diplomatic or consular agents of that Contracting State unless the document is to be served upon a national of the State in which the documents originate.

(iii) Article 10
The Government of the Republic of Seychelles declares that it objects to paragraphs (b) and (c) of this Article, in so far as they permit service of judicial documents through officials or persons other than judicial officers.

(iv) Article 15
The Government of the Republic of Seychelles declares that notwithstanding the provisions of the first paragraph of this Article, the judge may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled:

a) the document was transmitted by one of the methods provided for in this Convention,
b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

(v) Article 16
The Government of the Republic of Seychelles declares that it will not entertain an application for relief if filed later than one year following the date of the judgment.

# EXHIBIT 2

## Pakistan Judicial Assistance

**Disclaimer:** The information in this circular relating to the legal requirements of specific foreign countries is provided for general information only and may not be totally accurate in a particular case. Questions involving interpretation of specific foreign laws should be addressed to foreign counsel. This circular seeks only to provide information; it is not an opinion on any aspect of U.S., foreign, or international law. The U.S. Department of State does not intend by the contents of this circular to take a position on any aspect of any pending litigation.

Summary

Service of Process

Obtaining Evidence Summary

Criminal Matters

Authentication of Documents

Lists of Attorneys in Pakistan

Links

**Summary: Judicial assistance between the United States and Pakistan is governed by the Vienna Convention on Consular Relations (VCCR), 21 UST 77, TIAS 6820, 596 U.N.T.S. 261, to which the United States and Pakistan are parties and the multilateral the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters , 20 UST 361.**

**Service of Process:** Pakistan **is a party** to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters. The Convention entered into force for Pakistan August 1, 1989. Requests from the United States for service of process in Pakistan in civil or commercial matters may be sent directly to the Pakistan central authority. If an attorney in the U.S. is making the request for service in accordance with Rule 4 of the Federal Rules of Civil Procedure, the attorney should cite that rule on the USM-94 form. Accompanying documents should preferably be in English or translated into English. However, documents in the Urdu language only, if not translated into English, could also be accepted by Pakistan authorities. Pakistan Central Authority: the Solicitor, Ministry of Law and Justice to the Government of Pakistan in Islamabad, Pakistan. The mailing address is: Solicitor, Ministry of Law, Justice, and Human Rights, 'S' Block, Pakistan Secretariat, Islamabad, Pakistan. The Deputy Secretary Administration of the Ministry of Law, Justice and Human Rights advises there is no fee for service of process.

**Pakistan did not object to service of process by registered mail via postal channels** (See Pakistan's declaration ), however, it is not clear whether that method of service would be recognized in Pakistan should eventual enforcement of a U.S. judgment be attempted in Pakistan. The Department of State understands that it can take two weeks for an airmail letter to reach Pakistan and as much as two months for letters sent by surface mail to arrive. A similar amount of time would be required for the postal receipt to be returned to the United States. Mail service is not reliable in all parts of Pakistan.

A Pakistani attorney may be able to serve U.S. legal documents or arrange with a local court to have them served. Pakistan authorities advise there is no objection if someone voluntarily accepts service effected by means other than letters rogatory, and no penalty for attempting other methods of service. See also our Service Under the Foreign Sovereign Immunities Act (FSIA) feature and FSIA Checklist for questions about service on a foreign state, agency or instrumentality.

**Obtaining Evidence (Overview): Pakistan is not a party** to the Hague Convention on the Taking of

Evidence Abroad in Civil and Commercial Matters. Voluntary depositions may be taken of willing witnesses provided no compulsion is used. U.S. and state officials participating in depositions in Pakistan must first obtain host country clearance. See also existing Travel Warnings, Public Announcements and Consular Information Sheets. Travelers are advised to register their travels in advance with the U.S. Embassy or Consulate using our Internet Based Registration System. Pakistan **does not permit** the taking of depositions by telephone from any country. If assistance of a U.S. consular officer is needed to take a deposition in Pakistan, contact the U.S. Embassy or Consulate directly. See also our Obtaining Evidence Abroad guidance.

**Compulsion of evidence** generally may be requested pursuant to a letter rogatory transmitted via the diplomatic channel. See our guidance on preparation of letters rogatory. Letters rogatory for compulsion of evidence should be transmitted to the U.S. Department of State, Bureau of Consular Affairs, Overseas Citizens Services, Office of American Citizens Services and Crisis Management, Near East and South Central Asia Division, CA/OCS/ACS/NESCA. Mailing address: SA-29, 4 th Floor, 2201 C Street N.W., Washington, D.C. 20520. Express mail address: 2100 Pennsylvania Avenue N.W., Washington, D.C. 20037.

**Criminal Matters:** Local, state, and federal prosecutors in the United States interested in obtaining evidence in Pakistan may also wish to consult the Office of International Affairs, Criminal Division, U.S. Department of Justice, Washington, D.C. 20520 at (202) 514-0015. The U.S. Department of State expects criminal defendants, or their defense counsel, who wish to request judicial assistance in obtaining evidence or in effecting service of documents abroad in connection with criminal matters to make such requests pursuant to letters rogatory in accordance with Article 5(j) of the VCCR. Defense requests for compulsion of evidence in criminal matters may be prepared in the form of a letter rogatory transmitted via diplomatic channels from the U.S. Department of State, Bureau of Consular Affairs, Overseas Citizens Services, Office of American Citizens Services and Crisis Management, Near East and South Asia Division, 1-888-407-4747. See 22 CFR 22.1 regarding current consular fees. For general guidance about preparation and transmittal of such requests, see our Letters Rogatory feature.

**Authentication of Documents : Pakistan is not a party** to the Hague Convention Abolishing the Requirement for Legalization of Foreign Public Documents. For information about authentication of documents see our web page notarial and authentication feature. See also the U.S. Department of State Authentications Office webpage. Additional guidance for consular officers about authentication of documents is available at 7 Foreign Affairs Manual 870.

**Lists of Attorneys in Pakistan:** See the U.S. Embassy in Islamabad List of Attorneys; U.S. Consulate General Karachi List of Attorneys; U.S. Consulate Lahore List of Attorneys and the U.S. Consulate Peshawar List of Attorneys. See also Retaining a Foreign Attorney.

## Links U.S. Government Links

International Adoption - Pakistan

International Child Abduction - Pakistan

Library of Congress Guide to Law Online – Pakistan

Pakistan Background Notes

World Fact Book - Pakistan

## NGO Links

Emory School of Law - Pakistan

## Pakistan Government Links

Pakistan Judiciary

# EXHIBIT 3

1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ■ p202 624-2500 ■ f202 628-5116

# crowell ◖ moring

Andy Liu
(202) 624-2907
aliu@crowell.com

May 17, 2006

4429:jfw
101418.0000001

**Via Federal Express**
Solicitor
Ministry of Law, Justice, and Human Rights
'S' Block
Pakistan Secretariat
Islamabad, Pakistan

Re:    <u>Service of Complaint and Summons Pursuant to Hague Convention</u>

Dear Solicitor:

I hereby request your assistance pursuant to Article V of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters.  I have enclosed packages for each of the following individuals:

1)    Jamal Saeed Abdul Rahim;

2)    Muhammad Abdullah Khalil Hussain Ar-Rahayyal;

3)    Muhammad Ahmed Al-Munawar; and

4)    Wadoud Muhammad Hafiz Al-Turk.

All four of these individuals are serving sentences at the Adiala Jail in Rawalpindi, Pakistan, in connection with their roles in the September 5, 1986 hijacking of Pan Am Flight 73 in Karachi.  Please serve the packages upon each individual at the Adiala Jail according to your policies and procedures.  Each package contains:

1)    an Original Summons and one copy of the Summons, along with two copies of an Arabic-version of the Summons;

2)    Form USM-94 – Request for Service Abroad of Judicial or Extrajudicial Documents; and

3)    two copies of the Complaint for Damages Arising from the September 5, 1986 Terrorist Attack on Pan Am Flight 73 in Karachi, Pakistan.

Solicitor, Ministry of Law, Justice, and Human Rights
May 17, 2006
Page 2

crowell moring

    Additionally, please return the four completed Certificates (second page) of the USM-94 form to me to indicate that service has been completed for each of the four individuals.  Please contact me in the United States at (202) 624-2907, or aliu@crowell.com, if you have any questions.

    Thank you for your assistance.

Sincerely yours,

Andy Liu

Enclosures

# EXHIBIT 4

## CERTIFICATE
### ATTESTATION

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
1) *que la demande a été exécutée*
- the (date) – *le (date)* _____ **01-07-2006** _____
- at (place, street, number) - à *(localité, rue, numéro)*

**Adiala Jail, Rawalpindi.**

– in one of the following methods authorized by article 5:
-- *dans une des formes suivantes prévues à l'article 5:*

☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
    *a) selon les formes légales (article 5, alinéa premier, lettre a)*

☐ (b) in accordance with the following particular method:
    *b) selon la forme particulière suivante:* _____

☐ (c) by delivery to the addressee, who accepted it voluntarily.*
    *c) par remise simple.*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*

- (identity and description of person)
- *(identité et qualité de la personne)*
  **Mr. Muhammad Ahmed Al Munawar, Adila Jail Rawalpindi.**

- relationship to the addressee family, business or other
- *liens de parenté de subordination ou autres avec le destinataire de l'acte:*

2) that the document has not been served, by reason of the following facts*:
2) *que la demande n'a pas été exécutée, en raison des faits suivants:*

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

ANNEXES
*Annexes*

Documents returned:
*Pièces renvoyées*

_____
_____
_____

**MUHAMMAD KHAN**
Deputy Solicitor
Law, Justice & Human Rights Division
Government of Pakistan
Islamabad.

Done at _____ , the
*Fait à* _____ , *le*

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

_____
_____
_____

Signature and/or stamp
*Signature et/ou cachet*

## CERTIFICATE
### ATTESTATION

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
1) *que la demande a été exécutée*
  — the (date) — *le (date)*    **01-07-2006**
  — at (place, street, number) - *à (localité, rue, numéro)*

      **Adiala Jail, Rawalpindi.**

  — in one of the following methods authorized by article 5:
  — *dans une des formes suivantes prévues à l'article 5:*

    ☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
      *a) selon les formes légales (article 5, alinéa premier, lettre a)*

    ☐ (b) in accordance with the following particular method:
      *b) selon la forme particulière suivante:*

    ☐ (c) by delivery to the addressee, who accepted it voluntarily.*
      *c) par remise simple.*

  The documents referred to in the request have been delivered to:
  *Les documents mentionnés dans la demande ont été remis à:*

    - (identity and description of person)
    - *(identité et qualité de la personne)*

    **Mr.Wadoud Hohammad Hafiz Al Turk Adiala Jail Rawalpindi.**

    - relationship to the addressee family, business or other
    - *liens de parenté de subordination ou autres avec le destinataire de l'acte:*

2) that the document has not been served, by reason of the following facts*:
2) *que la demande n'a pas été exécutée, en raison des faits suivants:*

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

ANNEXES
*Annexes*

Documents returned:
*Pièces renvoyées*

_____

_____

_____

**MUHAMMAD KHAN**
Deputy Solicitor
Law, Justice & Human Rights Division
Government of Pakistan
Islamabad.

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

Done at _____ , the _____
*Fait à* _____ , *le* _____

Signature and/or stamp
*Signature et/ou cachet*

(55/66                                                    4/5

# CERTIFICATE
## *ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
1) *que la demande a été exécutée*
    — the (date) — *le (date)* _____ **01-07-2006** _____
    — at (place, street, number) - *à (localité, rue, numéro)*
                        **Adiala Jail Rawalpindi.**

— in one of the following methods authorized by article 5:
— *dans une des formes suivantes prévues à l'article 5:*

    ☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
       *a) selon les formes légales (article 5, alinéa premier, lettre a)*

    ☐ (b) in accordance with the following particular method:
       *b) selon la forme particulière suivante:* _____

    ☐ (c) by delivery to the addressee, who accepted it voluntarily.*
       *c) par remise simple.*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*

    - (identity and description of person)
    - *(identité et qualité de la personne)*
    **Mr.Jamal Saeed Abdul Raheem. Adiala Jail Rawalpindi.**

    - relationship to the addressee family, business or other
    - *liens de parenté de subordination ou autres avec le destinataire de l'acte:*

2) that the document has not been served, by reason of the following facts*:
2) *que la demande n'a pas été exécutée, en raison des faits suivants:*

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

ANNEXES
*Annexes*

Documents returned:
*Pieces renvoyées*

_____
_____
_____

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

_____
_____

                        **MUHAMMAD KHAN**
                        Deputy Solicitor
           Law, Justice & Human Rights Division
               Government of Pakistan
                    Islamabad.

Done at _____ , the
*Fait à* _____ , *le*

Signature and/or stamp
*Signature et/ou cachet*

## CERTIFICATE
## ATTESTATION

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served *
1) *que la demande a été exécutée*
      – the (date) – *le (date)*    01-07-2006
      –- at (place, street, number) - *à (localité, rue, numéro)*

          **Adiala Jail Rawalpindi**

   – in one of the following methods authorized by article 5:
   *– dans une des formes suivantes prévues à l'article 5:*

      ☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
          *a) selon les formes légales (article 5, alinéa premier, lettre a)*

      ☐ (b) in accordance with the following particular method:
          *b) selon la forme particulière suivante:*

      ☐ (c) by delivery to the addressee, who accepted it voluntarily.*
          *c) par remise simple.*

The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à:*

   – (identity and description of person)
   - *(identité et qualité de la personne)*
   **Mr. Muhammad Abdullah Khalil Hussain, Adiala Jail Rawalpindi**

   - relationship to the addressee family, business or other
   - *liens de parenté de subordination ou autres avec le destinataire de l'acte:*

2) that the document has not been served, by reason of the following facts*:
2) *que la demande n'a pas été exécutée, en raison des faits suivants:*

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement*
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

ANNEXES
*Annexes*

Documents returned:
*Pièces renvoyées:*

**MUHAMMAD KHAN**
Deputy Solicitor
Law, Justice & Human Rights Division
Government of Pakistan
Islamabad.

Done at _____ , the
*Fait à* _____ , *le*

In appropriate cases, documents establishing the service:
*Le cas échéant, les documents justificatifs de l'exécution:*

Signature and/or stamp
*Signature et/ou cachet*