**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MANJULA PATEL, *ET AL.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No: 06-626 (PLF) |
| ) | |
| THE SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *ET AL.,* ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION TO PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT**

Plaintiffs (hereafter "Patel") have filed pleading title "Request for Entry of Default" against defendant Adballah Senoussi in his individual capacity.[1]

Plaintiffs' falsely assert that Defendant Senoussi was served "proper Summons and Amended Complaint in this case on July 16, 2006, pursuant to the Federal Rules of Civil Procedure." (Plt. Request at 1). This statement is patently false and is designed to mislead the Court. Not surprisingly Patel omits to divulge that the service indicated was on the Libyan Government pursuant to the service provisions of the Foreign Sovereign Immunities Act of 1976 (hereafter "FSIA") and not pursuant to the provisions for service on individual defendants under the Federal Rules of Civil Procedure. Service on Senoussi in his official capacity is does not equate service in his individual capacity. Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1027 (D.C.Cir.1997) ("Individuals acting in their official capacities are considered 'agenc[ies] or instrumentalit[ies] of a foreign state' ").

Patel's bases of support for his request is a footnote which states: "In *Pugh v. Socialist*

---

[1] Patel acknowledges that Counsel has made an appearance on behalf of Defendant Senoussi in his official capacity and does not seek an entry of default against Sennousi in his official capacity.

*Libyan Arab Jamahiriya*, Civil Case No. 02-2026, the plaintiffs effected service on Senoussi in both his individual and official capacities by sending a proper summons and complaint to him at the Libyan External Security Organization, and the sufficiency of service was not challenged in that case. Plaintiffs here have followed the same procedure." (Plt. Request at 3, note 1). The basis for Patel's assertion that proper service on Senoussi has been effected is nonsensical and without support.

Patel is essentially asserting that there has been proper service on an individual defendant in the instant case due to a service in an wholly unrelated case. Not surprisingly, Patel fails to proffer any case law for this vacuous assertion. It is evident that notice and proper service on Defendant Senoussi in his individual capacity, pursuant to the requirements of Due Process provisions of the Constitution, are absent in this case.

The asserted service in Patel's request was made pursuant to 28 U.S.C. §1608. Section 1608, in relevant part, states:

> **§ 1608. Service; time to answer; default**
> **(a)** Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

*Id*. (Emphasis added). The provision speaks for itself. Section 1608 is service provision of the FSIA on foreign sovereign states and not for service on Defendant Senoussi in his individual capacity. Patel's request does not assert that service has been made or attempted pursuant to Rule 4. Fed. R. Civ. P. 4.

Patel's counsel is also aware that in *Pugh v. Socialist People's Libyan Jamahiriya* the issue of service was waived due to the appearance by undersigned counsel in that case by an inadvertent general notice of appearance. In this case the appearance of counsel has been only

2

in Defendant Senoussi's official capacity.

The Court should note that undersigned counsel is not making an appearance on behalf of Defendant Senoussi in his individual capacity as no service has been made on him. Patel's counsel has previously informed undersigned counsel that they had not attempted to effect service on Defendant Senoussi in his individual capacity pursuant to the provisions of the Federal Rules of Civil Procedure. The request does not assert that service has been attempted on Defendant Senoussi in his individual capacity. Patel's request, and the assertions regarding proper service, are false and misleading and should be brought to the attention of the Court.

As there is no proper service on Defendant Senoussi in his individual capacity, the provisions of Fed. R. Civ. P. 12 (a) are inapplicable and Defendant Senoussi, in his individual capacity, has not "failed to plead or otherwise defend by these rules." Fed. R. Civ. P. 55(a).

For the foregoing reasons the Court should deny Patel's Request for Entry of Default against Defendant Senoussi in his individual capacity. A proposed order is attached hereto.

Dated:        November 30, 2006                Respectfully submitted,


                                              //s//
                                              Arman Dabiri
                                              Law Offices of Arman Dabiri
                                                    & Associates, P.L.L.C.
                                              1725 I Street, N.W.
                                              Suite 300
                                              Washington, D.C. 20006
                                              Tel. (202) 349-3893
                                              E-mail: armandab@worldnet.att.net

                                              *Counsel for Libyan Government Defendants*