IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANJULA PATEL, *ET AL.*, )<br>)<br>Plaintiff, )<br>)<br>)<br>THE SOCIALIST PEOPLE'S LIBYAN )<br>ARAB JAMAHIRIYA, *ET AL.*, )<br>)<br>Defendants. ) | Civil Case No: 06-626 (PLF) |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION TO VACATE DEFAULT**

Defendant Senoussi submits the following Supplemental Memorandum in support of his Motion to Vacate Default (entered by the Clerk of Court on December 1, 2006 in his individual capacity) pursuant to permission granted by the Court on January 5, 2007. The Court also permitted the substitution of Defendant's former Opposition to Entry of Default to serve as the Motion to Vacate Default.[1]

Defendant incorporates here, by way of reference, its original opposition to entry of default. A courtesy copy of that document is attached as Exhibit A.

Plaintiffs' motion for entry of default, based on the assertion that service on Senoussi in his individual capacity was perfected pursuant to 28 U.S.C. § 1608 of the Foreign Sovereign Immunities Act of 1976 ("FSIA"), is directly contrary to plaintiffs' previous submissions to the Clerk of Court. Defendant submits two letters from plaintiffs' counsel to Ms. Nancy Mayer-Whittington, Clerk to the United States District Court for the District of Columbia, dated May

---

[1] Undersigned counsel submits the instant supplemental memorandum in support of motion to vacate by special appearance. The instant motion does not waive any requirements for service on Senoussi in his individual capacity or any available defenses, jurisdictional or otherwise, on behalf of Senoussi.

22, 2006 and June 26, 2006.  (Exhibits B (Docket Doc. No. 8) and Exhibit C (Docket Doc. No. 11) respectively).

Both letters clearly indicate that plaintiffs' request for service to the Clerk, pursuant to 28 U.S.C. § 1608(a)(3) and (a)(4) of the FSIA, were only for the Socialist People's Libyan Arab Jamahiriya and the Libyan Arab Security Organization.  No request was made for service on Defendant Senoussi.  (Exhibit B, *p.* 1, ¶ 1 and Exhibit C, *pp.* 1-2, ¶ 3 respectively).  Plaintiffs' assertion that the service on the Government of Libya can substitute for valid service on an individual defendant is contrary to the precedent established in this Circuit (distinction between individual and foreign sovereign state, *see* I.T. Consultant v. Islamic Republic of Pakistan, 351 F.3d 1184, 1191 (D.C. Cir. 2003) and Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1027 (D.C. Cir.1997) ), ignores the Federal Rules, and contradicts plaintiffs' own previous submissions and request to the Clerk of the Court.

Plaintiffs' counsel, during the status conference of January 5, 2007, also indicated that if the Court were to vacate the Clerk's default against Senoussi (in his individual capacity) Senoussi would then have to file an answer to plaintiffs' complaint within the time limit mandated by Rule 12, Fed. R. Civ. P.  This assertion is unquestionably incorrect.  When the Court vacates the Clerk's default against Senoussi in his individual capacity for lack of service, plaintiffs must then, pursuant to Rules 4 and 5, Fed. R. Civ. P., attempt to properly serve Senoussi in his individual capacity.  Without proper service and notice Senoussi has no obligation to submit an answer to plaintiffs' complaint under Rule 12.

Plaintiffs, to this date, have no asserted that they have attempted to serve Senoussi pursuant to the mandatory requirements of the Federal Rules.

## CONCLUSION

For the foregoing reasons, as well as defendant's motion to vacate default, the Court should vacate the default entered by the Clerk of Court against Defendant Senoussi in his individual capacity.

Dated:	January 18, 2007		Respectfully submitted,


			 //s//	
			Arman Dabiri
			Law Offices of Arman Dabiri
				& Associates, P.L.L.C.
			1725 I Street, N.W.
			Suite 300
			Washington, D.C. 20006
			Tel. (202) 349-3893
			E-mail: armandab@worldnet.att.net

			*Counsel for Libyan Government Defendants*