UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANJULA PATEL, *et al.*,  )
                          )
        Plaintiffs,       )
                          )
    v.                    )
                          )  No. 06-CV-00626 (PLF)
THE SOCIALIST PEOPLE'S    )
ARAB JAMAHIRIYA, *et al.*,)
                          )
        Defendants.       )

**PLAINTIFFS' OPPOSITION TO MOTION TO VACATE
ENTRY OF DEFAULT AS TO DEFENDANT SENOUSSI**

Despite the uncontroverted fact that he has been served with a copy of the Amended Complaint and Summons, and after having deliberately chosen to file a responsive pleading only in his *official* capacity, Defendant Senoussi now moves to vacate the default that has been entered against him in his *individual* capacity.[1] In support of his Motion, Senoussi advances a single argument – that somehow service of process has been properly effected upon him only in his official capacity, and not in his individual capacity.

However, Senoussi has not only failed to satisfy the procedural requirements for challenging the entry of default, his "contention that he must now be served a

---

[1]   Senoussi does not dispute that he has been sued in both his official and individual capacities.

second time to complete service in his individual capacity is without merit." *See Buttler v. Keller*, 169 F.R.D. 9, 10 (N.D.N.Y. 1996). For the reasons set forth herein, Senoussi's Motion should be denied.[2]

## I. Senoussi's Motion To Vacate Default Fails To Satisfy Local Civil Rule 7(g).

As a threshold matter, Senoussi has failed to satisfy the requirements of Local Civil Rule 7(g), which states that "[a] motion to vacate an entry of default . . . *shall be* accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part."[3] LCvR 7(g) (emphasis added). Notwithstanding Senoussi's suggestion to the contrary, the language of this Rule is both unambiguous and mandatory, and his failure to comply warrants the denial of his Motion. *See, e.g., Ali v. Mid-Atlantic Settlement Serv., Inc.*, 233 F.R.D. 32, 35 (D.D.C. 2006) (noting prior denial of defendant's motion to vacate entry of default for alleged failure to properly serve where motion was not accompanied by a verified answer); *Roosevelt Land, LP v. Childress*, No. 05-1292, 2006 WL 1877014 (D.D.C.

---

[2] Mr. Dabiri has previously represented to this Court that he "does not represent . . . Abdallah Senoussi in [his] individual capacity." *See* Memorandum in Support of Defendants' Motion to Dismiss at 1. In his Opposition to Plaintiffs' Request for Entry of Default, Mr. Dabiri further stated that the "Court should note that the undersigned counsel *is not* making an appearance on behalf of Defendant Senoussi in his individual capacity . . . ." Opposition to Plaintiffs' Request for Entry of Default at 3 (emphasis in original). Unless Senoussi has since retained Mr. Dabiri to represent him in his individual capacity, Mr. Dabiri lacks the authority to challenge the entry of default, and the Motion must be denied.

[3] In addition to the requirement imposed by Local Civil Rule 7(g), Senoussi must also satisfy Fed. R. Civ. P. 55(c). Under Fed. R. Civ. P. 55(c), an entry of default may be set aside only upon a showing of "good cause." Fed. R. Civ. P. 55(c).

2

July 5, 2006) (denying motion to vacate entry of default where defendant did not comply with Local Rule 7(g)).

**II.    Senoussi, In His Individual Capacity, Has Been Properly Served.**

Senoussi does not dispute that he has been properly served in this case, at least in his official capacity. Indeed, Senoussi, in his official capacity, has retained counsel who has entered an appearance in this case on his behalf, and has filed a responsive pleading. As such, there is also no dispute that Senoussi has *actual notice* of both the allegations against him and the fact that he has been sued in both his individual and official capacities. The *only* dispute at issue is whether "there [has been] proper service on Defendant Senoussi in his individual capacity." *See* Opposition to Plaintiffs' Request for Entry of Default at 3; Supplemental Memorandum in Support of Motion to Vacate Default ("Supplemental Memorandum").

**A.    The Core Function Of Rule 4 Is To Provide Notice.**

The Federal Rules of Civil Procedure set forth the methods by which service of a complaint and summons upon a party may be achieved. In particular, Rule 4(e) addresses service upon individuals within the United States and Rule 4(f) addresses service upon individuals who are outside of the United States. *See* Fed. R. Civ. P. 4.

Although the acceptable methods of service may differ depending on whether the defendant is located within or outside of the United States, the "essential purpose" of service of process is the same:

> Service of process, we have come to understand, is properly regarded as a matter discrete from a court's jurisdiction to

> adjudicate a controversy of a particular kind, or against a particular individual or entity. Its essential purpose is auxiliary. . . . *[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections.*

*Henderson v. United States*, 517 U.S. 654, 671-72 (1996) (emphasis added). Given this purpose, it is no surprise that disputes regarding the sufficiency of service of process under Rule 4 often turn on whether the defendant received adequate "notice" of the suit. As Judge Roberts has said in the context of Rule 4(e):

> Where service complies precisely with the requirements of Rule 4(e), it will be effective for personal jurisdiction, even if the individual did not receive actual notice. On the other hand, *where the defendant has received actual notice of the action, the provisions of Rule 4(e) should be liberally construed to effectuate service and uphold the jurisdiction of the court.* The rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction. Rather, the rules governing service of process are utilized for the purpose of providing a likelihood of bringing actual notice to the intended recipient, and actual notice satisfies the due process notice requirement and provides the court with personal jurisdiction. *Where the defendant receives actual notice and the plaintiff makes a good faith effort to serve the defendant pursuant to the federal rule, service of process has been effective.*

*Ali*, 233 F.R.D. at 35-36 (emphasis added) (internal quotations and citations omitted); *see also Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999) (making a similar finding in the context of Rule 4(f)).

**B.    The Requirements Of Rule 4 Have Been Met.**

In support of his contention that he has not been served in his individual capacity, Senoussi first argues that Plaintiffs improperly sought to effect service

4

under the Foreign Sovereign Immunities Act ("FSIA"), rather than under the Federal Rules of Civil Procedure. *See* Supplemental Memorandum at 1-2. Senoussi's attempt to place a "label" on the method of service, however, is nothing but an attempt to create controversy where none exists. More importantly, it obfuscates the only question relevant here – whether the requirements of Rule 4 have been satisfied.[4]

Rule 4(f)(2)(C) provides that "unless prohibited by the law of the foreign country, [service may be effected] by (i) delivery to the individual personally of a copy of the summons and the complaint; or (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served . . . ." Fed. R. Civ. P. 4(f)(2)(C). As is detailed in Plaintiffs' July 19, 2006, Notice of Proof of Service, the Clerk of Court sent the Amended Complaint, Summons and other documents to Senoussi by registered mail, return receipt requested. *See* Notice of Clerk of Court, dated May 22, 2006. In addition, Plaintiffs also sent an identical package of documents to Senoussi via Federal Express, again

---

[4]   In arguing that service was attempted under FSIA, and not the Federal Rules, Senoussi relies on two letters sent by Plaintiffs' counsel to the Clerk of Court. *See* Supplemental Memorandum at 1-2. Those communications relate only to service on Defendants Libya and LESO. Moreover, counsel for Senoussi's statement that Plaintiffs' "counsel has previously informed [him] that they had not attempted to effect service on Defendant Senoussi in his individual capacity pursuant to the provisions of the Federal Rules of Civil Procedure" is simply false. *See* Opposition to Plaintiffs' Request for Entry of Default at 3. Indeed, Plaintiffs' request for entry of default for Senoussi in his individual capacity specifically referenced the July 19, 2006, Notice of Proof of Service, which sets forth each step taken to effect service on Senoussi in both his official and individual capacities in accordance with the Federal Rules of Civil Procedure.

requiring a signed receipt. *See* Plaintiffs' July 19, 2006, Notice of Proof of Service. Plaintiffs have complied "precisely" with the requirements of Fed. R. Civ. P. 4(f)(2)(C), and have thus effected service upon Senoussi. *See Ali*, 233 F.R.D. at 35. Moreover, there can be no dispute that Senoussi has "receive[d] actual notice and the plaintiff[s] [have made] a good faith effort to serve the defendant pursuant to the federal rule." *Id.* (internal citations omitted). In such circumstances, "service of process has been effective." *Id.*

Senoussi has not identified a single case that would suggest a different conclusion. Indeed, the only cases he cites purport to support his assertion that "[s]ervice on Senoussi in his official capacity is [sic] does not equate service [sic] in his individual capacity." Opposition to Plaintiffs' Request for Entry of Default at 1. However, neither of the two cases cited by Senoussi – *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan,* 115 F.3d 1020 (D.C. Cir. 1997) and *I.T. Consultants, Inc. v. Islamic Republic of Pakistan,* 351 F.3d 1184 (D.C. Cir. 2003) – addresses the issue of service. Rather, the cases address the issues of sovereign immunity and personal jurisdiction when a defendant is sued in his individual capacity.

## CONCLUSION

For the foregoing reasons, the Motion to vacate the entry of default as to Senoussi, in his individual capacity, should be denied.

Respectfully submitted,

_____
Stuart H. Newberger, D.C. Bar No. 294793
Wilma A. Lewis, D.C. Bar No. 358637
Michael L. Martinez, D.C. Bar No. 347310
Andy Liu, D.C. Bar No. 454986
Justin P. Murphy, D.C. Bar No. 477718
Peter J. Eyre, D.C. Bar No. 500053
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500 telephone
(202) 628-5116 facsimile

*Counsel for Plaintiffs*

January 24, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANJULA PATEL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 06-CV-00626 (PLF) |
| ) | |
| THE SOCIALIST PEOPLE'S ) | |
| ARAB JAMAHIRIYA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## [PROPOSED] ORDER

Upon consideration of the Motion to vacate default, dated November 30, 2006; the Supplemental Memorandum, dated January 18, 2007; and Plaintiffs' response thereto, IT IS

HEREBY ORDERED, that the Motion to vacate default as to Defendant Senoussi, in his individual capacity, be denied;

IT IS SO ORDERED.

---

Judge Paul L. Friedman
United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January 2007, a true and correct copy of the foregoing was filed via the court's Electronic Filing/Case Management System. In addition, I hereby certify that a copy of the foregoing was sent via first-class mail, postage prepaid, this 24th day of January 2007, to Defendants Safarini, Qadhafi, Senoussi, Rahim, Ar-Rahayyal, Al-Munawar, and Al-Turk at the following addresses:

Zaid Hassan Abd Latif Safarini
USP Florence ADMAX
U.S. Penitentiary
P.O. Box 8500
5880 Highway 67 South
Florence, CO 81226

Muammar Qadhafi
Libyan External Security Organization
Ministry of Foreign Affairs
Tripoli, Libya

Abdallah Senoussi
Libyan External Security Organization
Ministry of Foreign Affairs
Tripoli, Libya

Jamal Saeed Abdul Rahim
Adiala Jail
Rawalpindi, Pakistan

Muhammad Abdullah Khalil Hussain Ar-Rahayyal
Adiala Jail
Rawalpindi, Pakistan

Muhammad Ahmed Al-Munawar
Adiala Jail
Rawalpindi, Pakistan

Wadoud Muhammad Hafiz Al-Turk
Adiala Jail
Rawalpindi, Pakistan

_____
Peter J. Eyre