**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MANJULA PATEL, *ET AL.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No: 06-626 (PLF) |
| ) | |
| THE SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *ET AL.,* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION
TO VACATE ENTRY OF DEFAULT AS TO DEFENDANT SENOUSSI**

Undersigned counsel submits the following reply to plaintiffs' opposition to motion to vacate entry of default as to defendant Senoussi pursuant to the January 5, 2007 Bench-Order of the Court. The requirements for vacating the entry of default have clearly been satisfied. Contrary to the assertions of the plaintiffs', Senoussi in his individual capacity, has never been served or notified and plaintiffs' request for an entry of default against Senoussi was erroneous and misleading.

Plaintiffs commence their opposition by citing a New York district court case for the proposition "contention that he must now be served a second time to complete service in his individual capacity is without merit." (Plt. Opp. at 1-2). Butler v. Keller, F.R.D. 9, 10 (N.D.N.Y. 1996). To commence, that case is not binding on this Court and is based on New York State law pertaining to service. That should be obvious when the opinion states: "service was completed here by mail in accordance with state law as authorized by Fed.R.Civ.P. 4(e)(1). Under New York case law, it is well settled that a single service of process upon an individual sued in both his individual and representative capacities suffices to establish personal jurisdiction in both capacities." *Id*. Plaintiffs' reliance on the case is misplaced.

The case is also distinguishable as the defendant there personally accepted the service notification in his official capacity and the "acknowledgment of service . . . gives no indication that defendant accepted service only in his official capacity." Id. In that case the defendant could have declined to be served in his individual capacity, on the acknowledgment form for service, and failed to do so. ("In accordance with section 312-a(d), that form contains a space in which defendant could have so indicated.") Id. Plaintiffs' opposition commences by conceding that Senoussi "deliberately [chose] to file a responsive pleading in his official capacity". (Plt. Opp. at 1). Plaintiffs' also concede throughout their opposition that they, and the Clerk of the Court, have only mailed their service documents only to the Libyan Foreign Ministry, never to Senoussi. (Plt. Opp. *Passim*). There has never been a service and notification on Senoussi personally. Service and notification has been, and continues to be, contested for Senoussi in his individual capacity. Finally, the only service that has been made has been on the Government of Libya pursuant to the provisions for service under the Foreign Sovereign Immunities Act of 1976 ("FSIA"). 28 U.S.C. § 1608. It is unquestionable that plaintiffs have failed to adequately review the New York case cited.

Plaintiffs also erroneously assert that because Senoussi, in his official capacity, has retained counsel and there has been an entry of appearance in this case on his behalf in his official capacity "As such there is also no dispute that Senoussi has *actual notice* of both the allegations against him and the fact that he has been sued in both his individual and official capacities." (Plt. Opp.. at 3). Plaintiffs have asserted an erroneous assumption as an uncontested fact in their opposition. That assumption, however, is incorrect. To be precise, Senoussi does not have actual notice of the instant suit in his individual capacity.

Undersigned counsel has made an entry of appearance on behalf of the Government of Libya which, as a matter of course, also includes an appearance for defendants holding an official position within the Libyan Government.  Representation of a foreign state, as defined by 28 U.S.C. § 1603, "includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).  *Id*.  It is unquestionable that Libyan officials do not have actual notice regarding every nuisance action filed against them in their individual capacity by  plaintiffs' lawyer in the United States unless they are actually notified – mailings to the Foreign Ministry of Libya do not suffice.  Plaintiffs' argument that appearance of counsel on behalf of the Libyan Government equates actual notice on a defendant in his individual capacity is nonsensical at best and is without validity as it ignores the distinction between a foreign state and an defendant in his individual capacity.

Plaintiffs' further assert that "plainttiff[s] [have made a good faith effort to serve the defendant pursuant to the federal rule.'" (Plt. Opp. at 6).   It is unclear how plaintiffs can maintain that mailing copies of the complaint to the Foreign Ministry of Libya can constitute a "good faith effort to serve" Senoussi pursuant to the federal rules.  It is conceded that plaintiffs have never attempted to serve Senoussi in his individual capacity other than mailing of the complaint to the Government of Libya.   Such an effort can only constitute a *bad faith* and misleading effort.

Plaintiffs' November 30, 2006, Request for Entry of Default also unquestionably concedes that plaintiffs' are aware that they have not notified or served Senoussi in his individual capacity. (Docket Document No. 24). Note 1 of plaintiffs' Request for Entry of Default asserts:

3

> In *Pugh v. Socialist People's Libyan Arab Jamahiriya*, Civil Case No. 02-2026, the plaintiffs effected service on Senoussi in both his individual and official capacities by sending a proper summons and complaint to him at the Libyan External Security Organization, and the sufficiency of service was not challenged in that case. Plaintiffs here have followed the same procedure.

*Id*. Plaintiffs' assertion within their own Request for Entry of Default concedes that if their mailing to the Government of Libya is challenged they do not have valid service. Plaintiffs' own document destroys plaintiffs' current charade regarding proper service. Plaintiffs concede to the Clerk of the Court that their efforts for service on Senoussi in his individual capacity is solely based on the fact that such a method, in an unrelated case, was not challenged. Plaintiffs' own letters to the Clerk of the Court (dated May 22 and June 26, 2006) requesting service on the Government of Libya under the FSIA, as well as plaintiffs' Request for Entry of Default against Senoussi in his individual capacity, all contradict plaintiffs' current posture before the Court.

### I.    Libyan Counsel Has Standing

Plaintiffs' assertion that undersigned counsel has no standing to challenge the default should not be considered by the Court for two reason:

1.    Plaintiffs' had ample opportunity to raise the issue before the Court during the status hearing of January 5, 2007. Plaintiffs' failed to do so and consequently waived the issue. The Court has also granted undersigned counsel the right to substitute the Senoussi Opposition to Entry of Default as a Motion to Vacate Default and to submit a supplemental memorandum in support of that motion. Plaintiffs, if they wished to contest the Court's Order of January 5, 2007, have had ample opportunity to file a motion for reconsideration of the Court's Order. They have failed to do so. Plaintiffs' assertion of lack of standing is both untimely and frivolous and should

be dismissed by the Court.

    2.    Plaintiffs Request for Entry of Default as to Defendant Senoussi to the Clerk of the Court specifically references the case of <u>Pugh v. Socialist People's Libyan Arab Jamahiriya</u>, Case No. 02-2026 for the proposition that mailing of documents to the Foreign Ministry of Libya can serve as sufficient service on Senoussi in his individual capacity. The Court may take judicial notice that undersigned counsel is also Libya's counsel in <u>Pugh</u>. Undersigned counsel has an ethical duty to inform the Court that plaintiffs' have provided erroneous information to the Clerk of the Court to obtain an entry of default against Senoussi in his individual capacity.

## II.    Local Civil Rule 7(g) Inapplicable

    Plaintiffs assert that Senoussi has failed to satisfy the requirements of Local Civil Rule 7(g), which states that "[a] motion to vacate an entry of default . . . *shall* be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part." (Plt. Opp. at 2). The Court should dismiss plaintiffs' assertion for the following reasons:

    1.    The Court considered this issue during the status hearing of January 5, 2007 and substituted Senoussi's previous opposition to plaintiffs' request for entry of default without ordering that an answer should also be filed. Furthermore, the issue of an answer was raised by plaintiffs' counsel during the hearing, Stuart Newberger, Esq., who asserted that an answer would <u>only</u> be required, pursuant to Rule 12. Fed. R. Civ. P, if the entry of default against Senoussi is vacated by the Court. Plaintiffs' have completely waived any requirement under LCvR 7(g).

      2.      Local Rule 7(g) is also inapplicable in the instant case and answer cannot be filed. The default by the Clerk of Court was entered as a result of an erroneous assertion by plaintiffs' that Senoussi, in his individual capacity, was served. An entry of an answer would also require that Senoussi retain undersigned counsel (which he has not). Plaintiffs' assertion pursuant to Local Civil Rule 7(g) that an answer must be filed simultaneously with a motion to vacate is an attempt to create controversy where none exists and contrary to established practice. It would be foolish to believe that undersigned counsel, without being retained by Senoussi in his individual capacity, could submit an answer in his behalf.[1] Undersigned counsel cannot submit an answer on behalf of a client he does not represent.[2]

    The cases cited in the plaintiffs' opposition are distinguishable and inapplicable to the instant case. In both cases, the defendants had, subsequent to an entry of default, made personal appearances before the Court and were attempting to vacate such defaults. Ali v. Mid-Atlantic

---

[1] Plaintiffs' opposition also contradicts itself. In Note 2 plaintiffs concede that undersigned counsel does not represent Senoussi in his individual capacity and then assert that undersigned counsel "lacks the authority challenge the entry of default." (Plt. Opp. at 2). Plaintiffs also assert that undersigned counsel should have filed an answer along with the motion to vacate the default. Plaintiffs are clearly reaching for any flimsy straw in their opposition without regard to how contradictory their assertions may be. In one instance plaintiffs assert that undersigned counsel (despite an Order by the Court) is without authority to challenge the entry of default and next they assert that undersigned counsel must file an answer (assuming then that undersigned counsel has authority to file an answer on behalf of a client he does not represent). The confused assertions should simply be ignored.

[2] Plaintiffs' opposition also asserts that "Under Fed. R. Civ. P. 55(c), an entry of default may be set aside upon a showing of "good cause." (Plt. Opp. at 2, note 3). It is unquestionable that abundant good cause has been presented in the previous submissions before the Court. As plaintiffs have simply ignored them it is required, once again, to highlight them for the Court: (1) failure to serve or notify pursuant to Rule 4, Fed. R. Civ. P.; and (2) misleading the Clerk of the Court by asserting that service on Senoussi, in his individual capacity, has been attempted and perfected. No further elaboration is needed.

Settlement Serv., Inc., 233 F.R.D. 32, 34-35 (D.D.C. 2006) (defendant entered an appearance by way of his attorney); Roosevelt Land, LP v. Childress, No. 05-1292, 2006 WL 1877014, at 1 (D.D.C. July 5, 2006) (defendant made a an appearance and represented himself *pro se*). In this case Senoussi is not before the Court, has not made an appearance and the motion to vacate the default is submitted by undersigned counsel. Senoussi must first be served in his individual capacity and have actual notice of the instant case before he must submit an answer.

### III.    The Requirements of Rule 4 Have Not Been Met

Plaintiffs also assert that they have complied "precisely" with the requirements of Fed. R. Civ. O. 4(f)(2)(C). (Plt. Opp. at 6). As proof they reference the "Notice of Clerk of Court" dated May 22, 2006. That Notice states:

> CERTIFICATE OF CLERK of mailing one copy of the summons, complaint, and notice of suit, together with a translation of each into the official language of the foreign state on defendants Abdallah Senoussi, Libyan External Security Organization, The Socialist People's Libyan Arab Jamahiriya and Muammar Qadhafi, by registered mail, return receipt requested, to the head of the ministry of foreign affairs, pursuant to 28 U.S.C. 1608(a)(3).

(Docket Entry No. 8). The Certificate of the Clerk is issued pursuant to the plaintiffs' may 22, 2006 letter requesting service pursuant to 28 U.S.C. 1608(a)(3) and was sent to the Ministry of Foreign Affairs in Tripoli, Libya.

Plaintiffs July 19, 2006 Notice of Proof of Service also asserts that plaintiffs attempted service by sending a Federal Express parcel to Senoussi and The Libyan External Security Organization at the Ministry of Foreign Affairs in Tripoli, Libya.

It is clear that plaintiffs' service fails the requirement of Rule 4(f)(2)(C)(I) as plaintiffs'

7

own letter asserts that the Federal Express package was sent to the Ministry of Foreign Affairs and was signed for by an individual who was not Senoussi. Hopefully plaintiffs are not now asserting the silly proposition that Senoussi resides within the Foreign Ministry of Libya.

It is also clear that plaintiffs' have not met the requirements of Rule 4(f)(2)(C)(ii) as the Certification by the Clerk (as well as plaintiffs' request letter) clearly demonstrate that service was on the Libyan Government (which included Senoussi in his official capacity) pursuant to "28 U.S.C. 1608(a)(3)". (Docket Entry No. 8 - May 22, 2006 - Certificate of Clerk).

Plaintiffs concede they have <u>never</u> attempted service on Senoussi in his individual capacity as the only evidence they provide is mailings to the Government of Libya at the Foreign Ministry in Tripoli. Mailing of the documents by plaintiffs to the Foreign Ministry is not "reasonably calculated to give notice" to Senoussi in his individual capacity. Rule 4, Fed. R. Civ. P.[3]

Plaintiffs' should not be allowed, simply as an afterthought, to decide that their service pursuant to the provisions of the FSIA (sent to the Foreign Ministry of Libya) can satisfy the notification and service requirements of Rule 4 for an individual defendant. *Id*.

---

[3] Plaintiffs assert that Senoussi has attempted to label plaintiffs' service defective and that is nothing but an "attempt to create controversy where none exists". (Plt. Opp. at 5). However, this is not a label as plaintiffs' letters to the Clerk of the Court clearly assert that the service on the Libyan Government (the Socialist People's Libyan arab Jamahiriya and the Libyan External Security Organization) is pursuant to the FSIA. It is unclear how reliance on plaintiffs' own submission can constitute a label. Plaintiffs' reaction is understandable as their own previous submissions is contrary to their current litigation posture.

**CONCLUSION**

For the foregoing reasons the Court should vacate the default entered by the Clerk of Court against Defendant Senoussi in his individual capacity.

Dated:    January 31, 2007            Respectfully submitted,


                          //s//                          
                        Arman Dabiri
                        Law Offices of Arman Dabiri
                              & Associates, P.L.L.C.
                        1725 I Street, N.W.
                        Suite 300
                        Washington, D.C. 20006
                        Tel. (202) 349-3893
                        E-mail: armandab@worldnet.att.net

                        *Counsel for Libyan Government Defendants*