UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MANJULA PATEL,                      )
individually on her own behalf and  )
as executor of the Estate of Surendra )
Patel, et al.,                      )
            Plaintiffs,             )
                                    )
    v.                              )   Civil Action No. 06-0626 (PLF)
                                    )
THE SOCIALIST PEOPLE'S              )
LIBYAN ARAB JAMAHIRIYA, et al.,     )
                                    )
            Defendants.             )
_____ )

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion to vacate the Clerk's entry of default against Abdallah Senoussi in his individual capacity.[1]  Upon consideration of the motion, the opposition, the reply, other briefs related to this matter, and the record in the case, the Court will grant defendant's motion.

I.  BACKGROUND

Plaintiffs filed suit on April 5, 2006 against defendants The Socialist People's Libyan Arab Jamahiriya ("Libya");  the Libyan External Security Organization ("LESO"); Muammar Qadhafi in both his individual and official capacities;  Abdallah Senoussi in both his individual and official capacities; and the following persons in their individual capacities only:

---

[1] The Court has permitted the attorney representing Mr. Senoussi in his official capacity, Arman Dabiri, to brief this issue without entering an appearance on behalf of Mr. Senoussi in his individual capacity.

Zaid Hassan Abd Latif Safarini; Jamal Saeed Abdul Rahim; Muhammad Abdullah Khalil Hussain Ar-Rahayyal; Muhammad Ahmed Al-Munawar; and Wadoud Muhammad Hafiz Al-Turk.  See Amended Complaint ("Am. Compl.") at 1-24.  Plaintiffs either were passengers or are relatives of passengers who were aboard Pam American World Airways ("Pan Am") Flight 73 on September 5, 1986 when it was hijacked in Karachi, Pakistan.  Id. ¶¶ 9-186.  Out of the 380 people on board Flight 73 that day, twenty passengers and crew members were killed and over 100 persons were injured in the attack.  Id. ¶ 1.  Those defendants named only in their individual capacities were the hijackers of the plane.  Id. ¶¶ 193-197.  Libya and the Libyan intelligence service LESO are alleged to have contributed material support and resources to the hijackers.  Id. ¶¶ 189-190.  Defendant Muammar Qadhafi is the head of state of Libya.  Id. ¶ 191.  Defendant Abdallah Senoussi was, at the time of the hijacking, the second highest-ranking official in LESO.  Id. ¶ 192.  Both Qadhafi and Senoussi are named as defendants in their official and individual capacities, and both are alleged to have ordered, caused and/or assisted in the hijacking of Pam Am Flight 73 or the material support for that hijacking.  Id. ¶ 192.

Plaintiffs requested the Clerk to effect service upon Libya and LESO on June 26, 2006.  They filed notice of proof of service as to defendants Qadhafi and Senoussi on July 19, 2006, and notice of proof of service as to the individual hijacker defendants on May 30, 2006 and August 4, 2006.  According to plaintiffs, the Clerk of the Court first attempted service on defendants Senoussi and Qadhafi on May 26, 2006 via registered mail.  See Notice of Proof of Service (as to Defendants Muammar Qadhafi and Abdallah Senoussi) [Docket No. 15], Declaration of Andy Liu ¶ 3.  When no return receipt was ever received, on July 13, 2006 plaintiffs themselves sent copies of the the complaint, summons and other documents by Federal

Express to the LESO offices at the Ministry of Foreign Affairs in Tripoli. Id. ¶ 4. According to the Federal Express delivery record, the documents sent to Mr. Senoussi were accepted by an "M. Abuzidi" on July 16, 2006 at the Ministry's address in Tripoli. Id., Ex. C.

On August 1, 2006, counsel Arman Dabiri entered an appearance on behalf of Libya, LESO and defendants Qadhafi and Senoussi in their official capacities only. On November 30, 2006, plaintiffs requested that the Clerk of the Court enter defaults against all of the individual hijacker defendants and against Mr. Senoussi in his individual capacity.[2] In their Request for Entry of Default against Mr. Senoussi in his individual capacity, plaintiffs cited to the Federal Express service on the Ministry of Foreign Affairs, stating that Mr. Senoussi was "served with a proper Summons and Amended Complaint in this case on July 16, 2006, pursuant to the Federal Rules of Civil Procedure" and that such service was "effective as to Senoussi both in his *individual* and *official* capacities." Request for Entry of Default [Docket No. 24] at 1-2 (emphasis in original).[3] Plaintiffs further stated that because Mr. Dabiri's appearance on Mr. Senoussi's behalf was only as to his official capacity, and no appearance had been made by or for

---

[2]     Plaintiffs did not request entry of default against defendant Qadhafi in his individual capacity.

[3]     Curiously, plaintiffs placed a footnote to this statement that reads:

> In *Pugh v. Socialist People's Libyan Arab Jamahiriya*, Civil Case No. 02-02026, the plaintiffs effected service on Senoussi in both his individual and official capacities by sending a proper summons and complaint to him at the Libyan External Security Organization,and the sufficiency of service was not challenged in that case. Plaintiffs here have followed the same procedure.

Request for Entry of Default at 2 n.1. The Court does not see how Mr. Senoussi's waiver of any defense related to individual service in a prior case wholly unrelated to the instant action is relevant to the issue of service and entry of default in this case.

Mr. Senoussi individually, the "entry of default against Defendant Senoussi in his individual capacity is appropriate." Id. at 2. On the same day, Mr. Dabiri filed an opposition to plaintffs' motion as to Mr. Senoussi. The Clerk of the Court entered the defaults against Mr. Senoussi and the individual hijacker defendants on December 1, 2006.

At a status conference before this Court on January 5, 2007, Mr. Dabiri reiterated his opposition to the entry of default against Mr. Senoussi in his individual capacity, although Mr. Dabiri does not represent Mr. Senoussi (or Mr. Qadhafi or any other individual defendant) in his non-official or individual capacity. The Court, at that time, permitted Mr. Dabiri to convert his opposition to the request for entry of default to a motion to vacate the default that the Clerk subsequently entered. Mr. Dabiri supplemented that motion with an additional memorandum on January 18, 2007. Plaintiffs filed their response on January 24, 2007, to which Mr. Dabiri replied on January 31, 2007.

## II.  DISCUSSION

Mr. Dabiri argues that plaintiffs have failed to effect proper service on Mr. Senoussi in his individual capacity and that their request for a default to the Clerk of the Court therefore was faulty; the default, he maintains, never should have been entered. See November 30, 2006 Opposition to Plaintiffs' Request for Entry of Default, converted to Motion to Vacate the Default at January 18, 2007 Status Conference ("Mot.") at 1; Defendant's Supplemental Memorandum in Support of Motion to Vacate Default ("Suppl. Mem.") at 1. "For good cause shown the court may set aside an entry of default." FED. R. CIV. P. 55(c). Mr. Dabiri argues that good cause has been shown by the fact that Mr. Senoussi was not properly served, and that the

July 16, 2006 service on Mr. Senoussi at the Ministry of Foreign Affairs, upon which plaintiffs relied to obtain the default from the Clerk of the Court, only constituted service upon Mr. Senoussi in his official capacity pursuant to Rule 4(j) of the Federal Rules of Civil Procedure and the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(3) and (a)(4).

Plaintiffs first argue that Mr. Dabiri "lacks the authority to challenge the entry of default" because he has not been retained to represent Mr. Senoussi in his individual capacity. See Plaintiffs' Opposition to motion to Vacate Entry of Default as to Defendant Senoussi ("Opp.") at 2 n.2.  This argument is irrelevant to what matters in this case:  whether a default has properly been entered by the Clerk against defendant Senoussi in his individual capacity. Regardless of whether Mr. Dabiri has "authority" to challenge the entry of default against Mr. Senoussi, this Court has the authority to review the Clerk's entry of default and the obligation to vacate it if it was entered on a legally or factually incorrect basis.  Whether the Court chooses to entertain Mr. Dabiri's motion or chooses to consider the question *sua sponte* and rely upon plaintiffs' and Mr. Dabiri's briefs to aid in that consideration, there is no question that this Court has the authority to set aside an entry of default "[f]or good cause shown."  FED. R. CIV. P. 55(c). See 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2693 at 91-92 (3d ed. 1998) ("An application under Rule 55(c) to set aside a default entry or judgment is addressed to the sound discretion of the district court."); see also id. § 2692 at 83 ("With respect to the setting aside of an entry of default, [Rule 55(c)] expresses the traditional inherent equity power of the federal courts.") (quoted by KPS & Assocs., Inc. v. Designs by FMC, Inc. 318 F.3d 1, 12 (1st Cir. 2003)).

Where a defendant has not made an appearance because he or she has not been properly served and, in some cases, may not even have notice of a lawsuit, the Court will not ignore such defects in service simply because they are highlighted or demonstrated by another party to the case or his counsel. See Maryland State Firemen's Assoc. v. Chaves, 166 F.R.D. 353, 354 (D.Md. 1996) (district court *sua sponte* set aside clerk's entry of default because service on defendant was not proper); Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 685 (N.D. Iowa 1995) (district court denied entries of default or default judgments against defendants who had not been properly served, some of whom had not yet answered the complaint); see also Yox v. Durgan, 298 F. Supp. 1365, 1366 (D.C. Tenn. 1969) (district court denied motion for judgment of default where there was no evidence that service in accordance with the statute had been made). Plaintiffs have not cited any authority – nor does the Court see any legal basis – for the argument that one defendant in a case lacks "authority" to raise the issue of an improper entry of default against another defendant.

Plaintiffs next argue that Mr. Senoussi has not complied with Local Civil Rule 7(g), because "a motion to vacate an entry of default . . . shall be accompanied by a verified answer presenting a defense sufficient to bar the claim in whole or in part." See Opp. at 2-3. This argument ignores the fact that the Local Rule must be interpreted as applying only to entries of default that are themselves proper. To hold otherwise would be to say that one could apply this Local Civil Rule mechanically and illogically to permit defaults against defendants who have not been properly served, and therefore are not legally obligated to answer the complaint. See Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. at 685 (because plaintiffs must make showing under Rule 55(a) to obtain entry of default that defendants "failed to plead or otherwise defend as

provided by these rules," where "it appears from the record that [plaintiffs] have never properly served the defendants, none of the defendants has failed to plead or defend as required by the rules of civil procedure, and neither entry of default nor entry of defualt judgment would be proper.").

Finally, plaintiffs argue that its service on Mr. Senoussi was sufficient because (1) he received actual notice of the suit when he was served in his official capacity, thereby satisfying the intent of Rule 4 of the Federal Rules of Civil Procedure, and (2) the July 2006 Federal Express mailing by plaintiffs to the Ministry of Foreign Affairs satisfied Rule 4(f)(2)(C) as to service upon Mr. Senoussi in his individual capacity. See Opp. at 3-7. Plaintiffs' argument concerning actual notice is unavailing for two reasons. First, actual notice simply does not satisfy Rule 4 or the constitutional due process requirements necessary for this Court to exercise personal jurisdiction over any defendant. See Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries, 353 F.3d 916, 924-25 (11th Cir. 2003) (court cannot ignore Federal Rules simply because a defendant has received actual notice, which is insufficient to satisfy constitutional due process requirements); 1 MOORE'S FEDERAL PRACTICE § 4.03[3][a] (3rd ed. 2002) ("Generally independent knowledge by defendant that an action has been commenced is insufficient, in the absence of proper service of process, to confer jurisdiction over defendant. The defendant should be properly served with a summons."). See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999); Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Second, as Mr. Dabiri points out, plaintiffs do not have evidence that Mr. Senoussi is on actual notice of this suit, and Mr. Dabiri disputes that actual

notice in fact has been provided to Mr. Senoussi.  See Opp. at 2 ("Senoussi does not have actual notice of the instant suit in his individual capacity.").

The Court also cannot accept plaintiffs' argument that service delivered on the Ministry of Foreign Affairs on July 16, 2006 satisfies Rule 4(f)(2)(C) as to Mr. Senoussi in his individual capacity.  See Opp. at 6.  That Rule provides that unless prohibited by the law of the foreign country, service may be effected by "(i) delivery to the *individual personally* of a copy of the summons and the complaint; or (ii) any form of mail requiring a signed receipt, to be addressed and dispatched *by the clerk of the court* to the party to be served."  FED. R. CIV. P. 4(f)(2)(C)(i), (ii) (emphases added).  It is undisputed that Mr. Senoussi was not personally served with the summons and complaint – the Federal Express mailing to the Ministry was signed for by another individual.  Furthermore, after the Clerk of Court's registered mailing was never confirmed as having been received, plaintiffs attempted to satisfy the second part of the Rule by themselves sending copies of the summons and complaint by Federal Express.  That "service" therefore does not satisfy the clear language of the Rule, which requires that such a mailing be made by the clerk, and not by the plaintiffs.  See O'Donnell v. Shalayev, 2004 WL 2958698 * 7 (D.N.J. Dec. 22, 2004) (service by plaintiff rather than clerk of court was improper under Rule 4(f)(2)(C)(ii);  noting that Advisory Committee note to predecessor Rule "indicates that these 'additional safeguards' – a signed receipt and the processing of papers by the court clerk – are intended to insure delivery, especially 'since the reliability of postal service may vary from country to country.'") (quoting Advisory Committee Note to former FED. R. CIV. P. 4(i)(D)(1)).

Even had the Clerk of Court's registered mailing been received, rather than plaintiffs' Federal Express delivery, the Court would not have found that service to be proper

8

against Mr. Senoussi in his individual capacity. Plaintiffs served Mr. Senoussi at his (presumed) place of business. They do not describe any additional efforts they have made beyond ascertaining the address of the Ministry of Foreign Affairs in Libya for serving Mr. Senoussi personally. Service to Mr. Senoussi's place of business cannot be said to be "reasonably calculated to give notice" to him personally. FED. R. CIV. P. 4(f)(2). Indeed, it would not be effective for service upon him individually in this country, and plaintiffs provide no authority to suggest that service to a business address would be sufficient as service on an individual personally as a matter of Libyan law, the Hague Convention or any other legal authority that might be applicable in this case. See Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994) (service on Bureau of Alcohol, Tobacco and Firearms pursuant to Rule 4(d)(5) was not sufficient to effect service on individual agents, because "[w]hen a plaintiff proceeds against an agent of the government in his or her individual capacity, the plaintiff must effect personal service on that agent (in compliance with the Rules).") (citations omitted).[4]

Although the Court appreciates the difficulty that plaintiffs may have in serving an individual of unknown address in a foreign country, this fact alone cannot be a reason to ignore the Federal and Local Rules of Civil Procedure under which an individual defendant must be properly served. The Court therefore will vacate the Clerk's entry of default against Mr. Senoussi in his individual capacity as it is predicated on defective service.

Accordingly, it is hereby

---

[4] The Court notes that Libya is not a signatory to the Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters.

ORDERED that the motion to vacate the Clerk's entry of default against Abdallah Senoussi in his individual capacity is GRANTED; and it is

FURTHER ORDERED that the Clerk of Court shall vacate the entry of default against defendant Abdallah Senoussi in his individual capacity.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 19, 2007