IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANJULA PATEL, *ET AL.*, )  | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No: 06-626 (PLF) |
| ) | |
| THE SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *ET AL.,* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

Defendants, the Socialist People's Libyan Arab Jamahiriya, the Libyan External Security Organization, Muammar Qadhafi (in his official capacity), and Abdallah Senoussi (in his official capacity), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Rules of The United States District Court for the District of Columbia, move for summary judgment and dismissal of plaintiffs' complaint. A memorandum of points and authorities, a statement of material facts as to which there is no dispute and a proposed order are attached hereto.

Dated:    August 22, 2007

                                                                                    Respectfully Submitted,

                                                                                     //s//
                                                                                    Arman Dabiri
                                                                                    Law Offices of Arman Dabiri &
                                                                                         Associates, PLLC
                                                                                    1725 I Street, N.W.
                                                                                    (202) 349-3893
                                                                                    Washington, D.C. 20006
                                                                                    E-mail: armandab@worldnet.att.net

                                                                                    <u>*Counsel for Defendants*</u>

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANJULA PATEL, *ET AL.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No: 06-626 (PLF) ) |
| THE SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *ET AL.,* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This memorandum of points and authorities is submitted in support of defendants' motion for summary judgment for dismissal of the plaintiffs' complaint with prejudice as the complaint was not filed in a timely manner and must be dismissed under the statute of limitations provision of the Foreign Sovereign Immunities Act.  28 U.S.C. § 1602 *et seq.*

**FACTUAL ALLEGATIONS**

Plaintiffs bring suit, pursuant to the 1996 Terrorism Amendment to the Foreign Sovereign Immunities Act, against Socialist People's Libyan Arab Jamahiriya, the Libyan External Security Organization, Muammar Qadhafi (in his official capacity) and Abdullah Senoussi (in his official capacity) (hereafter "Libya" unless specifically referred to otherwise), as well as other individual defendants, for the alleged hijacking of Pan American Flight 73 (hereafter "Pan Am 73") on September 5, 1986 in Karachi Pakistan.  Plaintiffs allege that the hijackers were by members of the Abu Nidal Organization (hereafter "ANO").  (Comp. at 23 - 24).  Plaintiffs' complaint asserts that ANO was materially supported by Libya and that the hijacking of Pan Am 73 was undertaken at the behest of Libya.  *Passim.*

**ARGUMENT**

The Foreign Sovereign Immunities Act of 1976 ("FSIA") starts with the general rule that foreign states are immune from suit in the United States courts; it also lists the limited circumstances under which a foreign state will be denied immunity; and establishes that the Act is the sole basis for asserting jurisdiction over foreign nations in Unites States Courts. Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 443 (1989). The Supreme Court has held that "a foreign state is presumptively immune from jurisdiction of United States courts, and that unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." Saudi Arabia v. Nelson, 507 U.S. 349, 355 (1993); 28 U.S.C. § 1604.

On April 24, 1996, as part of the comprehensive Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, §221(a), 110 Stat. 1214 (Apr. 24, 1996) (1996 Amendment), Congress amended the FSIA to add a new exception to immunity where money damages are sought against foreign states that have been designated as state sponsors of terrorism by the Secretary of State; suit may be brought under the 1996 Amendment for personal injury or death caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources . . . for such an act. 28 U.S.C. § 1605(a)(7); *see* Price v. The Socialist People's Libyan Arab Jamahiriya, 294 F.3d 82, 87 (D.C. Cir. 2002). Libya, pursuant to 50 U.S.C. App. § 2405(j) or 22 U.S.C. § 2371, was designated as a State Sponsor of Terrorism by the Secretary of State in 1979. Libya, on or about June 30, 2006, was subsequently removal from the State Department's list of designated State Sponsors of Terrorism.

I. **EXPIRATION OF STATUTE OF LIMITATIONS**

The FISA contains an explicit ten year statute of limitations in 28 U.S.C. 1605(f) for cases that are brought under the terrorism exception of §1605(a)(7). Section 1605(f) states:

> **§ 1605.    General exceptions to the jurisdictional immunity of a foreign state**
>
> . . .
>
> **(f)** No action shall be maintained under subsection (a)(7) unless the action is commenced not later than 10 years after the date on which the ***cause of action arose***. All principles of equitable tolling, including the period which the foreign state was immune from suit, shall apply in calculating this limitation period.

(Emphasis added). Plaintiffs' claims in the above captioned case are barred by the ten year statute of limitations of § 1605(f) as the case arose on September of 1986. Plaintiffs filed the instant suit against Libya on April 5, 2006 - almost twenty years after their cause of action arose and almost ten years after Libya's foreign sovereign immunity from suit in terrorism cases was removed by the 1996 Terrorism Amendment to the FSIA.

Most recently two cases have reviewed this issue. In Vine v. Republic of Iraq, 459 F.Supp.2d 10, 20-21 (D.D.C. 2006) Judge Henry H. Kennedy, Jr. held that terrorism cases against foreign designated states under §1605(a)(7) are "subject to a statutory ten-year limitations period." *Id*. The Court then went to analyze and distinguish between when a cause of action *arises* and when a cause of action *accrues* as the plaintiffs in Vine argued that the statute of limitations for their claims against the Government of Iraq did not begin to run until the Congressional waiver of sovereign immunity on April 24, 1996. *Id*. The Court in Vine rejected plaintiffs' argument and held a "claim 'arises' on the date that the action in question occurred. *Id*.

3

More recently, Judge Gladys Kessler, dismissed another case against Libya based on the decision in Vine. Buonocore v. Great Socialist People's Libyan Arab Jamahiriya, __ F.3d__, 2007WL2007509 (D.D.C. 2007). In Buonocore, in analyzing the 10 year statute of limitations of § 1605(f), the Court held that "Under the FSIA, the key question is when the claim 'arose', that is, when the events in question occurred". The Buonocore decision accepts and follows the reasoning in Vine.

In this case it is undisputed that the events giving rise to the allegations of the complaint occurred, and the claims arose, on September 5, 1986. Consequently plaintiffs had until September 1996, five months from the removal of Libya's foreign sovereign immunity under § 1605(a)(7), to file their complaint.

Plaintiffs failed to file their complaint for almost another ten years after the 1996 Terrorism Amendment to the FSIA. The Court need not consider any principles of equitable tolling pursuant to the language of § 1605(f) as plaintiffs cannot under circumstance argue that a delay of 10 years was needed or was a reasonable delay before filing their complaint in April of 2006 against Libya. Phillips v. Heine, 984 F.2d 489, 492 (D.C. Cir. 1993).

The Court should follow the well reasoned decisions in Vine by the Honorable Judge Kennedy and Buonocore by Honorable Judge Kessler and dismiss plaintiffs' complaint in this case.

## CONCLUSION

For the foregoing reasons, the Court should grant Libya's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Rules of The United States District Court for the District of Columbia and dismiss plaintiffs' complaint with prejudice. A "Statement of Undisputed Material Facts" and a proposed order are attached hereto.


Dated:      August 22, 2007            Respectfully submitted,


                                        //s//
                                  Arman Dabiri
                                  Law Offices of Arman Dabiri
                                         & Associates, P.L.L.C.
                                  1725 I Street, N.W.
                                  Suite 300
                                  Washington, D.C. 20006
                                  Tel. (202) 349-3893
                                  E-mail: armandab@worldnet.att.net

                                  *Counsel for Libyan Government Defendants*