UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANJULA PATEL, *et al.*,<br><br>                Plaintiffs,<br><br>        v.<br><br>THE SOCIALIST PEOPLE'S<br>ARAB JAMAHIRIYA, *et al.*,<br><br>                Defendants. | No. 06-CV-00626 (PLF) |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND FOR THE ENTRY OF DEFAULT, OR IN THE ALTERNATIVE TO ENLARGE TIME TO RESPOND TO THE MOTION**

**INTRODUCTION AND BACKGROUND**

Plaintiffs Manjula Patel, *et al.* ("Plaintiffs"), by and though their counsel, respectfully submit this Motion to Strike the Motion for Summary Judgment recently filed by Defendants Socialist People's Libyan Arab Jamahiriya ("Libya"), the Libyan External Security Organization ("LESO"), Muammar Qadhafi ("Qadhafi") and Abdallah Senoussi ("Senoussi") (collectively, "the Libyan Defendants"). Plaintiffs also request that default be entered against the Libyan Defendants for their failure to timely file a responsive pleading in this action. In the alternative, should the Court deny these motions, Plaintiffs request that they be permitted a brief enlargement of time within which to oppose the Libyan Defendants' summary judgment motion.

Plaintiffs in this action are the estates of 13 of the 20 individuals killed in the September 5, 1986 terrorist hijacking of and attack on Pan American World Airways ("Pan Am") Flight 73, their immediate family members and 134 other passengers and crew members, all of whom were injured during this horrific crime. Indeed, the attack was carried out by members of the Abu Nidal Organization ("ANO") terrorist organization at the direction of, and with the material support of, *inter alia*, Libya, LESO, Qadhafi, and Senoussi. The attack resulted in the murder of 20 innocent civilian passengers and crew members and caused serious physical injuries to over 100 others. Plaintiffs in this case seek a judgment against the Libyan Defendants identified above, as well as against the ANO, and several other individuals who carried out the attack at issue in this case.[1]

Procedurally, this case is at an early stage. The Plaintiffs' filed their complaint on April 5, 2006 (Dkt. No. 1) and amended the complaint on April 24, 2006 (Dkt. No. 2). Counsel for Libya, LESO, Qadhafi and Senoussi entered his appearance on August 1, 2006 (Dkt. No. 16), and shortly thereafter, with the consent of Plaintiffs' counsel, filed an unopposed motion to extend the time for the Libyan Defendants to respond to the Amended Complaint until October 18, 2006 (Dkt. No. 18), which this Court granted. (Dkt. No. 19).

On October 18, 2006, the Libyan Defendants responded to the Amended Complaint by moving to dismiss it for lack of subject matter and personal

---

[1] In addition to Qadhafi and Senoussi, the individual defendants are Zaid Hassan Abd Latif Safarini ("Safarini"), Jamal Saeed Abdul Rahim ("Rahim"), Muhammad Abdullah Khalil Hussain Ar-Rahayyal ("Khalil") Muhammad Ahmed Al-Munawar ("Mansoor"), and Wadoud Muhammad Hafiz Al-Turk ("Al-Turk").

jurisdiction under Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6). Plaintiffs timely opposed the motion, and on June 29, 2007, this Court summarily denied the Libyan Defendants' motion to dismiss (Dkt. No. 45). In response, and in violation of the Federal Rules of Civil Procedure, the Libyan Defendants filed no responsive pleading. Instead, on August 22, 2007, they filed the motion for summary judgment which is now before the court (Dkt. No. 48).

First, as we explain below, the Libyan Defendants have not timely filed a pleading in response to the Amended Complaint following this Court's denial of their motion to dismiss. As such, the Libyan Defendants are in default and the Court may deem them to be such and enter default in accordance with Fed. R. Civ. P. 55(a). Second, in the absence of a responsive pleading and the failure to "join issue," the Libyan Defendants' motion for summary judgment is at best premature. The better practice is for the Court not to address (or to strike) the motion in this context unless and until the Libyan Defendants have filed a responsive pleading and are no longer in default. Third, in the alternative, Plaintiffs ask the Court for an enlargement of time to respond to the Libyan Defendants' summary judgment motion to ten days subsequent to the Court's resolution of the instant motion.[2]

---

[2] If and when Plaintiffs do file an opposition to the Libyan Defendants' summary judgment motion, Plaintiffs intend to argue that Congress allowed for the bringing of suits up to ten years from the date of the enactment of the Foreign Sovereign Immunities Act for any incidents arising before its enactment. They will argue further that the recent decisions in *Vine v. Republic of Iraq*, 459 F.Supp.2d 10 (D.D.C. 2006) and *Buonocore v. Great Socialist People's Libyan Arab Jamahiriya*, 2007 WL2007509 (D.D.C. 2007), which found the statute of limitations in terrorism cases had run, are misplaced and contrary to overwhelming authority in this district. And, in any event, the statute of limitations has not run in this case. As

(continued...)

## ARGUMENT

### I. The Libyan Defendants Have Not Complied With The Federal Rules of Civil Procedure And Are In Default

As noted above, this Court, on June 29, 2007, denied the Libyan Defendants' Motion to Dismiss that had been filed under various provisions of Rule 12 of the Federal Rules of Civil Procedure. Once that happened, the Libyan Defendants were obliged by Fed. R. Civ. P 12(a)(4)(A) to file a "responsive pleading" (usually an Answer) within ten days. As the Rule explains, for a defendant who serves a Rule 12 motion: "if the court denies the motion or postpones its disposition until the trial on the merits, *the responsive pleading shall be served within 10 days after notice of the court's action*." Fed. R. Civ. P. 12(a)(4)(A) (emphasis added).

Fed. R. Civ. P. 7(a) provides an exhaustive list of what documents are considered pleadings:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a counterclaim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed,* except that the court may order a reply to an answer or third-party answer.

(emphasis added). We are now more than two months past the Court's denial of the Libyan Defendants' motion to dismiss – that is, well past the ten days permitted by Rule 12(a)(4)(A) – and Libya has not yet filed a responsive pleading. Without a

---

(continued)

such, the Libyan Defendants' motion is without merit and their attempt to resolve this case via summary judgment with an empty factual record should be rejected.

responsive pleading and the issues of the complaint having been "joined," the Court cannot proceed to a resolution of the merits of this case. As Wright & Miller explain, "[t]he time for closing the pleadings is important because it aids in determining" a variety of issues including whether "additional pleadings may be interposed" or "whether the case is at issue for trial." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1189 (Vol. 5., at 41-42).

Instead of filing a "responsive pleading," the Libyan Defendants have filed a motion for summary judgment. Unfortunately for the Libyan Defendants, however, the law is clear that motions – whether to dismiss or for summary judgment – are not responsive pleadings. *See, e.g., Bowden v. U.S.*, 176 F.3d 552, 555 (D.C. Cir. 1999) (in analysis under Fed. R. Civ. P. 15, finding that motion for summary judgment did not constitute responsive pleading); *U.S. Information Agency v. Krc*, 905 F.2d 389, 399 (D.C. Cir. 1990) (same); *Adams v. Quattlebaum.*, 219 F.R.D. 195, 196 (D.D.C. 2004) ("Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15"). Thus, the Libyan Defendants cannot maintain that their summary judgment motion is responsive to Plaintiffs' Amended Complaint.

This summary judgment motion is inappropriate for another reason: until the issues in the Amended Complaint are "joined," neither Plaintiffs nor this Court can determine which facts are admitted or in dispute relative to the purported statute of limitations issue now raised by the Libyan Defendants. This is precisely why the Federal Rules require defendants to file a responsive pleading within ten days after the denial of a Rule 12 motion. Moreover, the requirement facilitates the

Court's ability to manage the case effectively and efficiently by establishing discovery schedules and dispositive motion schedules. This is exactly what this Court did when it ordered the parties to (a) meet and confer pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3; (b) submit a joint status report addressing those same rules; and (c) set a status conference which is currently scheduled for September 25, 2007. Here, not only are the Libyan Defendants violating the Federal Rules, but they are deliberately attempting to delay the orderly process this Court set forth in its June 29, 2007 order (Dkt. No. 45).

By failing to respond to the Amended Complaint with a "responsive pleading," the Libyan Defendants are in default. Fed. R. Civ. P. 55(a) provides for default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Here, the Libyan Defendants have not ever responded to the Amended Complaint in this action (subsequent to the Court's denial of their motion to dismiss), and have ignored their obligations under Fed. R. Civ. P. 12(a)(4)(A) timely to file a response within ten days of this Court's denial of the motion to dismiss. Therefore, the Court in its discretion can now enter a default against these Defendants.

Moreover, by failing timely to respond to the Amended Complaint (or really by failing to respond properly at all thus far), the allegations against the Libyan Defendants can and should be deemed admitted. *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (a defaulting defendant is deemed to admit every well-pleaded allegation in the complaint). The Federal Rules of Civil Procedure support Plaintiffs' contention. Rule 8(d) makes clear that "averments in a pleading to which

a responsive pleading is required...are admitted when not denied in the responsive pleading." Fed. R. Civ. P. 8(d).

Given the Libyan Defendants' failure to file a responsive pleading, their summary judgment motion should be stricken. Although the Federal Rules do not explicitly require that a responsive pleading be filed before a summary judgment motion, the "better practice" is to file an Answer to the Complaint before moving for summary judgment. *Rashidi v. Albright,* 818 F. Supp. 1354, 1357 (D. Nev. 1993), *aff'd* 39 F.3d 1188 (9th Cir. 1994)(Table). Otherwise you have the untidy procedural spectacle of a dispositive motion pending against the backdrop of a case that is in default. *Hooven, Owens, Rentschler Co. v. Royal Indemnity Co.,* 1 F.R.D. 526 (S.D. Ohio 1940) (Court agrees with Plaintiffs that summary judgment should not proceed until an Answer is filed). As the *Rashidi* court explained, "pleadings may help the parties involved and the Court to understand the relevant facts, issues and law." 818 F. Supp. at 1355. *See also Snyder v. Gourd,* 2007 WL 957530 (N.D.N.Y. March 29, 2007) at *5 (discussing court's discretion in resolving summary judgment motion when responsive pleading has not been filed). *Cf. Poe v. Cristina Copper Mines, Inc.,* 15 F.R.D. 85, 87 (D. Del. 1953) (no automatic entitlement of a delay in the requirement to Answer by a certain date just because a motion for summary judgment has been filed). Because the Libyan Defendants have not filed a responsive pleading and are thus in default, the Court should strike the summary judgment motion (subject to it being refiled if the Court in its discretion permits Libya to file a now untimely responsive pleading).

Finally, all of this is merely a transparent attempt by the Libya to impede the progress of this case and avoid addressing the merits of this action. This is a strategy Libya has employed in every other "victims of terrorism" case it has litigated in this district. It is important to make Libya comply with the Rules because a failure to do so serves only to delay proceedings – something Libya is very happy to do. Various courts have criticized parties who attempt to manipulate the litigation process by not timely filing responsive pleadings. *See United Mine Workers of America 1974 Pension Trust v. Pittston Co.*, 793 F.Supp. 339 (D.D.C. 1992) (noting that the "manipulation of the litigation process is not condoned by the Federal Rules of Civil Procedure or by this Court" where a submission of supplemental declarations to demonstrate the existence of material fact on a motion for reconsideration could have been submitted with the original submission); *Ricke v. Armso, Inc.*, 158 F.R.D. 149, 150 (D. Minn. 1994) (refusing to allow the manipulative use of the Federal Rules of Civil Procedure to procure delay of the answer where party mislabeled a motion for summary judgment a motion to dismiss to avoid answering). *See, e.g., Biton v. Palestinian Interim Self-Government Authority*, 239 F.R.D. 1, 4 (D.D.C. 2006) (granting a default motion where defendant did not answer in compliance with Rule 12(a)(4)(A) and delay caused by such a strategy, together with its impact on the resolution on the proceeding, provided enough cause to support default). Libya's efforts at delay by way of ignoring the Federal Rules of Civil Procedure should not be condoned by this Court.

### II. In The Alternative, Plaintiffs Request Additional Time To Respond To The Libyan Defendants' Motion For Summary Judgment

For the reasons stated above, the Libyan Defendants' Motion for Summary Judgment should be stricken, and an entry of default should be entered against the Libyan Defendants. However, should the Court in its discretion decide to do otherwise, Plaintiffs' respectfully request an enlargement of time of ten days within which to respond to the summary judgment motion filed by the Libyan defendants.[3]

### CONCLUSION

For the foregoing reasons, the Libyan Defendants' Motion For Summary Judgment should be struck and an entry of default should be made against Defendants Libya, LESO, Qadhafi and Senoussi.

Respectfully submitted,

_____/s/_____
Stuart H. Newberger, D.C. Bar No. 294793
Michael L. Martinez, D.C. Bar No. 347310
Andy Liu, D.C. Bar No. 454986
Justin P. Murphy, D.C. Bar No. 477718
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500 telephone
(202) 628-5116 facsimile

Counsel for Plaintiffs

August 31, 2007

---

[3] As the Local Rules require, counsel for Plaintiffs sought consent for the requested enlargement of time from counsel for Defendants, Mr. Arman Dabiri. Mr. Dabiri reported that he does not consent to this request.

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August 2007, a true and correct copy of the foregoing was filed via the court's Electronic Filing/Case Management System. In addition, I hereby certify that a copy of the foregoing was sent via first-class mail, postage prepaid, to Defendants Safarini, Qadhafi, Senoussi, Rahim, Ar-Rahayyal, Al-Munawar, and Al-Turk at the following addresses:

Zaid Hassan Abd Latif Safarini
USP Florence ADMAX
U.S. Penitentiary
P.O. Box 8500
5880 Highway 67 South
Florence, CO 81226

Muammar Qadhafi
Libyan External Security Organization
Ministry of Foreign Affairs
Tripoli, Libya

Abdallah Senoussi
Libyan External Security Organization
Ministry of Foreign Affairs
Tripoli, Libya

Jamal Saeed Abdul Rahim
Adiala Jail
Rawalpindi, Pakistan

Muhammad Abdullah Khalil Hussain Ar-Rahayyal
Adiala Jail
Rawalpindi, Pakistan

Muhammad Ahmed Al-Munawar
Adiala Jail
Rawalpindi, Pakistan

Wadoud Muhammad Hafiz Al-Turk
Adiala Jail
Rawalpindi, Pakistan

                                                                               /s/
                                                 Justin P. Murphy