# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANJULA PATEL, *ET AL.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No: 06-626 (PLF) |
| ) | |
| THE SOCIALIST PEOPLE'S LIBYAN ) | |
| ARAB JAMAHIRIYA, *ET AL.,* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND THE ENTRY OF DEFAULT**

Defendants, the Socialist People's Libyan Arab Jamahiriya, the Libyan External Security Organization, Muammar Qadhafi (in his official capacity), and Abdallah Senoussi (in his official capacity), (hereafter "Libya") oppose plaintiffs' motion to strike Libya's Motion for Summary Judgment and entry of default, or in the alternative to enlarge time to respond to Libya's Motion. A proposed order if attached hereto.

**I.   Libya's Motion for Summary Judgment is Jurisdictional**

The ten year statute of limitations relied upon by Libya's in its motion for summary judgment is unquestionably a part of the 1996 Terrorism Amendment to the Foreign Sovereign Immunities Act. 28 U.S.C. § 1605(f). It is also unquestionable that the Court must decide whether it has subject-matter jurisdictional as a threshold matter. FW/PBS, Inc. v. City of Dallas, 492 U.S. 215, 231 (1990); Cross-Sound Ferry Servs., Inc., v. ICC, 934 F.2d 327, 339 (D.C. Cir. 1991).

The Supreme Court has held that a statute of limitations, as a condition of a waiver of

sovereign immunity, is a jurisdictional bar to the plaintiffs' suit in this case.  Henderson v. United States, 517 U.S. 654, 677 (1996) ("[W]e have long held that a statute of limitations attached to a waiver of sovereign immunity functions as a condition on the waiver and defines the limits of the district court's jurisdiction to hear a claim against the United States").  It has also been held that a jurisdictional statute of limitations can "narrow the waiver of sovereign immunity".[1]  United States v. Williams, 514 U.S. 527, 534, n. 7 (1995).

Even assuming that the ten year statute of limitations contained within § 1605(f) of the FSIA is not jurisdictional and is an affirmative defense, our Circuit has recognized, in reliance upon such practice in other Circuits, that it may be permitted to raise such a defense in dispositive motions where "no prejudice is shown".  Harris v. Secretary, U.S. Department of Veterans Affairs, 126 F.3d 339, 345 (D.C. Cir. 1997).[2]

While plaintiffs' are correct that Libya has yet to file an answer, they have only raised the issue of default after Libya's filing of its motion for summary judgment for plaintiffs's jurisdictional failure to satisfy the FSIA's §1605(f) ten year statute of limitations.  Plaintiffs' retroactive request for entry of default, after Libya's motion is without legal basis and should be

---

[1] The same logic which is applicable to the United States Government is should be, in the context of sovereign immunity, applicable to Libya.

[2] Harris relied upon the following: Blaney v. United States, 34 F.3d 509, 512 (7th Cir. 1994) (unpled untimeliness defense could be raised in motion to dismiss); Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993) (affirmative defense may be raised at summary judgment absent prejudice); Moore, Owen, Thomas & co. v. Coffey, 992 F.2d 1439, 1445 (6th Cir. 1993) (affirmative defense may be raised in response to summary judgment motion); Ball Corp. v. Xiden Corp., 967 F.2d 1440, 1443-44 (10th Cir. 1992) (raising affirmative defense in summary judgment motion preserved defense for trial three months later). Id. at 344.

denied.[3]

Plaintiffs also cannot show any prejudice from Libya's motion for summary judgment. Plaintiffs' motion argues that in an opposition to Libya's motion for summary judgment they are prepared to argue that the recent decisions in <u>Vine v. Republic of Iraq</u>, 459 F.Supp.2d 10 (D.D.C. 2006) and <u>Buonocore v. Great Socialist People's Libyan Arab Jamahiriya</u>, 2007 WL2007509 (D.D.C. 2007) were decided incorrectly. Plaintiffs position is based on an issue of law and plaintiffs do not assert that Libya's motion for summary judgment is prejudicial. They have not argued that the pleading requirements of Rule 8(c), Fed. R. Civ. P., have been violated and they were without notice of the defense of untimeliness. Plaintiffs have also not asserted that an answer by Libya would have allowed them to develop discovery so that they would be able to oppose Libya's motion. Plaintiffs' position regarding the two dispositive and correctly decided cases on the issue is solely based on plaintiffs' legal interpretation of the 1996 Terrorism Amendment to the FSIA by Congress and consequently there is no issue of prejudice due to lack of an answer by Libya.

Libya's motion will also serve the interests of justice and efficiency. If the Court holds that the plaintiffs have failed to satisfy the statute of limitations requirement of the FSIA the case is ripe for dismissal with prejudice. The Court need not examine any further filings and argument by the parties and can dispose of the entire case on that issue of law. This would clearly prevent any delay in the disposition of the instant case.

---

[3] While Libya believes that the issue of the FSIA statute of limitations should be resolved first as a threshold matter, if the Court so instructs, Libya would be pleased to file an answer and raise the defense of statute of limitations there-in. After the filing of an answer Libya could reinstate its motion for summary judgment.

The Court should note that plaintiffs' motion itself admits that there is no grounds for striking Libya's motion for summary judgment.  Plaintiffs' admit that "the Federal Rule do not explicitly require that a responsive pleading be filed before a summary judgment motion, the 'better practice' is to file an Answer to the Complaint before moving for summary judgment."  (Plt. Mot. at 7).  In support of plaintiffs tortured position to strike Libya's motion for summary judgment plaintiffs have cited a single non-binding district court case from Nevada.

Plaintiffs' also  assert that Libya's motion for summary judgment is a "attempt by Libya to impede the progress of this case and avoid addressing the merits of this action".  (Plt. Mot. at 8). While plaintiffs' motion baselessly asserts slanderous allegations that Libya's motion is to delay proceedings, it should be clear to the Court that Libya's motion for summary judgment is based on the educated and well reasoned decisions of two Federal District Judges from the District of Columbia Circuit.   It would seem that plaintiffs' motion is actually the transparent attempt by plaintiffs to avoid the inevitable dismissal of a case that was filed ten years after the expiration of FSIA's statute of limitations.   Plaintiffs further allege that Libya is manipulating the litigation process and that is not "condoned by the Federal Rules of Civil Procedure or by this Court."   (Plt. Mot. at 8).  Plaintiffs' allegations are strictly rejected as the allegations are completely  baseless and ignores the two recent rulings by sister Courts in this Circuit.

Plaintiffs' motion to strike Libya's summary judgment and for entry of default are based on unsupported assertions of law. The Court must determine whether it has subject-matter jurisdiction before Libya is obliged to file an answer in this case.  Consequently, the Court should deny plaintiffs' motion to strike Libya's motion for summary judgment as well as plaintiffs' request for an entry of judgment.

Plaintiffs have also requested an enlargement of time to respond to Libya's motion for summary judgment if the Court denies plaintiffs' motion to strike and for an entry of default against Libya. Plaintiffs have not asserted any reason as to why such a delay is warranted. Consequently the Court should deny plaintiffs' request for enlargement of time and consider Libya's motion for summary judgment conceded.

## CONCLUSION

For the foregoing reasons the Court should deny plaintiffs' motion to strike Libya's motion for summary judgment and entry of default. The Court should further deny plaintiffs' motion for enlargement of time and consider Libya's motion for summary judgment conceded.

Dated:      September 11, 2007

Respectfully Submitted,

\_\_//s//_____
Arman Dabiri
Law Offices of Arman Dabiri &
        Associates, PLLC
1725 I Street, N.W.
(202) 349-3893
Washington, D.C. 20006
E-mail: armandab@worldnet.att.net

*Counsel for Libyan Government Defendants*
