UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MANJULA PATEL, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE SOCIALIST PEOPLE'S )<br>ARAB JAMAHIRIYA, *et al.*, )<br>)<br>Defendants. ) | No. 06-CV-00626 (PLF) |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT, AND FOR THE ENTRY OF DEFAULT**

In response to the Plaintiffs' motion to strike and for the entry of default, the Libyan Defendants[1] admit on page 2 of their opposition that they have filed no Answer and thereby effectively concede that they are in default. Yet they seem not to care about their failure to follow Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure. Rather, they attempt to take Plaintiffs to task for seeking what the Libyan Defendants term a "retroactive request for entry of default," meaning the default request came subsequent to the Libyan Defendants' Motion for Summary Judgment – as if the timing of Plaintiffs' motion in that factual context actually

---

[1] As in Plaintiffs' motion, the term "Libyan Defendants" is used herein to encompass Defendants Socialist People's Libyan Arab Jamahiriya, the Libyan External Security Organization, Muammar Qadhafi, and Abdallah Senoussi.

means something. In so doing, the Libyan Defendants simply ignore that the requirements of the Federal Rules – in this case the requirement that a "responsive pleading" be filed within ten days of a Court's denial of a motion to dismiss – are there for a reason: to promote an orderly process to move cases as efficiently as possible through the federal court system. Thus, it is important for parties to follow the rules and the Court should make the Libyan Defendants do so.

Plaintiffs, however, are not interested in playing the kind of procedural games and stall tactics that Libya has regularly engaged in before various judges of this Court. To the contrary, the Plaintiffs seek as prompt and efficient a resolution on the merits that they can reasonably obtain. Therefore, in light of the Libyan Defendants' representation in footnote 3 of their opposition that "if the Court so instructs," they "would be pleased to file an answer" followed by a new summary judgment motion, Plaintiffs will withdraw their request for default if the Court issues an Order to the Libyan Defendants that denies their pending summary judgment motion without prejudice and requires them to file an Answer by a date certain. Such a resolution of the current procedural situation created by Libya adheres to and promotes fidelity to the rules.

By filing an Answer, the Libyan Defendants will admit or deny the extensive factual allegations set forth in the Amended Complaint. This will allow the Plaintiffs – as well as the Court – to understand how the parties have joined issue, a critical step in the orderly process of this dispute. The Answer will also set forth all the defenses the Libyan Defendants intend to raise in this case, of whatever sort,

including the apparent statute of limitations issue set forth in their "summary judgment" motion.  The Court will then be in a position at the September 25 status conference to determine how all these issues should be managed and scheduled for further proceedings, including discovery, motions practice, etc.

Assuming the Libyan Defendants comply with such an Order by the Court and file a timely Answer, they can thereafter file whatever "summary judgment" motion they desire, consistent with the Federal Rules of Civil Procedure (including Rule 56), the Foreign Sovereign Immunities Act, 28 U.S.C. § 1601, *et seq.*, and any other applicable statutes or regulations.  The Plaintiffs would then timely respond to that motion. As noted in their Motion to Strike, Plaintiffs reserve their rights to respond to such a motion consistent with these authorities, and shall not be deemed to have waived any rights herein.

WHEREFORE, Plaintiffs ask the Court to issue an Order that denies the Libyan Defendants' Motion for Summary Judgment, without prejudice, and requires the Libyan Defendants to file an Answer within ten days of the Court's Order.

Respectfully submitted,

/s/
Stuart H. Newberger, D.C. Bar No. 294793
Michael L. Martinez, D.C. Bar No. 347310
Andy Liu, D.C. Bar No. 454986
Justin P. Murphy, D.C. Bar No. 477718
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500 telephone
(202) 628-5116 facsimile

Counsel for Plaintiffs

September 14, 2007

4147501

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September 2007, a true and correct copy of the foregoing was filed via the court's Electronic Filing/Case Management System. In addition, I hereby certify that a copy of the foregoing was sent via first-class mail, postage prepaid, to Defendants Qadhafi, Senoussi, Rahim, Ar-Rahayyal, Al-Munawar, and Al-Turk at the following addresses:

Muammar Qadhafi
Libyan External Security Organization
Ministry of Foreign Affairs
Tripoli, Libya

Abdallah Senoussi
Libyan External Security Organization
Ministry of Foreign Affairs
Tripoli, Libya

Jamal Saeed Abdul Rahim
Adiala Jail
Rawalpindi, Pakistan

Muhammad Abdullah Khalil Hussain Ar-Rahayyal
Adiala Jail
Rawalpindi, Pakistan

Muhammad Ahmed Al-Munawar
Adiala Jail
Rawalpindi, Pakistan

Wadoud Muhammad Hafiz Al-Turk
Adiala Jail
Rawalpindi, Pakistan

                                                                /s/
                                            Peter J. Eyre