UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MANJULA PATEL, *et al.*,   )<br>   )<br>    Plaintiffs,   )<br>   )<br> v.   )<br>   )<br> THE SOCIALIST PEOPLE'S LIBYAN  )<br> ARAB JAMAHIRIYA, *et al.*,   )<br>   )<br>    Defendants.   )<br>   )<br>   )<br>   ) | Civil Action No. 06-626 (PLF) |

## JOINT LOCAL CIVIL RULE 16.3 REPORT

Pursuant to the June 29, 2007 and July 13, 2007 Orders of the Court, counsel for (i) Plaintiffs Manjula Patel, *et al.*, (ii) Defendants the Socialist People's Libyan Arab Jamahiriya ("Libya"), the Libyan External Security Organization ("LESO"), Muammar Qadhafi, Abdallah Senoussi (collectively, the "Libyan Defendants"), and (iii) Zaid Hassan Abd Latif Safarini (collectively, "the represented parties") have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3 and do hereby jointly submit this report pursuant to LCvR 16.3(d).

   A.   **Statement of the Case**

This action arises from the September 5, 1986 terrorist hijacking of Pan American World Airways ("Pan Am") Flight 73, which killed 20 innocent civilian

passengers and crew members and resulted in serious physical injuries to over 100 others. Plaintiffs in this action are the estates of 13 of the 20 individuals killed in the September 5, 1986 hijacking of Pan Am Flight 73, their immediate family members, and 134 other passengers and crew members, all of whom were injured during this horrific crime. The Plaintiffs include both United States nationals and non-United States nationals. Altogether, they seek judgment against the Libyan Defendants: (1) the Socialist People's Libyan Arab Jamahiriya ("Libya"); (2) the Libyan External Security Organization ("LESO"), the Libyan intelligence service; (3) Muammar Qadhafi, the head of the Libyan state, in his official and individual capacities; (4) Abdallah Senoussi, a high ranking official in LESO, in his official and individual capacities; as well as against the ANO Defendants who carried out the attack: (5) Zaid Hassan Abd Latif Safarini; (6) Jamal Saeed Abdul Rahim; (7) Muhammad Abdullah Khalil Hussain Ar-Rahayyal; (8) Muhammad Ahmed Al-Munawar; and (9) Wadoud Muhammad Hafiz Al-Turk. Amended Complaint ¶6. The Plaintiffs who were United States nationals at the time of the hijacking bring claims against the Libyan Defendants, in both their official and individual capacities, and against the ANO Defendants. *Id.* The Plaintiffs who were not United States nationals at the time of the hijacking bring claims against all individual defendants in their individual capacities. *Id.*

  **B.**  **Case Status and Matters Listed in Local Civil Rule 16.3(c)**

The Plaintiffs filed their complaint on April 5, 2006 (Dkt. No. 1) and amended the complaint on April 24, 2006 (Dkt. No. 2). Defendants Muammar Qadhafi and

Abdallah Senoussi have not been served in their individual capacities as acknowledged by the Court's Order of April 19, 2007 vacating the entry of default against defendant Abdallah Senoussi in his individual capacity (Dkt. No. 41). On October 18, 2006, the Libyan Defendants responded to the Amended Complaint by moving to dismiss it for lack of subject matter and personal jurisdiction under Fed. R. Civ. P. 12(b)(1), (2) and (6). Plaintiffs timely opposed the motion, and on June 29, 2007, this Court summarily denied the Libyan Defendants' motion to dismiss (Dkt. No. 45). None of the defendants has filed a responsive pleading to Plaintiffs' Amended Complaint. On August 22, 2007, the Libyan Defendants filed a motion for summary judgment which is now before the court (Dkt. No. 48). On August 31, 2007, the Plaintiffs filed a Motion to Strike Defendants' Motion for Summary Judgment, and for the Entry of Default, or in the Alternative to Enlarge Time to Respond to the Motion (Dkt. No. 49). The represented parties have conferred regarding the matters set forth in LCvR 16.3(c), and with respect to each, state as follows:

1. With respect to the likelihood that this case will be disposed of by dispositive motion, the represented parties note that (a) the Motion to Dismiss filed by the Libyan Defendants has already been denied by the Court and (b) the Libyan Defendants have filed a Motion for Summary Judgment, which the Plaintiffs have moved to strike. The represented parties do not anticipate that any other dispositive motions will be filed at this early stage of the

proceedings. The Libyan Defendants' are of the view that the case will be disposed of by way of dispositive motion.

1a. On Plaintiffs' motion, the Clerk entered a default against Defendant Zaid Hassan Abd Latif Safarini on December 1, 2006. After having reviewed the allegations of the Amended Complaint as those allegations relate to him and considered his personal circumstances, Mr. Safarini has concluded that he will not take steps to remove the entry of the default against him.

2. The represented parties do not currently anticipate that there will be additional parties to be joined in this lawsuit.

3. The represented parties agree that this case should not be assigned to a magistrate judge for any purpose.

4. The represented parties believe that there is a possibility of settlement of the case prior to trial, but are unable to assess the likelihood of such a settlement. No discussions have taken place.

5. Regarding the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR), the Plaintiffs are willing to participate in any form of mediation or settlement discussions that the Court might suggest or order. The Libyan Defendants are of the belief that this case is unlikely to benefit from such procedures.

6. The Libyan Defendants have filed a summary judgment motion, which the Plaintiffs have moved to strike. The represented parties do not anticipate that any other summary judgment motions or motions to dismiss will be filed

at this early stage of the proceedings. Plaintiffs propose that any dispositive motions be filed on or before August 1, 2008.

7. The represented parties are not in agreement as to whether to stipulate to dispense with the initial disclosure required by Rule 26(a)(1).

   a. Based upon prior experiences with the Libyan Defendants in similar cases, the Plaintiffs believe that the initial disclosures are unlikely to facilitate the discovery process. Moreover, Plaintiffs believe that it would be unduly burdensome to provide a computation of damages for all 178 plaintiffs at this early stage.

   b. The Libyan Defendants do not agree to stipulate to dispense with the initial disclosures required by Rule 26(a)(1). The Libyan Defendants' believe that the disclosures under Rule 26(a)(1) should not be burdensome to plaintiffs as the facts giving rise to the instant suit took place over twenty years ago. Such productions will eliminate the need for unnecessary discovery and will allow for a refinement of issues and facts which will may be presented before the Court.

8. The represented parties do not agree on a discovery plan.

   a. The Libyan Defendants are of the belief that any discovery should be stayed until the disposition of dispositive motion before the Court. Any discovery prior to the disposition of Libya's motion for summary judgment will be wasteful. If any discovery is to be conducted, the Libyan Defendants are of the belief that currently discovery should be

        limited to questions of jurisdiction only. Additional discovery, if necessary, should only be considered after discovery limited to the question of jurisdiction is completed. Jurisdictional discovery, in light of the international nature of the case and multiple localities in various countries, should continue for a minimum of six months and may be extended by request of the parties and upon approval of the Court.

    b.    Plaintiffs believe that judicial efficiency would be served by allowing discovery on all issues to proceed at once. Because the jurisdictional issue is intertwined with the merits of the case, bifurcating discovery will only serve to create the opportunity for additional discovery disputes, with minimal savings in resources. Plaintiffs propose that all fact and expert discovery be concluded by June 30, 2008.

9.    The represented parties do not agree on expert discovery issues.

    a.    Plaintiffs propose that all Rule 26(a)(2)(B) expert reports be due on or before May 30, 2008, and that all rebuttal expert reports be due on or before June 13, 2008.

    b.    The Libyan Defendants believe that expert discovery at this stage is premature and cannot advise the Court as to the scope, duration, and dates for any such discovery.

10.    This is not a class action so this paragraph is not applicable.

11.    At this time, the parties see no need for bifurcation.

12-13. The represented parties propose that any pretrial or trial dates, if necessary, should be set after the Court has reviewed dispositive motions.

Attached hereto is each party's proposed scheduling order.

Dated: September 17, 2007

                                                                    Respectfully submitted,

_____/s/ al_____       _____/s/_____
Arman Dabiri, DC Bar #463351      Stuart H. Newberger, DC Bar #294793
Law Offices of Arman Dabiri      Michael L. Martinez, DC Bar #347310
  & Associates, PLLC      Andy Liu, DC Bar #454986
1725 I Street, N.W., Suite 300      CROWELL & MORING LLP
Washington, D.C. 20006      1001 Pennsylvania Avenue, N.W.
Tel. (202) 349-3893      Washington, D.C. 20004-2595
     Tel. (202) 624-2500

*Counsel for Libyan Government*

     *Counsel for Plaintiffs*

_____/s/ al_____
Geoffrey Stewart, DC Bar #287979
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2213
Tel. (202) 879-3764

*Counsel for Defendant Safarini*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANJULA PATEL, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE SOCIALIST PEOPLE'S LIBYAN )<br>ARAB JAMAHIRIYA, *et al.*, )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 06-626 (PLF) |

## PLAINTIFFS' [PROPOSED] ORDER

Having considered the parties' proposed schedules, it is hereby

ORDERED that proceedings in this matter shall conform to the following schedule:

| | |
|---|---|
| September 26, 2007 | Discovery begins |
| May 30, 2008 | Rule 26(a)(2)(B) expert reports due |
| June 13, 2008 | Rule 26(a)(2)(B) rebuttal expert reports due |
| June 30, 2008 | Close of fact and expert discovery |
| August 1, 2008 | Dispositive motions due |

IT IS SO ORDERED.

_____
Judge Paul L. Friedman
United States District Court

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MANJULA PATEL, *et al.*,  )<br>  )<br>   Plaintiffs,  )<br>  )<br> v.  )<br>  )<br>THE SOCIALIST PEOPLE'S LIBYAN )<br>ARAB JAMAHIRIYA, *et al.*,  )<br>  )<br>   Defendants.  )<br>  )<br>  )<br>  ) | Civil Action No.  06-626 (PLF) |

## **LIBYAN DEFENDANTS' [PROPOSED] ORDER**

Having considered the parties' proposed schedules, it is hereby

**ORDERED** that all discovery will be stayed until the Court's resolution of

Defendants' Motion for Summary Judgment currently before the Court.


Dated: _____ , 2007


                                                                              _____
                                                                              United States District Court

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of September 2007, a true and correct copy of the foregoing was filed via the court's Electronic Filing/Case Management System. In addition, I hereby certify that a copy of the foregoing was sent via first-class mail, postage prepaid, to Defendants Qadhafi, Senoussi, Rahim, Ar-Rahayyal, Al-Munawar, and Al-Turk at the following addresses:

Muammar Qadhafi
Libyan External Security Organization
Ministry of Foreign Affairs
Tripoli, Libya

Abdallah Senoussi
Libyan External Security Organization
Ministry of Foreign Affairs
Tripoli, Libya

Jamal Saeed Abdul Rahim
Adiala Jail
Rawalpindi, Pakistan

Muhammad Abdullah Khalil Hussain Ar-Rahayyal
Adiala Jail
Rawalpindi, Pakistan

Muhammad Ahmed Al-Munawar
Adiala Jail
Rawalpindi, Pakistan

Wadoud Muhammad Hafiz Al-Turk
Adiala Jail
Rawalpindi, Pakistan

                                                                /s/
                                                  Peter J. Eyre