UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANJULA PATEL, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> THE SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 06-CV-00626 (PLF) |

**PLAINTIFFS' STATEMENT OF GENUINE ISSUES
AND STATEMENT OF GENUINE MATERIAL
FACTS THAT ARE AND ARE NOT IN DISPUTE**

Pursuant to Local Civ. R. 7(h) and Local Civ. R. 56.1, the Plaintiffs hereby attach their statement of genuine issues.

Plaintiffs respond to Defendants Socialist People's Libyan Arab Jamahiriya, the Libyan External Security Organization, Muammar Qadhafi (in his official capacity) and Abdallah Senoussi (in his official capacity) (collectively the "Libyan Defendants") Statement of Undisputed Material Facts In Support of Defendants' Motion For Summary Judgment as follows:

1.     Plaintiffs agree that they filed suit in the above captioned case on April 5, 2006 against the Libyan Defendants, Muammar Qadhafi (in his individual capacity), Abdallah Senoussi (in his individual capacity), as well as against Defendants Jamal Saeed Abdul Rahim ("Rahim"); Muhammad Abdullah Khalil

Hussain Ar-Rahayyal ("Khalil"); Muhammad Ahmed Al-Munawar ("Mansoor"); Zaid Hassan Abd Latif Safarini ("Safarini"); and Wadoud Muhammad Hafiz Al-Turk, Wadoud Muhammad Fahd Al-Turk, Salman Ali El-Turki, Aliman Ali El-Turki, Bou Baker Muhammad ("Al-Turk") (collectively the "ANO Defendants").

2. Plaintiffs agree that the factual underpinnings that form the basis of this case are the hijacking of and terrorist attack on Pan American Flight 73 ("Pan Am Flight 73") on September 5, 1986, in Karachi, Pakistan by members of the Abu Nidal Organization ("ANO"), which received material support from the Libyan Defendants.

3. Plaintiffs agree with the statements in paragraph 3 of the Libyan Defendants' Statement of Undisputed Material Facts.

4. Plaintiffs do not agree with the statements in paragraph 4 of the Libyan Defendants' Statement of Undisputed Material Facts. As stated by the Libyan Defendants, this is a legal conclusion. As detailed more fully in their accompanying memorandum of law, Plaintiffs could not file suit until April 24, 1996.

5. Plaintiffs agree with the statements in paragraph 5 of the Libyan Defendants' Statement of Undisputed Material Facts.

6. Plaintiffs agree with the statements in paragraph 6 of the Libyan Defendants' Statement of Undisputed Material Facts.

7. Plaintiffs agree that the indictment was unsealed on June 19, 2000, and that the unsealed indictment was made public at this time.

8.    Plaintiffs agree that on September 28, 2001, Defendant Safarini was captured by the Federal Bureau of Investigation in Bangkok after his release from jail in Pakistan.

9.    Plaintiffs agree with the statements in paragraph 9 of the Libyan Defendants' Statement of Undisputed Material Facts.

10.    Plaintiffs agree that on December 16, 2003, Defendant Safarini entered a plea of guilty in the United States District Court to the entire 95 count superseding indictment against him relating to the hijacking of Pan Am Flight 73 in Karachi, Pakistan.

11.    Plaintiffs agree with the statements in paragraph 11 of the Libyan Defendants' Statement of Undisputed Material Facts.

12.    Plaintiffs agree that they filed suit in the above-captioned case against the Libyan Defendants, Muammar Qadhafi (in his individual capacity), Abdallah Senoussi (in his individual capacity), and the ANO Defendants on April 5, 2006.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

In addition to the foregoing response to Libya's asserted statement of material facts allegedly not in dispute, Plaintiffs assert that the following genuine and material facts are not in dispute.

1.    On the morning of September 5, 1986, Pan Am Flight 73 was hijacked by terrorists while it was sitting on the airport tarmac in Karachi, Pakistan. The flight originated in Bombay, India, and stopped in Karachi to take on passengers en route to Frankfurt, Germany, and its final destination at New York's John F.

3

Kennedy Airport. *See United States v. Safarini*, Criminal No. 91-504 (EGS), Rule 11 Proffer of Facts dated November 12, 2003 ("Proffer") ¶ 2 (attached hereto as Exhibit C); *United States v. Safarini*, Criminal No. 91-504 (EGS), Superseding Indictment dated August 28, 2002 ("Superseding Indictment"), Count 1 (attached hereto as Exhibit D).

2. At approximately 6 a.m. that morning, four terrorists – Defendants Rahim, Khalil, Mansoor and Safarini – dressed as Pakistani security agents and armed with assault rifles, pistols, grenades, and belts of plastic explosives, stormed the plane as the flight was boarding, and proceeded to hold hostage approximately 380 innocent civilian passengers and crew members for 16 horrifying hours. *See* Proffer ¶ 3, Ex. C; Superseding Indictment, Ex. D at Counts 1-11. The pilots and flight engineers were able to escape from the plane through a hatch in the cockpit, thus effectively grounding the plane. *See* Proffer ¶ 4, Ex. C. Defendant Al-Turk accompanied the four other terrorists to the airport, but did not board the plane. *See id.* ¶ 25.

3. During the hijacking, the hijackers demand that the authorities provide them with a flight crew so that they could fly to Cyprus and obtain the release of Palestinian prisoners detained there. Their demands were not met. *See id.* ¶ 5.

4. The terrorists threatened, assaulted, and terrorized the passengers and crew, and tortured, beat, and assassinated one passenger in plain view of the other passengers, throwing his body out of the plane onto the tarmac. *See id.* ¶ 10.

At approximately 10 p.m. that night, when the plane's auxiliary power unit failed and the plane's lights went out, the terrorist hijackers recited a martyrdom prayer in Arabic, and opened fire on the passengers with automatic weapons and threw grenades in the air on the plane.  In the end, 20 passengers and crew were killed that day, and many others suffered severe physical and/or emotional injuries.  *See id.* ¶¶ 12-15.

5. Pakistani authorities arrested three of the terrorists – Rahim, Khalil, and Mansoor – on the ground of the Karachi airport immediately following the final deadly assault as they were attempting to escape with the fleeing passengers.  Safarini was arrested a few hours later at a local hospital where he had been taken for treatment after being removed from the plane.  About one week later, Pakistani authorities arrested Al-Turk.  *See id.* ¶ 18.

6. Although evidence has since come to light which makes it clear that the attack on Pan Am Flight 73 was undertaken at the behest of Libya and its government officials, at the time of the attacks Libya's role in sponsoring and offering material support for the attack was not known publicly.  Critically, and in contrast to several other notorious acts of terrorism in the 1980s discussed below, Libya did not admit or even imply that it was responsible for this attack.  This did not become known publicly for another 18 years, in 2004.  Declaration of Jay Grantier ("Grantier Decl.") ¶¶ 4-5 (attached hereto as Exhibit A); Declaration of Prabhat Krishnaswamy ("Krishnaswamy Decl.") ¶ 4 (attached hereto as Exhibit B).

5

7. In 1988, Defendants Al-Turk, Safarini, Rahim, Khalil, and Mansoor voluntarily signed a joint statement in which they admitted to their role in the hijacking of Pan Am Flight 73. In this statement, the hijackers admitted going to Pakistan to hijack an American airplane with the intent to crash the plane in the "strategic centre of the Zionist enemy" so that they might obtain the release of Palestinian freedom fighters. Proffer ¶ 27, Ex. C; *United States v. Safarini*, Criminal No. 91-504 (EGS), Sentencing Memorandum dated April 30, 2004 ("Sentencing Memorandum"), Attachment B (attached hereto as Exhibit E). The terrorists did not disclose any affiliation with the Abu Nidal Organization or Libya.

8. Shortly thereafter, the five defendants were convicted and sentenced to death by a Pakistani court. These sentences were later commuted to life sentences to be served in Pakistan. United States Attorney's Office for the District of Columbia: Chronology of Significant Events Relating to the Hijacking of Pan Am Flight 73 ("Chronology of Significant Events") (attached hereto as Exhibit F). On August 29, 1991, following an investigation of the hijacking and terrorist attack on Pan Am Flight 73, the United States government indicted Defendants Al-Turk, Safarini, Rahim, Khalil, and Mansoor. *See United States v. Safarini*, Criminal No. 91-504 (EGS), Docket Sheet ("Safarini Docket Sheet"), at entry 1 (attached hereto as Exhibit G); *United States v. Safarini*, Criminal No. 91-504 (EGS), Indictment dated August 29, 1991 ("Indictment") (attached hereto as Exhibit H). This was a sealed indictment not available to the public or to Plaintiffs when it was issued or for almost nine years thereafter. Even then, when the Indictment was unsealed on

6

June 19, 2000, it provided no information relating to Libya's support for or involvement in the hijacking of Pan Am Flight 73.  *See* Indictment, Ex. H; Safarini Docket Sheet, Ex. G at entry 3.

9. On September 28, 2001, shortly after he was released from a Pakistani prison, Defendant Safarini was captured by the Federal Bureau of Investigation ("FBI") and brought to the United States.  *See* Chronology of Significant Events, Ex. F.  On August 28, 2002, a Superseding Indictment was returned against Defendants Al-Turk, Safarini, Rahim, Khalil, and Mansoor.  The Superseding Indictment, like the original Indictment that was unsealed in 2000, provided *no* information relating to Libya's support for or involvement in the hijacking of Pan Am Flight 73.  In fact, Libya is not even mentioned in the Superseding Indictment.  *See* Superseding Indictment, Ex. D.

10. On December 16, 2003, Defendant Safarini pled guilty to all 95 counts of the superseding indictment against him in connection with the hijacking of Pan Am Flight 73.  *See* Safarini Docket Sheet, Ex. G at entry 118; *United States v. Safarini*, Criminal No. 91-504 (EGS), Plea Agreement ("Safarini Plea Agreement") (attached hereto as Exhibit I).  At the plea proceeding, Safarini did not mention or note the role of Libya in the attack.  Defendant Safarini is currently incarcerated at the United States Penitentiary in Florence, Colorado in the ADMAX facility.  *See* Chronology of Significant Events, Ex. F.  Defendants Al-Turk, Rahim, Khalil, and Mansoor remain in prison in Pakistan.

11. It was not until June 2004 that information about Libya's role in the hijacking of and terrorist attack on Pan Am Flight 73 first surfaced in the public media and became available to Plaintiffs. *See* Krishnaswamy Decl. ¶13, Ex. B. While researching information regarding the hijacking of and terrorist attack on Pan Am Flight 73, Dr. Prabhat Krishnaswamy located a newspaper article by investigative reporter Jon Swain in The Sunday Times which had been published on March 28, 2004. *Id.*; Grantier Decl. ¶13, Ex. A. This article revealed for the first time that Libya had hired ANO to carry out the attack on Pan Am Flight 73. *See* Jon Swain, *Revealed: Gadhaffi's Air Massacre Plot*, The Sunday Times (March 28, 2004) ("Swain article") (attached hereto as Exhibit J).

12. Critical to the present motion, in his article Swain emphasized that this was "the first time" Libya was publicly linked to the hijacking of Pan Am Flight 73. The Swain article also noted that the hijacking of Pan Am Flight 73 had never been "publicly blamed" on Libya and that the "incriminating details [had] remained secret" until the publication of the article in 2004. *See id.* Swain's article noted, among other things, that Libya's involvement in the hijacking of Pan Am Flight 73 "did not even come out at the trial" of the hijackers in Pakistan. *See id.*

13. On July 18, 2004, an article appeared in the South Asia Tribune and confirmed that Libya was the mastermind of the attack on Pan Am Flight 73. *See* Javed Rana, *Gaddafi Masterminded 1986 Pan Am Hijacking, Admits Jailed Hijacker*, South Asia Tribune (July 18, 2004) ("Rana article") (attached hereto as Exhibit K). In this article, Javed Rana reported that one of the hijackers,

8

Defendant Rahim, had corroborated Mr. Swain's revelation that Libya was responsible for the Pan Am hijacking. *See id.* According to Defendant Rahim, Defendants Al-Turk, Safarini, Rahim, Khalil, and Mansoor carried out the hijacking at the behest of Libya. Defendant Rahim confirmed that Qadhafi was the "mastermind of the 1986 Pan Am hijacking . . . ." *See id.* Mr. Rana's article also noted that Libya's role in the attack on Pan Am Flight 73 was not revealed during the trial of Defendants Al-Turk, Safarini, Rahim, Khalil, and Mansoor in Pakistan. *See id.*

14. The revelation in 2004 that Libya had ordered the hijacking and terrorist attack on Pan Am Flight 73 shocked and angered the victims of the attack. Krishnaswamy Decl. ¶ 14, Ex. B; Grantier Decl. ¶ 14, Ex. A. Between the time of the hijacking and the publication of these articles in 2004, some of the victims of the Pan Am 73 attack had searched for and assembled available information about the attack. Krishnaswamy Decl. ¶¶ 4-12, Ex. B; Grantier Decl. ¶¶ 4-12, Ex. A. But until 2004, none of the public documents or news reports contained any indication that Libya was responsible for the hijacking of Pan Am Flight 73. Krishnaswamy Decl. ¶¶ 4-12, Ex. B; Grantier Decl. ¶¶ 4-12, Ex. A.

15. Shortly after seeing the Swain article in 2004, several victims of the terrorist attack retained Crowell & Moring LLP to represent the victims. Krishnaswamy Decl. ¶ 15, Ex. B; Grantier Decl. ¶ 15, Ex. A. The victims continued to seek additional information about the terrorist attack. Krishnaswamy Decl. ¶ 17, Ex. B; Grantier Decl. ¶ 17, Ex. A. While the pursuit and collection of information

related to Libya's role in the Pan Am Flight 73 hijacking was ongoing, some of the victims began searching for and contacting other victims from that flight. Krishnaswamy Decl. ¶ 16, Ex. B; Grantier Decl. ¶ 16, Ex. A.

16.     This was a daunting task, as there were nearly 400 passengers and crew on Pan Am Flight 73, living in many different parts of the world, including the United States, Europe, India, Pakistan, Canada, and Mexico, among others. Krishnaswamy Decl. ¶ 16, Ex. B; Grantier Decl. ¶ 16, Ex. A.  The victims placed advertisements in international newspapers to help locate other victims and their family members.  Krishnaswamy Decl. ¶ 17, Ex. B; Grantier Decl.¶ 17, Ex. A.  In addition, many of the 400 victims and their families did not speak English.  *See* Proffer ¶ 1, Ex. C; Sentencing Memorandum, Ex. E.  As a result, it took many months to locate victims and their families, and much more time to organize such a large and diverse group and still more time to gather the information necessary to file the detailed complaint in this case.

17.     On April 5, 2006, the Plaintiffs filed this lawsuit.  *See Patel et al. v. The Socialist People's Libyan Arab Jamahiriya et al.*, C.A. No. 06-00626 (PLF), Docket Sheet, at entry 1 (attached hereto as Exhibit L).  An amended complaint was filed on April 24, 2006.  *See id.*, at entry 2.

                    Respectfully submitted,

                    /s/
                    Stuart H. Newberger, D.C. Bar No. 294793
                    Michael L. Martinez, D.C. Bar No. 347310
                    Andy Liu, D.C. Bar No. 454986
                    Justin P. Murphy, D.C. Bar No. 477718
                    CROWELL & MORING LLP
                    1001 Pennsylvania Avenue, N.W.
                    Washington, D.C. 20004-2595
                    (202) 624-2500 telephone
                    (202) 628-5116 facsimile

                    Counsel for Plaintiffs

December 7, 2007