# EXHIBIT D

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on June 11, 2001

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 91-0504 (EGS) |
| | ) |
| v. | ) Violations: |
| | ) |
| | ) **AUG 2 8 2002** |
| WADOUD MUHAMMAD HAFIZ AL-TURK, | ) 18 U.S.C. § 371 |
| also known as WADOUD MUHAMMAD | ) (Conspiracy to Commit Offenses |
| FAHD AL-TURK, | ) Against the United States) |
| also known as SALMAN ALI EL-TURKI, | ) 18 U.S.C. § 2331(b)(2) (1986) |
| also known as SLIMAN ALI EL-TURKI, | ) (Conspiracy to Murder United States |
| also known as BOU BAKER MUHAMMAD, | ) Nationals Outside the United States) |
| | ) 18 U.S.C. § 2331(a)(1) (1986) |
| ZAID HASSAN ABD LATIF SAFARINI, | ) (Murder of United States Nationals |
| also known as MUSTAFA HASSAN SAID | ) Outside the United States) |
| BOMER, | ) 18 U.S.C. §§ 32(a)(1) and 34 |
| also known as MUSTAFA, | ) (Damaging an Aircraft Resulting in |
| | ) Death) |
| JAMAL SAEED ABDUL RAHIM, | ) 18 U.S.C. §§ 32(a)(2) and 34 |
| also known as FAHAD ALI AL-JASEEN, | ) (Placing a Destructive Device on an |
| also known as FAHD ALI AL-JASSEM, | ) Aircraft Resulting in Death) |
| also known as FAHAD, | ) 18 U.S.C. §§ 32(a)(5) and 34 |
| also known as ISMAEL, | ) (Performing an Act of Violence Against |
| | ) an Individual on an Aircraft Resulting |
| MUHAMMAD ABDULLAH KHALIL | ) in Death) |
| HUSSAIN AR-RAHAYYAL, | ) 49 U.S.C. App. § 1472(i) (1982) |
| also known as KHALIL ANTWAN KIWAN, | ) (Attempt to Commit Aircraft Piracy |
| also known as KHALIL, | ) Resulting in Death) |
| also known as WALID, | ) 18 U.S.C. § 844(i) |
| | ) (Malicious Damage to an Aircraft |
| MUHAMMAD AHMED AL-MUNAWAR, | ) Resulting in Death) |
| also known as MANSOOR AL-RASHID, | ) 18 U.S.C. § 844(i) |
| also known as MANSOUR ABDUL | ) (Malicious Damage to an Aircraft |
| RAHMAN RASHED, | ) Resulting in Personal Injury) |
| also known as MANSOOR, | ) 18 U.S.C. § 1203 |
| also known as ASHRAF NAEEM, | ) (Hostage Taking) |
| | ) 18 U.S.C. § 2331(b)(1) (1986) |
| **SULLIVAN, J. EGS**  Defendants. | ) (Attempted Murder of United States |
| | ) Nationals Outside the United States) |

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk

By
DEPUTY



SUPERSEDING

```
)   18 U.S.C. § 2331(c)(2) (1986)
)   (Causing Serious Bodily Injury to United
)   States Nationals Outside the United
)   States)
)   18 U.S.C. § 924(c)
)   (Use of a Firearm During a Crime of
)   Violence)
)   18 U.S.C. § 2
)   (Aiding and Abetting and Causing an
)   Act to be Done)
```

## INDICTMENT

The Grand Jury Charges that:

### COUNT ONE

At all times material to this Indictment:

1.      Pan American World Airways was an airline owned by a corporation created

under the laws of a State of the United States and registered under Chapter 20, Title 49 of the

United States Code, which airline flew its aircraft in commerce between the United States and

other countries.  Pan American World Airways operated aircraft leased from and owned by

Bankers Trust Company, a corporation created under the laws of the State of New York.

2.      Pan American World Airways' aircraft bearing United States registration number

N656PA was a civil aircraft as defined in Section 1301 of Title 49 of the United States Code

Appendix.

3.      On September 5, 1986, Pan American World Airways flight 73 (United States

aircraft registration number N656PA) was scheduled to fly from Karachi, Pakistan, to Frankfurt,

West Germany.

4.      All of the acts referred to in this Indictment were committed in and around

2

Karachi, Pakistan, and elsewhere outside the United States, that is, outside of the jurisdiction of any particular state or district of the United States, but within the extraterritorial jurisdiction of the United States and, therefore, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia.

5.    From on or about July 22, 1986 to on or about September 5, 1986, within Pakistan and elsewhere outside the United States, defendants, **WADOUD MUHAMMAD HAFIZ AL-TURK,** also known as WADOUD MUHAMMAD FAHD AL-TURK, also known as SALMAN ALI EL-TURKI, also known as SLIMAN ALI EL-TURKI, also known as BOU BAKER MUHAMMAD (hereinafter referred to as **"AL-TURK"**), **ZAID HASSAN ABD LATIF SAFARINI,** also known as MUSTAFA HASSAN SAID BOMER, also known as MUSTAFA (hereinafter referred to as **"SAFARINI"**), **JAMAL SAEED ABDUL RAHIM,** also known as FAHAD ALI AL-JASEEN, also known as FAHD ALI AL-JASSEM, also known as FAHAD, also known as ISMAEL (hereinafter referred to as **"RAHIM"**), **MUHAMMAD ABDULLAH KHALIL HUSSAIN AR-RAHAYYAL,** also known as KHALIL ANTWAN KIWAN, also known as KHALIL, also known as WALID (hereinafter referred to as **"AR-RAHAYYAL"**), and **MUHAMMAD AHMED AL-MUNAWAR,** also known as MANSOOR AL-RASHID, also known as MANSOUR ABDUL RAHMAN RASHED, also known as MANSOOR, also known as ASHRAF NAEEM (hereinafter referred to as **"AL-MUNAWAR"**), together with others known and unknown to the Grand Jury, co-conspirators but not defendants herein, did knowingly, willfully and unlawfully combine, conspire, confederate and agree to commit offenses against the United States, that is:

a.    to commit murder with premeditation and malice aforethought, in violation of 18

3

U.S.C. §§ 2331(a)(1) (1986) and 2;

b.     to use and carry firearms and destructive devices during and in relation to crimes

of violence, in violation of 18 U.S.C. §§ 924(c) and 2;

c.     to attempt to commit murder with premeditation and malice aforethought, in

violation of 18 U.S.C. §§ 2331(b)(1) (1986);

d.     to engage in acts of physical violence which would cause serious bodily injury to

United States nationals, in violation of 18 U.S.C. §§ 2331(c)(2) (1986) and 2;

e.     to seize and detain, and threaten to kill, injure and continue to detain passengers

and crew, including nationals of the United States, on Pan American World Airways flight 73, in

order to compel Karachi Airport authorities to provide a cockpit crew to fly the aircraft to

Larnaca, Cyprus and to Israel, to compel authorities in Cyprus to release Palestinian prisoners

being detained in Cyprus, and to compel the government of Israel to release Palestinian prisoners

being detained in Israel, as a condition for the release of passengers on flight 73, in violation of

18 U.S.C. §§ 1203 and 2;

f.     to damage, destroy and disable and cause to be damaged, destroyed and disabled

civil aircraft United States registration number N656PA of Pan American World Airways, an

aircraft in the special aircraft jurisdiction of the United States and which was used, operated and

employed in interstate and foreign air commerce, in violation of 18 U.S.C. § 32(a)(1) and 2;

g.     to place and to cause to be placed a destructive device and substance in, upon and

in proximity to Pan American World Airways flight 73, in a manner likely to endanger the safety

of civil aircraft number N656PA of Pan American World Airways, an aircraft in the special

aircraft jurisdiction of the United States and which was used, operated and employed in interstate and foreign

air commerce, in violation of 18 U.S.C. §§ 32(a)(2) and 2;

      h.    to perform and cause to be performed acts of violence against various individuals, that is, assault members of the crew and passengers on board Pan American World Airways flight 73 in a manner likely to endanger the safety of civil aircraft United States registration number N656PA of Pan American World Airways, an aircraft in the special aircraft jurisdiction of the United States and which was used, operated and employed in interstate and foreign air commerce, in violation of 18 U.S.C. §§ 32(a)(5) and 2;

      i.    to seize and exercise control over an aircraft and attempt to seize and exercise control over an aircraft within the special aircraft jurisdiction of the United States, that is, Pan American World Airways flight 73 (United States registration number N656PA), by force and violence and threat of force and violence and by other forms of intimidation, with wrongful intent, that is, armed with assault rifles, pistols, hand grenades and plastic explosives, in violation of 49 U.S.C. App. § 1472(i) (1982) and 18 U.S.C. § 2; and

      j.    to maliciously damage and destroy and attempt to damage and destroy by means of an explosive a vehicle used in interstate and foreign commerce, that is, civil aircraft United States registration number N656PA of Pan American World Airways, causing death and injury to persons as a direct and proximate result of such conduct, in violation of 18 U.S.C. §§ 844(i) and 2.

## MEANS AND METHODS USED BY THE CONSPIRATORS
## TO FURTHER THE OBJECTS OF THE CONSPIRACY

      11.    Among the means used by the conspirators to further the objects of the conspiracy were the following:

a.    to effectuate the conspiracy, the conspirators agreed to hijack an aircraft operated by an American airline, hold the passengers and crew as hostages, fly the aircraft to Larnaca, Cyprus and to Israel, compel authorities in Cyprus to release Palestinian prisoners being detained in Cyprus, compel the government of Israel to release Palestinian prisoners being detained in Israel, and destroy the aircraft and its occupants by means of explosive devices.

b.    to effectuate the conspiracy, the conspirators undertook preparations in Pakistan to hijack an aircraft operated by Pan American World Airways, an American corporation.

c.    to ensure that no one could thwart the hijacking, four of the conspirators boarded Pan American World Airways flight 73 suddenly and without warning.

d.    to force the crew and passengers of Pan American World Airways flight 73 to obey their demands, four of the conspirators armed themselves with various types of weapons and explosive devices.

e.    to maintain control over and to terrorize the crew and passengers so that no one would attempt to interfere with the seizure of the aircraft and the carrying out of the conspiracy, the conspirators discharged their firearms and assaulted the crew upon boarding the aircraft.

f.    to coerce and pressure the Karachi Airport authorities and the authorities of the government of Pakistan to meet their demands for a cockpit crew to fly the aircraft out of Pakistan, the conspirators executed a passenger, a United States national.

## OVERT ACTS

12.    In furtherance of the conspiracy and to effect the objects thereof, there were committed, by at least one of the co-conspirators herein, at least one of the following overt acts, among others:

6

a.    On or about July 22, 1986, defendant **AL-TURK** arrived in Pakistan.

b.    On or about August 5, 1986, defendants **RAHIM, AR-RAHAYYAL and AL-MUNAWAR** arrived in Pakistan.

c.    On or about August 8, 1986, defendant **SAFARINI** arrived in Pakistan.

d.    On or about August 5, 1986, continuing to on or about September 5, 1986, in Pakistan, defendants **AL-TURK, SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR** undertook preparations to hijack an aircraft operated by Pan American World Airways, an American corporation.

e.    On or about September 5, 1986, at the airport in Karachi, Pakistan, defendants **SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR,** armed with assault rifles, pistols, hand grenades and plastic explosives, boarded Pan American World Airways flight 73 (United States registration number N656PA), and seized control of the aircraft.

f.    On or about September 5, 1986, defendants **RAHIM and AR-RAHAYYAL,** with force of weapons took physical control of two members of the aircraft's cabin crew.

g.    On or about September 5, 1986, defendant **SAFARINI** demanded that a cockpit crew be provided to fly the aircraft to Larnaca, Cyprus, to secure the release of prisoners.

h.    On or about September 5, 1986, defendant **SAFARINI** threatened that passengers would be killed one by one if the conspirators' demands were not met.

i.    On or about September 5, 1986, defendant **SAFARINI** shot a passenger, Rajesh N. Kumar, a national of the United States, in the head and threw his body from the aircraft to the tarmac.

j.    On or about September 5, 1986, defendant **SAFARINI** instructed a member of the

7

aircraft's cabin crew to collect the passengers' passports and to provide him with the passports of the American passengers.

k.    On or about September 5, 1986, defendants **SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR,** while on board Pan American World Airways flight 73 (United States registration number N656PA), opened fire with their assault rifles and pistols and detonated their hand grenades, resulting in death and serious injury to passengers and crew, and damage and destruction to the aircraft.

**(Conspiracy to Commit Offenses Against the United States,** in violation of Title 18, United States Code, Section 371)

## COUNT TWO

1.    Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated by reference as if fully realleged and restated herein, as are the abbreviated names of the defendants as set forth in Paragraph 5 of Count One of this Indictment.

2.    From on or about July 22, 1986 to on or about September 5, 1986, within Pakistan and elsewhere outside the United States, defendants **AL-TURK, SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR,** together with others known and unknown to the Grand Jury, co-conspirators but not defendants herein, did knowingly, willfully and unlawfully combine, conspire, confederate and agree to commit murder with premeditation and malice aforethought, in violation of 18 U.S.C. §§ 2331(a)(1) (1986).

### MEANS AND METHODS USED BY THE CONSPIRATORS TO FURTHER THE OBJECT OF THE CONSPIRACY

3.    Among the means used by the conspirators to further the object of the conspiracy

8

were the following:

a.      to ensure that United States nationals would be included among the crew and passengers, the conspirators agreed to hijack an aircraft operated by Pan American World Airways, an American corporation.

b.      to effectuate the conspiracy, the conspirators undertook preparations in Pakistan to hijack an aircraft operated by Pan American World Airways, an American corporation.

c.      to effectuate the conspiracy, four of the conspirators armed themselves with various types of weapons and explosive devices and boarded Pan American World Airways flight 73 suddenly and without warning.

d.      to ensure that the object of the conspiracy would be met, the conspirators armed themselves with belts made of plastic explosives.

## OVERT ACTS

4.      In furtherance of the conspiracy and to effect the object thereof, there were committed, by at least one of the co-conspirators herein, at least one of the following overt acts, among others:

a.      On or about July 22, 1986, defendant **AL-TURK** arrived in Pakistan.

b.      On or about August 5, 1986, defendants **RAHIM, AR-RAHAYYAL and AL-MUNAWAR** arrived in Pakistan.

c.      On or about August 8, 1986, defendant **SAFARINI** arrived in Pakistan.

d.      On or about September 5, 1986, at the airport in Karachi, Pakistan, defendants **SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR,** armed with assault rifles, pistols, hand grenades and plastic explosives, boarded Pan American World Airways flight 73

9

and seized control of the aircraft.

     e.      On or about September 5, 1986, defendants **RAHIM and AR-RAHAYYAL,**
with force of weapons assaulted and took physical control of two members of the aircraft's cabin
crew.

     f.      On or about September 5, 1986, defendant **SAFARINI** demanded that a cockpit
crew be provided to fly the aircraft to Larnaca, Cyprus, to secure the release of prisoners.

     g.      On or about September 5, 1986, defendant **SAFARINI** threatened to kill
passengers one by one if the conspirators' demands were not met.

     h.      On or about September 5, 1986, defendant **SAFARINI** shot a passenger, Rajesh
N. Kumar, a national of the United States, in the head and threw his body from the aircraft to the
tarmac.

     i.      On or about September 5, 1986, defendant **SAFARINI** instructed a member of the
aircraft's cabin crew to collect the passengers' passports and to provide him with the passports of
the American passengers.

     j.      On or about September 5, 1986, defendants **SAFARINI, RAHIM, AR-
RAHAYYAL, and AL-MUNAWAR,** opened fire with their assault rifles and pistols and
detonated their hand grenades, resulting in death and serious injury to passengers, including
United States nationals.

     **(Conspiracy to Murder United States Nationals Outside the United States,** in
violation of Title 18, United States Code, Section 2331(b)(2) (1986))

COUNT THREE

1.     Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated

10

by reference as if fully realleged and restated herein, as are the abbreviated names of the defendants as set forth in Paragraph 5 of Count One of this Indictment.

2.    On or about September 5, 1986, within the country of Pakistan and outside the United States, defendants **AL-TURK, SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR**, with premeditation and malice aforethought, did unlawfully kill Rajesh N. Kumar, a national of the United States, by shooting him with a firearm.

**(Murder of a United States National Outside the United States and Aiding and Abetting and Causing an Act to be Done**, in violation of Title 18, United States Code, Sections 2331(a)(1) (1986) and 2)

## COUNT FOUR

1.    Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated by reference as if fully realleged and restated herein, as are the abbreviated names of the defendants as set forth in Paragraph 5 of Count One of this Indictment.

2.    On or about September 5, 1986, within the country of Pakistan and outside the United States, defendants **AL-TURK, SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR**, with premeditation and malice aforethought, did unlawfully kill Surendra M. Patel, a national of the United States, by shooting him with a firearm.

**(Murder of a United States National Outside the United States and Aiding and Abetting and Causing an Act to be Done**, in violation of Title 18, United States Code, Sections 2331(a)(1) (1986) and 2)

## COUNT FIVE

1.    Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated by reference as if fully realleged and restated herein, as are the abbreviated names of the

defendants as set forth in Paragraph 5 of Count One of this Indictment.

2.    On or about September 5, 1986, in Karachi, Pakistan, defendants **AL-TURK,**

**SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR,** and others known and

unknown to the Grand Jury, did willfully damage, destroy and disable and cause to be damaged,

destroyed and disabled an aircraft within the special aircraft jurisdiction of the United States, that

is, Pan American World Airways aircraft registration number N656PA, flying as Pan Am flight

73, a civil aircraft of the United States used, operated and employed in interstate and foreign air

commerce.

3.    The deaths of Rajesh N. Kumar and Surendra M. Patel, both United States

nationals, and of other persons resulted from this offense.

**(Damaging an Aircraft Resulting in Death and Aiding and Abetting and Causing an
Act to be Done,** in violation of Title 18, United States Code, Sections 32(a)(1), 34 and 2)

## COUNT SIX

1.    Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated

by reference as if fully realleged and restated herein, as are the abbreviated names of the

defendants as set forth in Paragraph 5 of Count One of this Indictment.

2.    On or about September 5, 1986, in Karachi, Pakistan, defendants **AL-TURK,**

**SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR,** and others known and

unknown to the Grand Jury, did willfully place and cause to be placed a destructive device and

substance in, upon and in proximity to an aircraft within the special aircraft jurisdiction of the

United States, that is, Pan American World Airways aircraft registration number N656PA, flying

as Pan Am flight 73, a civil aircraft of the United States which was used, operated and employed

12

in interstate and foreign air commerce, in a manner likely to endanger the safety of that aircraft.

3.    The deaths of Rajesh N. Kumar and Surendra M. Patel, both United States

nationals, and of other persons resulted from this offense.

**(Placing a Destructive Device on an Aircraft Resulting in Death and Aiding and Abetting and Causing an Act to be Done,** in violation of Title 18, United States Code, Sections 32(a)(2), 34 and 2)

### COUNT SEVEN

1.    Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated

by reference as if fully realleged and restated herein, as are the abbreviated names of the

defendants as set forth in Paragraph 5 of Count One of this Indictment.

2.    On or about September 5, 1986, in Karachi, Pakistan, defendants **AL-TURK,**

**SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR,** and others known and

unknown to the Grand Jury, did willfully perform and cause to be performed acts of violence

against various individuals, that is, assaulting members of the crew and passengers on board an

aircraft within the special aircraft jurisdiction of the United States, that is, Pan American World

Airways aircraft registration number N656PA, flying as Pan Am flight 73, a civil aircraft of the

United States which was used, operated and employed in interstate and foreign air commerce, in

a manner likely to endanger the safety of the aircraft.

3.    The deaths of Rajesh N. Kumar and Surendra M. Patel, both United States

nationals, and of other persons resulted from this offense.

**(Performing an Act of Violence Against an Individual on an Aircraft Resulting in Death and Aiding and Abetting and Causing an Act to be Done,** in violation of Title 18, United States Code, Sections 32(a)(5), 34 and 2)

## COUNT EIGHT

1.      Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated by reference as if fully realleged and restated herein, as are the abbreviated names of the defendants as set forth in Paragraph 5 of Count One of this Indictment.

2.      On or about September 5, 1986, in Karachi, Pakistan, defendants **AL-TURK, SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR,** and others known and unknown to the Grand Jury, did attempt to commit air piracy, that is, with wrongful intent, by force and violence and threat of force and violence and by other forms of intimidation, that is, while armed with assault rifles, pistols, hand grenades and plastic explosives, attempted to seize and exercise control of an aircraft within the special aircraft jurisdiction of the United States, that is, Pan American World Airways aircraft registration number N656PA, flying as Pan Am flight 73.

3.      Even though the aircraft, that is, Pan American World Airways aircraft registration number N656PA, flying as Pan Am flight 73, was not in flight at the time of the attempt to commit air piracy, this offense was within the special aircraft jurisdiction of the United States because the aircraft would have been within the special aircraft jurisdiction of the United States had the offense of aircraft piracy been completed.

4.      The deaths of Rajesh N. Kumar and Surendra M. Patel, both United States nationals, and of other persons resulted from the attempted commission of this offense.

**(Attempt to Commit Aircraft Piracy Resulting in Death and Aiding and Abetting and Causing an Act to be Done,** in violation of Title 49, United States Code, Appendix Section 1472(i) (1982) and Title 18, United States Code, Section 2)

14

## COUNT NINE

1.     Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated by reference as if fully realleged and restated herein, as are the abbreviated names of the defendants as set forth in Paragraph 5 of Count One of this Indictment.

2.     On or about September 5, 1986, in Karachi, Pakistan, defendants **AL-TURK, SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR,** and others known and unknown to the Grand Jury, did maliciously damage and destroy and attempt to damage and destroy by means of an explosive a vehicle used in interstate and foreign commerce, that is, civil aircraft number N656PA of Pan American World Airways.

3.     The deaths of Rajesh N. Kumar and Surendra M. Patel, both United States nationals, and of other persons occurred as a direct and proximate result of this offense.

   **(Malicious Damage to an Aircraft Resulting in Death and Aiding and Abetting and Causing an Act to be Done,** in violation of Title 18, United States Code, Sections 844(i) and 2)

## COUNT TEN

1.     Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated by reference as if fully realleged and restated herein, as are the abbreviated names of the defendants as set forth in Paragraph 5 of Count One of this Indictment.

2.     On or about September 5, 1986, in Karachi, Pakistan, defendants **AL-TURK, SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR,** and others known and unknown to the Grand Jury, did maliciously damage and destroy and attempt to damage and destroy by means of an explosive a vehicle used in interstate and foreign commerce, that is, civil aircraft number N656PA of Pan American World Airways, causing personal injury to persons as

15

a direct and proximate result of such conduct.

(**Malicious Damage to an Aircraft Resulting in Personal Injury and Aiding and Abetting and Causing an Act to be Done**, in violation of Title 18, United States Code, Sections 844(i) and 2)

## COUNT ELEVEN

1.    Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated by reference as if fully realleged and restated herein, as are the abbreviated names of the defendants as set forth in Paragraph 5 of Count One of this Indictment.

2.    On or about September 5, 1986, at Karachi, Pakistan, defendants **AL-TURK, SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR**, and others known and unknown to the Grand Jury, did knowingly, willfully and unlawfully seize and detain and threaten to kill, injure and continue to detain passengers and crew, including nationals of the United States, on Pan American World Airways flight 73 (United States registration number N656PA), in order to compel Karachi Airport authorities to provide a cockpit crew to fly the aircraft to Larnaca, Cyprus and to Israel, to compel authorities in Cyprus to release Palestinian prisoners being detained in Cyprus, and to compel the government of Israel to release Palestinian prisoners being detained in Israel, as a condition for the release of passengers on flight 73.

(**Hostage Taking and Abetting and Causing an Act to be Done**, in violation of Title 18, United States Code, Sections 1203 and 2)

## COUNTS TWELVE TO EIGHTY-SEVEN

1.    Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated by reference as if fully realleged and restated herein, as are the abbreviated names of the

16

defendants as set forth in Paragraph 5 of Count One of this Indictment.

2.      On or about September 5, 1986, within the country of Pakistan and outside the
United States, defendants **AL-TURK, SAFARINI, RAHIM, AR-RAHAYYAL, and AL-
MUNAWAR,** with premeditation and malice aforethought, did unlawfully attempt to kill a
national of the United States, named below, by discharging firearms and detonating explosive
devices:

| COUNT | United States National |
|-------|------------------------|
| 12 | Saleem Ahmed. |
| 13 | David Allison. |
| 14 | Faiza Friza Anwar. |
| 15 | Sadaf Anwar. |
| 16 | Jawad Amin Arain. |
| 17 | Almas Ashraf. |
| 18 | Isaac Ashraf. |
| 19 | Jawad Kaiser Aziz. |
| 20 | Gita R. Bhadrecha. |
| 21 | Sharon Bhandari. |
| 22 | Preti Harshad Bhova. |
| 23 | Anisha Dasgupta. |
| 24 | Antusa Dasgupta. |
| 25 | Denali Dasgupta. |
| 26 | Sanjeev Desai. |

17

| 27 | Gargi Devi. |
| 28 | Gayatri Devi. |
| 29 | Catherine Dumas. |
| 30 | David Gaiser. |
| 31 | Priya Joyce George. |
| 32 | Gloria Goldstein. |
| 33 | Michael Goldstein. |
| 34 | Alan J. Grantier. |
| 35 | Jazia Parveen Hamid.. |
| 36 | Kamran Syed Hamid. |
| 37 | John Harper. |
| 38 | Amjad Hayruddin. |
| 39 | Rehman Yasmin Hayruddin. |
| 40 | Sofia Hayruddin. |
| 41 | Patrick Headshaw. |
| 42 | Farhat Hussain. |
| 43 | Hamled Hussain. |
| 44 | Nabihal Hussain. |
| 45 | Nadya Hussain. |
| 46 | David A. Jodice. |
| 47 | Abdullah A. Katri. |
| 48 | Neherihah Khan. |

| 49 | Rana Khan. |
| 50 | Zafer Khan. |
| 51 | Naseeruddin Mahmood. |
| 52 | Abdul Majid. |
| 53 | Clarence T. Maloney. |
| 54 | Naserullah Maywawb. |
| 55 | Deepak Mehra. |
| 56 | Anjina Mehta. |
| 57 | Yaswant Mehta. |
| 58 | Richard Melhart. |
| 59 | Anurada J. Nemivant. |
| 60 | Ajay Patel. |
| 61 | Nikita S. Patel. |
| 62 | Parvatiben K. Patel. |
| 63 | Sangita A.S. Patel. |
| 64 | Shrikant Patel. |
| 65 | Darrell R. Pieper. |
| 66 | H. Shah Pratik. |
| 67 | Alana Sabel. |
| 68 | Nilima M. Shah. |
| 69 | Raksha H. Shah. |
| 70 | Avani Shaw. |

| | |
|---|---|
| 71 | Nilay Mukesh Shaw. |
| 72 | Rupal Shaw. |
| 73 | Omair Ahmed Siddiqui. |
| 74 | Kulpana Singh. |
| 75 | Sameer Singh. |
| 76 | Minhaj Sjeraz. |
| 77 | Alistair S. Sundareson. |
| 78 | Meenu A. Sundareson. |
| 79 | Meera R. Sundareson. |
| 80 | Sharma Sundareson. |
| 81 | Jay Nagji Sureja. |
| 82 | Raj N. Sureja. |
| 83 | Angelia A. Vaidya. |
| 84 | Kalpana Vaidya. |
| 85 | Udaya Vaidya. |
| 86 | Fahmida Zaidi. |
| 87 | Hasan Abbas Zoha. |

(**Attempted Murder of a United States National Outside the United States and Aiding and Abetting and Causing an Act to be Done**, in violation of Title 18, United States Code, Sections 2331(b)(1) (1986) and 2)

## COUNTS EIGHTY-EIGHT TO NINETY-FOUR

1.    Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated

20

by reference as if fully realleged and restated herein, as are the abbreviated names of the

defendants as set forth in Paragraph 5 of Count One of this Indictment.

      2.     On or about September 5, 1986, within the country of Pakistan and outside the

United States, defendants **AL-TURK, SAFARINI, RAHIM, AR-RAHAYYAL, and AL-**

**MUNAWAR** did knowingly, willfully and unlawfully engage in physical violence by

discharging firearms and detonating explosive devices, with the result that serious bodily injury

was caused to a national of the United States, named below:

| COUNT | United States National |
|-------|------------------------|
| 88 | Gargi Devi. |
| 89 | David Gaiser. |
| 90 | John Harper. |
| 91 | Nadya Hussain. |
| 92 | Rana Khan. |
| 93 | Deepak Mehra. |
| 94 | Ajay Patel. |

    **(Causing Serious Bodily Injury to a United States National Outside the United**
**States and Aiding and Abetting and Causing an Act to be Done**, in violation of Title 18,
United States Code, Sections 2331(c)(2) (1986) and 2)


## COUNT NINETY-FIVE

     1.     Paragraphs 1 through 4 of Count One of this Indictment are hereby incorporated

by reference as if fully realleged and restated herein, as are the abbreviated names of the

defendants as set forth in Paragraph 5 of Count One of this Indictment.

2.    On or about September 5, 1986, within the country of Pakistan and outside the United States, defendants **AL-TURK, SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR** did knowingly use and carry a firearm, that is, assault rifles and pistols, during and in relation to a crime of violence for which they could be prosecuted in a court of the United States, that is, murder of a United States national outside the United States, as set forth in Counts Three and Four of this Indictment; hostage taking, as set forth in Count Eleven of this Indictment; attempted murder of a United States national outside the United States, as set forth in Counts Twenty-Seven, Thirty, Thirty-Seven, Forty-Five, Forty-Nine, Fifty-Five and Sixty of this Indictment; and engaging in physical violence which resulted in serious bodily injury to a United States national outside the United States, as set forth in Counts Eighty-Eight, Eighty-Nine, Ninety, Ninety-One, Ninety-Two, Ninety-Three and Ninety-Four of this Indictment.

**(Use of a Firearm During a Crime of Violence and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 924(c) and 2)**

22

### Notice of Special Findings

a.      The allegations of Counts Five, Six, Seven, Eight and Nine of this Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

b.      As to Counts Five, Six, Seven, Eight and Nine of this Indictment, defendants **AL-TURK, SAFARINI, RAHIM, AR-RAHAYYAL, and AL-MUNAWAR**:

(1)      were not less than 18 years of age at the time of the offense (Title 18, United States Code, Section 3591 (a));

(2)      intentionally killed the victims (Title 18, United States Code, Section 3591(a)(2)(A));

(3)      intentionally inflicted serious bodily injury that resulted in the death of the victims (Title 18, United States Code, Section 3591(a)(2)(B));

(4)      intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in this offense, and the victims died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

(5)      intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

(6)      committed the offenses described in Counts Five, Six and Seven, which

are offenses under section 32 of title 18 (destruction of aircraft or aircraft facilities), and during the commission of those offenses, the death and injury resulting in death of victims occurred (Title 18, United States Code, Section 3592(c)(1));

(7)    committed the offense described in Count Eight, which is an offense under Title 49 (attempt to commit aircraft piracy, now codified at section 46502), and during the commission of that offense, the death and injury resulting in death of victims occurred (Title 18, United States Code, Section 3592(c)(1));

(8)    committed the offense described in Count Nine, which is an offense under section 844(i) of title 18 (destruction of property affecting interstate commerce by explosives), and during the commission of that offense, the death and injury resulting in death of victims occurred (Title 18, United States Code, Section 3592(c)(1));

(9)    committed the offenses described in Counts Five, Six, Seven, Eight and Nine, and in committing those offenses, knowingly created a grave risk of death to one or more persons in addition to the victims of the offenses (Title 18, United States Code, Section 3592(c)(5));

(10)    committed the offenses described in Counts Five, Six, Seven, Eight and Nine in an especially heinous, cruel, and depraved manner in that they involved torture and serious physical abuse to the victims (Title 18, United States Code, Section 3592(c)(6));

24

(11)     committed the offenses described in Counts Five, Six, Seven, Eight and

Nine after substantial planning and premeditation to cause the death of a

person and commit an act of terrorism (Title 18, United States Code,

Section 3592(c)(9));

(12)     committed the offenses described in Counts Five, Six, Seven, Eight and

Nine against victims who were particularly vulnerable due to old age,

youth, and infirmity (Title 18, United States Code, Section 3592(c)(11));

and

(13)     intentionally killed and attempted to kill more than one person in a single

criminal episode (Title 18, United States Code, Section 3592(c)(16)).

(Pursuant to Title 18, United States Code, Sections 3591 and 3592).

c.     As to Count Eight of this Indictment, defendants **AL-TURK, SAFARINI,**

**RAHIM, AR-RAHAYYAL, and AL-MUNAWAR**:

(1)     committed the offense described in Count Eight and the death of another

person resulted from the commission of the offense after the defendants

had seized and exercised control of the aircraft (Title 49, United States

Code Appendix, Section 1473(c)(7)(A) (1982));

(2)     committed the offense described in Count Eight, knowingly creating a

grave risk of death to another person in addition to the victims of the

offense and the death of another person resulted from the commission of

the offense (Title 49, United States Code Appendix, Section

1473(c)(7)(B)(iii) (1982));

25

(3)     committed the offense described in Count Eight in an especially heinous, cruel, or depraved manner and the death of another resulted from the commission of the offense (Title 49, United States Code Appendix, Section 1473(c)(7)(B)(iv)(1982));

(4)     were not less than 18 years of age at the time of the offense described in Count Eight (Title 49, United States Code Appendix, Section 1473(c)(6)(A) (1982));

(5)     had no significant impairment of their capacity to appreciate the wrongfulness of their conduct and to conform their conduct to the requirements of law at the time of the offense described in Count Eight (Title 49, United States Code Appendix, Section 1473(c)(6)(B) (1982));

(6)     were under no unusual and substantial duress at the time of the offense described in Count Eight (Title 49 United States Code Appendix, Section 1473(c)(6)(C) (1982));

(7)     were principals in the offense described in Count Eight and their participation was not relatively minor (Title 49, United States Code Appendix, Section 1473(c)(6)(D) (1982)); and

(8)     could reasonably foresee that their conduct in the course of the commission of the offense described in Count Eight would cause and

26

would create a grave risk of causing death to another person (Title 49,

United States Code Appendix, Section 1473(c)(6)(E) (1982)).

(Pursuant to Title 18, United States Code, Section 3591 and Title 49, United States Code Appendix, Section 1473 (1982)).


A TRUE BILL


FOREPERSON


Roscoe C. Howard, Jr. / JJS

Attorney of the United States in
and for the District of Columbia


27