# EXHIBIT I



**U.S. Department of Justice**

Roscoe C. Howard, Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 9, 2003

Robert Tucker, Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

David I. Bruck, Esquire
1247 Sumter Street, Suite 201
P.O. Box 11744
Columbia, SC 29211

Re: <u>United States v. Zaid Hassan Abd Latif Safarini</u>, Cr. No. 91-504 (EGS)

Dear Mr. Tucker and Mr. Bruck:

This letter confirms the plea agreement between your client, Zaid Hassan Abd Latif Safarini, also known as Mustafa Hassan Said Bomer, also known as Mustafa (hereinafter referred to as "your client" or "Zaid Safarini"), and the Office of the United States Attorney for the District of Columbia and the Criminal Division of the United States Department of Justice (hereinafter collectively referred to as "the Government" or "the United States"). If your client accepts the terms and conditions of this offer, kindly have your client execute this document in the space provided below. Because this plea agreement involves an agreement by the Government not to seek the death penalty, this plea agreement cannot take effect until and unless authorization is received from the Attorney General of the United States. Upon receipt of such authorization from the Attorney General and upon receipt of the executed document from you and your client, this letter will become the plea agreement. The terms of the offer are as follows:

<u>Charges</u>

1.      Your client, Zaid Safarini, agrees to admit guilt and enter a plea of guilty to all 95 counts of the superseding Indictment. The offenses charged in those 95 counts are listed in Appendix A to this plea agreement, which also summarizes the maximum penalty as prescribed by statute for each of these offenses, including any fine, as well as any mandatory minimum penalty for each offense. Your client acknowledges having reviewed the information contained in Appendix A and understanding that information. In addition, your client understands that, pursuant to 18 U.S.C. § 3013(a)(2)(A) (1986), a special assessment of $50 shall be imposed by the Court for each felony count to which

2

your client pleads guilty. Your client further understands that, pursuant to 18 U.S.C. §§ 3663 and 3664 (1986), the Court may order your client to make restitution to the victims of his offenses.

2.      Appendix B to this plea agreement sets forth the elements of each offense charged in the superseding Indictment. Your client acknowledges having reviewed the information contained in Appendix B and understanding that information. Your client understands that, in order for your client to be found guilty by the jury of any count charged in the superseding Indictment, the jury would have to find that the Government had proven each of these elements beyond a reasonable doubt.

<u>Detention Pending Sentencing</u>

3.      Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

<u>Agreement on Sentencing</u>

4.      The parties agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (2003 ed.), that the following sentence on each count is the appropriate disposition of this case, with each sentence to run concurrently, unless indicated otherwise:

> Count 1 – 18 U.S.C. § 371 (Conspiracy to Commit Offenses Against the United States): 5 years;
>
> Count 2 – 18 U.S.C. § 2331(b)(2) (Conspiracy to Murder United States Nationals Outside the United States): 45 years;
>
> Counts 3 and 4 – 18 U.S.C. § 2331(a)(1) (Murder of a United States National Outside the United States): life sentence on each count, consecutive to each other and to Count 8, Counts 12 to 87 (collectively) and Count 95;
>
> Count 5 – 18 U.S.C. § 32(a)(1) (Damaging an Aircraft Resulting in Death): life sentence;
>
> Count 6 – 18 U.S.C. § 32(a)(2) (Placing a Destructive Device on an Aircraft Resulting in Death): life sentence;
>
> Count 7 – 18 U.S.C. § 32(a)(5) (Performing an Act of Violence Against an Individual on an Aircraft Resulting in Death): life sentence;

3

Count 8 – 49 U.S.C., App. § 1472(i) (1982) (Attempt to Commit Air Piracy Resulting in Death): life sentence, consecutive to Counts 3 and 4, Counts 12 to 87 (collectively) and Count 95;

Count 9 – 18 U.S.C. § 844(i) (Malicious Damage to an Aircraft Resulting in Death): life sentence;

Count 10 – 18 U.S.C. § 844(i) (Malicious Damage to an Aircraft Resulting in Personal Injury): 20 years;

Count 11 – 18 U.S.C. § 1203 (Hostage Taking): 45 years;

Counts 12 to 87 – 18 U.S.C. § 2331(b)(1) (Attempted Murder of a United States National Outside the United States): 20 years, each count concurrent to each other but consecutive to Counts 3, 4, 8 and 95;

Counts 88 to 94 – 18 U.S.C. § 2331(c)(2) (Causing Serious Bodily Injury to a United States National Outside the United States): 5 years; and

Count 95 – 18 U.S.C. § 924(c) (Use of a Firearm During a Crime of Violence): 5 years, consecutive to every other count.

The parties agree that the total resulting sentence will be three consecutive life sentences plus 25 years.

5.    In light of your client's financial condition, the parties agree that no fine should be imposed on your client.

6.    Your client acknowledges that because of the number and length of consecutive sentences to be imposed, there will be no mandatory parole release date for your client during his natural lifetime. See 18 U.S.C. § 4206(d) (1986). Your client agrees to waive any argument, before or after sentencing in this case, claiming to be entitled to a mandatory parole release date during his lifetime.

7.    Your client understands that, under 18 U.S.C. § 4205(a) (1986), your client will be entitled to an initial parole determination hearing "after serving ten years of a life sentence or a sentence of over thirty years, except to the extent otherwise provided by law." Your client understands, however, that the Government intends to oppose his release on parole at any time during his lifetime.

8.    The parties agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (2003 ed.), to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed

4

upon by the parties, then the Court will impose sentence and enter a judgment and conviction as provided for in this plea agreement. The parties understand, however, that the Court may not agree that the above agreed upon sentence is an appropriate one and may reject the plea agreement pursuant to Fed. R. Crim. P. 11(c)(5). Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

9.      Your client agrees not to file any motions to seek a reduction of sentence.

10.     The government understands that your client will ask the Bureau of Prisons not to designate him to ADX (Administrative Maximum facility), in Florence, Colorado, or to make any other similar non-medical administrative designation, and that he will ask the Court to recommend to the Bureau of Prisons that it not so designate him. The government agrees, absent some material change of circumstances warranting such a non-medical administrative designation, that it will not oppose this request by your client, and will not oppose such a recommendation to the Bureau of Prisons by the Court. If requested, the Government will inform the Bureau of Prisons of the extent of your client's cooperation with investigators and attorneys of the United States. The parties understand that the Bureau of Prisons has the final authority to designate the appropriate facility for your client's imprisonment.

Cooperation

11.     Your client agrees to cooperate fully, completely, and truthfully with all investigators and attorneys of the United States, by truthfully providing all information in your client's possession relating directly or indirectly to all criminal activity and related matters which concern the subject matter of this prosecution and of which he has knowledge, or relating to other matters deemed relevant by the United States.

        a.      Your client shall cooperate pursuant to this agreement whenever, and in whatever form, the United States shall reasonably request. This includes, but is not limited to, submitting to interviews; giving testimony; and taking government administered polygraph examination(s).

        b.      In the event that one or more of your client's co-defendants come into the custody of the United States, your client agrees to testify fully and truthfully in any trial or other court proceeding, in the District of Columbia or elsewhere, at which your client's testimony may be deemed relevant by the United States.

        c.      Your client acknowledges and understands that during the course of the cooperation outlined in this agreement your client will be interviewed by law

5

enforcement agents and/or government attorneys and that your client has the right to have defense counsel present during these interviews. After consultation with you, and with your concurrence, your client knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and government prosecutors outside of the presence of counsel. If at some future point you or your client desire to have counsel present during interviews by law enforcement agents and/or government attorneys, and you communicate this decision in writing to the United States Attorney's Office for the District of Columbia, the Government will honor this request, and this change will have no effect on any other terms and conditions of this agreement.

## Government's Agreement Not to Seek the Death Penalty

12.  The Government agrees, after approval of this agreement by the Attorney General of the United States, not to seek the death penalty against your client for any of his offenses charged in the superseding Indictment.

## Government's Right to Full Allocution

13.  Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter, as well as for purposes of supporting the appropriateness of the sentence agreed upon by the parties under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (2003 ed.), see paragraph 4, supra, prior to the Court's determination whether to accept or reject the plea agreement under Rules 11(c)(4) and (5) of the Federal Rules of Criminal Procedure (2003 ed.). In particular, the United States reserves the right to describe fully, both orally and in writing, to the Court the nature and seriousness of your client's misconduct, including misconduct not described in the charges to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement. In addition, the United States reserves its right to seek from the Court a recommendation opposing parole at any time during your client's lifetime.

14.  Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons and/or before the Parole Commission.

## Waiver of Constitutional and Statutory Rights

15.  Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine

6

witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction. Your client understands that, by pleading guilty, your client is waiving each of these rights.

16.    Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination. Your client's waiver of his Fifth Amendment right extends to all information your client is to supply law enforcement authorities pursuant to this agreement.

17.    Your client also understands that the district court has granted his "Motion for Order Barring Government from Seeking the Death Penalty" and that the Government has filed a motion asking the district court to reconsider that ruling. Your client further understands that his defense counsel have filed several pretrial motions on his behalf, which are pending resolution. Your client agrees to forego further litigation and resolution of the legal issues raised in these motions.

18.    Your client also understands that as part of the entry of this guilty plea, your client specifically waives any rights that to a speedy trial or speedy sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Your client acknowledges that sentencing in this case may, with the approval of the Court, be delayed until the Government has had a sufficient opportunity to notify the victims in this case of this plea agreement and to provide those victims with ample opportunity to provide victim impact statements.

19.    Your client understands and acknowledges that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed after a plea of guilty or trial. After consultation with counsel, and in exchange for the concessions made by the Government in this plea agreement, your client voluntarily and knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction, or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever. Your client further acknowledges and agrees that this agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. §3742(b).

20.    Your client also voluntarily and knowingly waives your client's right to challenge the

7

sentence or the manner in which it was determined, or the plea itself, in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. Your client understands that, under legal ethical rules, you are not permitted to advise your client to waive any claims of ineffective assistance of counsel against you and, therefore, this waiver does not include any such claims of ineffective assistance of counsel against you.

21.   Your client further agrees to waive all rights, claims or interest in any witness fee for which your client may be eligible pursuant to 28 U.S.C. § 1821 in connection with any appearance before a grand jury, at any witness conference(s), or at any court proceeding(s), during your client's period of cooperation.

22.   Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this plea agreement will be admissible for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Interpretation of Plea Agreement

23.   Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. §1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is unnecessary for the plea document to be re-written into your client's native language.

Satisfaction with Services of Defense Counsel

24.   Your client agrees that he is satisfied with the legal representation that he has received in this matter from his defense counsel. Your client acknowledges that he has had a full and ample opportunity to review the factual and legal issues in the case with his defense counsel before deciding whether to enter into this plea agreement, including a full discussion of the issues raised by defense counsel in your client's "Motion for Order Barring Government from Seeking the Death Penalty" and in the other pretrial motions

8

filed by his defense counsel. Your client acknowledges that this plea agreement has been read and explained to him, and he has discussed this plea agreement thoroughly with his defense counsel. Your client agrees that he has had sufficient opportunity to consider this plea agreement, and that he fully understands this plea agreement and agrees to it without reservation. Your client agrees that he is entering this plea agreement knowingly and voluntarily and of his own free will, not as the result of any threats, coercion, duress or other improper influences.

No Perjury or Other Offenses

25.    Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw his guilty plea.

No other agreements

26.    This agreement sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the Government and your client. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

9

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this agreement, and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

ROSCOE C. HOWARD, Jr.
United States Attorney

GREGG A. MAISEL
Assistant U.S. Attorney

JENNIFER E. LEVY
Trial Attorney
Criminal Division, DOJ

10

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and carefully reviewed every part of it with my attorney(s).  I am fully satisfied with the legal services provided by my attorney(s) in connection with this plea agreement and all matters relating to it.  I fully understand this plea agreement and voluntarily agree to it.  No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully.  No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

_____10/21/63_____                    _____
Date                                                          Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I am defendant's attorney.  I have reviewed every part of this plea agreement with him.  It accurately and completely sets forth the entire agreement between defendant and the United States.

_____10/21/63_____                    _____
Date                                                          Counsel for Defendant

**APPENDIX A**

**U.S. v. Safarini**, 91-504 (EGS)

**LISTING OF MAXIMUM PENALTIES FOR CHARGED OFFENSES[1]**

**Count 1** – 18 U.S.C. § 371 (Conspiracy to Commit Offenses Against the United States):

    Maximum Penalty:    Five years imprisonment and $10,000.00 fine.

**Count 2** – 18 U.S.C. § 2331(b)(2) (Conspiracy to Murder United States Nationals Outside the United States):

    Maximum Penalty:    Imprisonment for any term of years and a $250,000.00 fine.

**Counts 3 and 4** – 18 U.S.C. § 2331(a)(1) (Murder of a United States National Outside the United States):

    Maximum Penalty:    Imprisonment for any term of years or for life and a $250,000.00 fine.

**Count 5** – 18 U.S.C. § 32(a)(1) (Damaging an Aircraft Resulting in Death):

    Maximum Penalty:    Life imprisonment or death and $100,000.00 fine.

**Count 6** – 18 U.S.C. § 32(a)(2) (Placing a Destructive Device on an Aircraft Resulting in Death):

    Maximum Penalty:    Life imprisonment or death and $100,000.00 fine.

**Count 7** – 18 U.S.C. § 32(a)(5) (Performing an Act of Violence Against an Individual on an Aircraft Resulting in Death):

    Maximum Penalty:    Life imprisonment or death and $100,000.00 fine.

**Count 8** – 49 U.S.C., App. § 1472(i) (1982) (Attempt to Commit Air Piracy Resulting in Death):

    Maximum Penalty:    Life imprisonment or death and $250,000.00 fine.

---

[1]    The penalties listed are the maximum penalties, and any mandatory minimum penalties, for each offense as prescribed in the United States Code at the time of the offense, without reference to any legal arguments that, at the time of the offense, the death penalty may not have been available.

## APPENDIX A

**Count 9** – 18 U.S.C. § 844(i) (Malicious Damage to an Aircraft Resulting in Death):

    Maximum Penalty:    Life imprisonment or death and $250,000.00 fine.

**Count 10** – 18 U.S.C. § 844(i) (Malicious Damage to an Aircraft Resulting in Personal Injury):

    Maximum Penalty:    Twenty years imprisonment and $20,000.00 fine.

**Count 11** – 18 U.S.C. § 1203 (Hostage Taking):

    Maximum Penalty:    Imprisonment for any term of years or for life and $250,000.00 fine.

**Counts 12 to 87** – 18 U.S.C. § 2331(b)(1) (Attempted Murder of a United States National Outside the United States):

    Maximum Penalty:    Twenty years imprisonment and a $250,000.00 fine.

**Counts 88 to 94** – 18 U.S.C. § 2331(c)(2) (Causing Serious Bodily Injury to a United States National Outside the United States):

    Maximum Penalty:    Five years imprisonment and $250,000.00 fine.

**Count 95** – 18 U.S.C. § 924(c) (Use of a Firearm During a Crime of Violence):

    Maximum Penalty:    Five years imprisonment and $250,000.00 fine.

    Mandatory Minimum:    Five years imprisonment, consecutive to the running of any other term of imprisonment for conviction of another offense, during which five-year term of imprisonment there is no eligibility for parole.

**APPENDIX B**

**U.S. v. Safarini**, 91-504 (EGS)

**LISTING OF ELEMENTS OF EACH OFFENSE CHARGED**

Described below are the elements of each offense with which your client has been charged in the superseding Indictment:

18 U.S.C. § 371: Conspiracy to Commit Offenses Against the United States (Count 1)

The elements to be admitted or proven beyond a reasonable doubt are:

1) that, at or about the time alleged in the superseding Indictment, an agreement existed between two or more people to commit the ten crimes listed in paragraphs 5a through 5j of Count One of the superseding Indictment;

2) that the defendant voluntarily and intentionally joined in that agreement; and

3) that, while the conspiracy was in effect, one of the people involved in the conspiracy did one of the overt acts charged in Count One of the superseding Indictment, for the purpose of carrying out the conspiracy.

18 U.S.C. § 2331(b)(2) (1986): Conspiracy to Murder United States Nationals Outside of the United States (Count Two)

The elements to be admitted or proven beyond a reasonable doubt are:

1) that, at or about the time alleged in the superseding Indictment, an agreement existed between two or more people to commit murder of a United States national outside the United States;

2) that the defendant voluntarily and intentionally joined in that agreement; and

3) that, while the conspiracy was in effect, one of the people involved in the conspiracy did one of the overt acts charged in Count Two of the superseding Indictment, for the purpose of carrying out the conspiracy.

## APPENDIX B

<u>18 U.S.C. § 2: Aiding and Abetting and Causing an Act to be Done</u>

For any of the substantive offenses described below, the defendant can be found guilty of the crime charged if he acted as a principal, that is, he personally committed each of the acts that make up the crime, or if he aided and abetted the principal offender. For the defendant to have aided and abetted the principal offender in committing a crime, the elements to be admitted or proven beyond a reasonable doubt are:

    1) that the defendant knowingly associated himself with the person who committed the crime;

    2) that the defendant participated in the crime as something he wished to bring about; and

    3) that the defendant intended by his actions to make the crime succeed.

<u>18 U.S.C. § 2331(a)(1) (1986): Murder of a United States National Outside the United States</u>
<u>(Counts 3 and 4)</u>

The elements to be admitted or proven beyond a reasonable doubt are:

    1) that the defendant killed Rajesh N. Kumar and Surendra M. Patel, nationals of the United States;

    2) that Mr. Kumar and Mr. Patel were outside the United States at the time they were killed;

    3) that the defendant killed Mr. Kumar and Mr. Patel with malice aforethought. To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life; and

    4) that the killing of Mr. Kumar and Mr. Patel was premeditated by the defendant.

Or, alternatively, as to the killing of Surendra Patel, the elements to be admitted or proven beyond a reasonable doubt are:

    1) that the defendant killed Surendra M. Patel, a national of the United States;

    2) that Mr. Patel was outside the United States at the time that he was killed; and

    3) that the killing of Mr. Patel was committed in an attempt to perpetrate a kidnapping.

Or, alternatively, as to the killing of Surendra Patel, the elements to be admitted or proven

2

**APPENDIX B**

beyond a reasonable doubt are:

    1) that the defendant killed Surenda M. Patel, a national of the United States;

    2) that Mr. Patel was outside the United States at the time that he was killed; and

    3) that the killing of Mr. Patel was perpetrated from a premeditated design by the defendant unlawfully and maliciously to effect the death of any human being other than Mr. Patel.

18 U.S.C. § 2331(b)(1) (1986): Attempted Murder of United States Nationals Outside the United States (Counts 12 to 87)

The elements to be admitted or proven beyond a reasonable doubt are:

    1) that the defendant intended to kill, with malice aforethought, the victims named in Counts 12 through 87 of the superseding Indictment, while outside the United States;

    2) that the defendant took a substantial step toward killing, with malice aforethought, the victims named in Counts 12 through 87 of the superseding Indictment, while outside the United States.  The defendant must have done more than merely prepare to commit the killing.  He must have committed an act or acts reasonably adapted to accomplish the crime; and

    3) that the victims named in Counts 12 through 87 of the superseding Indictment were nationals of the United States at the time of the offense.

18 U.S.C. § 2331(c)(2) (1986): Causing Serious Bodily Injury to United States Nationals Outside the United States (Counts 88 to 94)

The elements to be admitted or proven beyond a reasonable doubt are:

    1) that the defendant engaged in physical violence while outside the United States;

    2) that the defendant acted knowingly, willfully, unlawfully, voluntarily and purposely and not because of mistake, inadvertence or accident;

    3) that, as a result of the defendant engaging in such physical violence, serious bodily injury was caused to the victims named in Counts 88 through 94 of the superseding Indictment; and

**APPENDIX B**

    4) that the victims named in Counts 88 through 94 of the superseding Indictment were nationals of the United States at the time of the offense.

<u>49 U.S.C., App. § 1472(i) (1982): Attempt to Commit Air Piracy Resulting in Death (Count 8)</u>

The elements to be admitted or proven beyond a reasonable doubt are:

    1) that the defendant unlawfully attempted to seize or exercise control of an aircraft, that is, Pan Am Flight 73;

    2) that the defendant used force or violence or threat of force or violence or any other form of intimidation;

    3) that Pan Am Flight 73 was an aircraft in the special aircraft jurisdiction of the United States at the time of the attempted seizure;

As relates to the facts of this case, the term "special aircraft jurisdiction of the United States" includes a "civil aircraft of the United States . . . while that aircraft is <u>in flight</u>, which is from the moment when all external doors are closed following embarkation until the moment when one such door is opened for disembarkation or in the case of a forced landing, until the competent authorities take over the responsibility for the aircraft and for the persons and property aboard."

Under Title 49, United States Code, "[a]n attempt to commit aircraft piracy shall be within the special aircraft jurisdiction of the United States even though the aircraft is not in flight at the time of such attempt if the aircraft would have been within the special aircraft jurisdiction of the United States had the offense of aircraft piracy been completed."

    4) that the defendant acted with wrongful intent and acted knowingly, voluntarily and purposely and not because of mistake, inadvertence or accident; and

    5) that the deaths of Rajesh N. Kumar and Surendra M. Patel and of other persons resulted from the defendant's attempted commission of this offense.

<u>18 U.S.C. § 32(a)(1): Damaging an Aircraft Resulting in Death (Count 5)</u>

The elements to be admitted or proven beyond a reasonable doubt are:

    1) that the defendant knowingly, intentionally, willfully and unlawfully damaged, destroyed or disabled an aircraft, that is, Pan Am Flight 73, or caused Pan Am Flight 73 to be damaged, destroyed or disabled;

4

## APPENDIX B

    2) that, at the time of the offense, Pan Am Flight 73 was an aircraft in the special aircraft jurisdiction of the United States or was a civil aircraft of the United States, operated or employed in interstate or foreign air commerce; and

    3) that the deaths of Rajesh N. Kumar, Surendra M. Patel and other persons resulted from this offense.

<u>18 U.S.C. § 32(a)(2): Placing a Destructive Device on an Aircraft Resulting in Death (Count 6)</u>

The elements of the offense to be admitted or proven beyond a reasonable doubt are:

    1) that the defendant knowingly, intentionally, willfully and unlawfully placed or caused to be placed a destructive device or substance in, upon or in proximity to an aircraft, that is, Pan Am Flight 73;

    2) that the device or substance placed on Pan Am Flight 73 was likely to endanger the safety of the aircraft;

    3) that, at the time of the offense, Pan Am Flight 73 was an aircraft in the special aircraft jurisdiction of the United States or was a civil aircraft of the United States which was used, operated or employed in interstate or foreign air commerce; and

    4) that the deaths of Rajesh N. Kumar, Surendra M. Patel and other persons resulted from this offense.

<u>18 U.S.C. § 32(a)(5): Performing an Act of Violence Against an Individual on an Aircraft Resulting in Death (Count 7)</u>

The elements of the offense to be admitted or proven beyond a reasonable doubt are:

    1) that the defendant knowingly, intentionally, willfully and unlawfully performed acts of violence against various individuals on board an aircraft, that is, Pan Am Flight 73;

    2) that these acts of violence were performed on an aircraft in the special aircraft jurisdiction of the United States or on a civil aircraft of the United States which was used, operated or employed in interstate or foreign air commerce;

    3) that these acts of violence were committed in a manner likely to endanger the safety of the aircraft; and

    5) that the deaths of Rajesh N. Kumar, Surendra M. Patel and other persons resulted from this offense.

**APPENDIX B**

<u>18 U.S.C. § 844(i): Malicious Damage to an Aircraft Resulting in Death (Count 9)</u>

The elements of the offense to be admitted or proven beyond a reasonable doubt are:

>   1) that the defendant damaged or destroyed, or attempted to damage or destroy, an aircraft, that is, Pan Am Flight 73, by means of an explosive;

>   2) that the defendant acted maliciously;

>   3) that, at the time of the offense, Pan Am Flight 73 was a vehicle used in interstate or foreign commerce; and

>   4) that the deaths of Rajesh N. Kumar, Surendra M. Patel and other persons occurred as a direct and proximate result of this offense.

<u>18 U.S.C. § 844(i): Malicious Damage to an Aircraft Resulting in Personal Injury (Count 10)</u>

The elements of the offense to be admitted or proven beyond a reasonable doubt are:

>   1) that the defendant damaged or destroyed, or attempted to damage or destroy, an aircraft, that is, Pan Am Flight 73, by means of an explosive;

>   2) that the defendant acted maliciously;

>   3) that, at the time of the offense, Pan Am Flight 73 was a vehicle used in interstate or foreign commerce; and

>   4) personal injury to persons on board Pan Am Flight 73 occurred as a direct and proximate result of this offense.

<u>18 U.S.C. § 1203: Hostage Taking (Count 11)</u>

The elements of the offense to be admitted or proven beyond a reasonable doubt are:

>   1) that the defendant seized or detained another person outside the United States;

>   2) that the defendant threatened to kill, injure, or continue to detain that person;

>   3) that the defendant did so in order to compel a third person or governmental organization to act or abstain from acting as an explicit or implicit condition for the release of the person detained;

**APPENDIX B**

4) that the person seized or detained was a national of the United States at the time of the offense; and

5) that the defendant acted knowingly, willingly, unlawfully, voluntarily and purposely, and not because of mistake, inadvertence or accident.

18 U.S.C. § 924(c): Use of a Firearm During a Crime of Violence (Count 95)

The elements of the offense to be admitted or proven beyond a reasonable doubt are:

1) that the defendant committed the crimes of murder of a United States national outside the United States, hostage taking, attempted murder of a United States national outside the United States, and engaging in physical violence which resulted in serious bodily injury to a United States national outside the United States, as charged in various counts of the superseding Indictment; and

2) that during and in relation to the commission of those crimes, the defendant knowingly used or carried a firearm.