UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MANJULA PATEL, *et al.*, ) ) Plaintiffs, ) ) v. ) ) THE SOCIALIST PEOPLE'S LIBYAN ) ARAB JAMAHIRIYA, *et al.*, ) ) Defendants. ) | Civil Action No. 06-626 (RMU) |

**JOINT STATUS REPORT**

Pursuant to the May 27, 2008 Order of the Court, counsel for the parties hereby submit this Joint Status Report to the Court.

A. **Statement of the Case**

This action arises from the September 5, 1986 hijacking of Pan American World Airways ("Pan Am") Flight 73 on the airport tarmac in Karachi, Pakistan by, according to Plaintiffs, members of the Abu Nidal Organization (ANO). Plaintiffs in this action raise claims as the estates of 13 of the 20 individuals killed in that attack, their immediate family members, and 134 other passengers and crew members, all of whom allege injuries as a result of this event. The Plaintiffs seek a judgment against various Defendants. These include the "Libyan Defendants," comprising: (1) the Socialist People's Libyan Arab Jamahiriya ("Libya"); (2) the

Libyan External Security Organization ("LESO"); (3) Muammar Qadhafi, the head of the Libyan state, in his official and individual capacities; and (4) Abdallah Senoussi, a high ranking official in LESO, in his official and individual capacities. The other Defendants, according to Plaintiffs, were members of the ANO, which allegedly planned and executed the attack, and they include: (1) Zaid Hassan Abd Latif Safarini; (2) Jamal Saeed Abdul Rahim; (3) Muhammad Abdullah Khalil Hussain Ar-Rahayyal; (4) Muhammad Ahmed Al-Munawar; and (5) Wadoud Muhammad Hafiz Al-Turk.[1]

B.  **Procedural History**

The Plaintiffs filed their complaint on April 5, 2006 (Dkt. No. 1) and amended the complaint on April 24, 2006 (Dkt. No. 2). On October 18, 2006, the Libyan Defendants responded to the Amended Complaint by moving to dismiss for lack of subject matter and personal jurisdiction. Plaintiffs opposed the motion, and on June 29, 2007, this Court, per Judge Friedman, denied the Libyan Defendants' motion to dismiss without opinion (Dkt. No. 45). On August 22, 2007, the Libyan Defendants, through prior counsel, filed a motion for summary judgment (Dkt. No. 48), without having filed a responsive pleading to Plaintiffs' Amended Complaint. On August 31, 2007, the Plaintiffs filed a Motion to Strike Defendants' Motion for Summary Judgment, and for the Entry of Default, or in the Alternative to Enlarge

---

[1] Mr. Safarini was criminally convicted in this Court on various charges related to this terrorist attack and is currently serving a life sentence in the federal Bureau of Prisons maximum security facility in Florence, Colorado. With respect to each of these five individuals, the Clerk of Court entered default in this case on December 1, 2006 (Dkt Nos. 31, 32).

Time to Respond to the Motion (Dkt. No. 49). By Minute Order on September 24, 2007, the Court denied the Libyan Defendants' Summary Judgment Motion, without prejudice, denied Plaintiffs' Motion to Strike as moot, and ordered the Libyan Defendants to file a responsive pleading by October 26, 2007.

The Libyan Defendants, also through prior counsel, filed an answer to Plaintiffs' Amended Complaint on October 26, 2007 (Dkt. No. 55), and on that same day, re-filed their Motion for Summary Judgment (Dkt. No. 56). Plaintiffs timely opposed this motion (Dkt. No. 60), which is still pending before the Court. Subsequently, at a Status Hearing on November 8, 2007, Judge Friedman established a discovery schedule and discovery by Plaintiffs commenced.

On January 28, 2008, Congress amended the "terrorism exception" to the Foreign Sovereign Immunities Act ("FSIA"), creating a new section codified at 28 U.S.C. §1605A, and among other things, creating a new cause of action. On March 28, 2008, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint to add a claim under this new cause of action under the FSIA. (Dkt. No. 67). The Libyan Defendants did not oppose Plaintiffs' Motion for Leave to file a Second Amended Complaint but reserved the right to file a motion to dismiss the Second Amended Complaint once filed (Dkts. No. 74, 75). The Court has not ruled on this pending motion. Fact discovery is ongoing and currently scheduled to end on August 1, 2008.

Undersigned counsel for the Libyan Defendants entered their appearances on April 4, 2008 (as to the Libyan State Defendants) and on April 9, 2008 (as to the

Libyan Individual Defendants). Prior counsel for these defendants submitted a Motion to Withdraw Appearance on May 9, 2008.

On Plaintiffs' motion, the Clerk entered a default against Defendant Zaid Hassan Abd Latif Safarini on December 1, 2006. After having reviewed the allegations of the Amended Complaint as those allegations relate to him and considered his personal circumstances, Mr. Safarini has concluded that he will not take steps to remove the entry of the default against him. Defendant Safarini takes no position regarding the motions that have been filed in this action.

**C.    Pending Motions**

There are five pending motions before the Court:

1.    Libyan Defendants' Motion for Summary Judgment (Dkt. No. 56). The Libyan Defendants asserted in this motion that this case should be dismissed as having been filed outside the statute of limitations. The Libyan Defendants intend to file a notice of withdrawal of their Motion for Summary Judgment as that motion will be superseded by the filing of Plaintiffs' Second Amended Complaint, the filing of which the Libyan Defendants did not oppose, but with regard to which the Libyan Defendants reserved "all immunities, privileges, rights, and defenses" for any Motions to Dismiss they may file.

Separately, the parties bring to the Court's attention the D.C. Circuit's recent decision in *Simon v. Republic of Iraq*, No. 06-7175 (D.C. Cir. June 24, 2008), in which the D.C. Circuit interpreted the new amendments to the FSIA and 28 U.S.C.

§ 1605(f). *See* No. 06-7175, Slip Op. at 14-17. A copy of this decision is attached as Exhibit 1.

Since the Complaint in this case was filed on April 5, 2006, Plaintiffs assert it was timely under the FSIA. The Libyan Defendants intend to brief fully the implications of the *Simon* decision in this case through any Motions to Dismiss the Second Amended Complaint, which is brought under the FSIA amendments that are the subject of the *Simon* decision, or by seeking leave of the Court to submit supplemental briefing to address this decision. Plaintiffs do not believe such briefing is necessary as the Libyan Defendants have stated their intention to withdraw their summary judgment motion. In any event, Plaintiffs submit that *Simon* compels the rejection of the Defendants' motion.

2.  <u>Plaintiffs' Motion for Leave to file a Second Amended Complaint</u> (Dkt. No. 67). The Libyan Defendants responded to this motion on April 11, 2008 (Dkt. Nos. 74, 75) indicating that they did not oppose the motion but reserving all "immunities, privileges, rights, and defenses" in respect of the Second Amended Complaint for any Motions to Dismiss they may file. Upon the filing of the Second Amended Complaint, the Libyan Defendants intend to file responsive pleadings or Motions to Dismiss pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, or in accordance with a briefing schedule to be agreed upon between the parties and submitted to the Court. Plaintiffs reserve the right to oppose the ability of the Libyan Defendants to file Motions to Dismiss.

Plaintiffs submit that the ongoing discovery should proceed while briefing is underway on or concerning any Motions to Dismiss filed by the Libyan Defendants. The Libyan Defendants oppose that suggestion, and instead propose that the parties jointly propose a discovery schedule by a date certain after the Court has ruled on any Motions to Dismiss filed by the Libyan Defendants.

3.     <u>Plaintiffs' Unopposed Motion for Issuance of Letters Rogatory to the Appropriate Judicial Authority in Pakistan</u> (Dkt. No. 68).  This motion is unopposed and the Court should grant it.

4.     <u>Motions to Withdraw by Arman Dabiri</u> (Dkt. Nos. 72 & 80).  Mr. Dabiri has moved to withdraw as counsel for the Libyan Defendants in two separate motions.  Plaintiffs have no objection and these motions should be granted as new counsel have entered their appearance for Libya and LESO, and separately for Qadhafi and Senoussi.

**D.     Discovery**

As noted, discovery has commenced in this litigation.  There is currently a discovery deadline of August 1, 2008 for fact discovery.  The parties respectfully submit that this deadline is no longer appropriate, given various events such as the FSIA statutory amendments, the filing of a Motion for Leave to File the Second Amended Complaint under those amendments and the responsive pleadings or Motions to Dismiss the Second Amended Complaint that the Libyan Defendants intend to file, the various pending motions, as well as the pending unopposed motion to serve letters rogatory.  The parties suggest that they submit proposed

dates to the Court at a later time once the various motions and other issues noted above are resolved.

Plaintiffs' position is that discovery should continue beyond the current August 1 deadline, but that a schedule for when it would end should depend on how the Court resolves the above listed motions. The Libyan Defendants' position is that ongoing discovery would be unduly burdensome and instead propose that the parties jointly propose a discovery schedule by a date certain after the Court has ruled on any Motions to Dismiss filed by the Libyan Defendants.

In addition, Plaintiffs served document requests on Defendants Libya and LESO on March 11, 2008, and are about to serve interrogatories. Libya and LESO responded to Plaintiffs' document requests on April 15, 2008. Although Plaintiffs have not yet raised any issues with Defendants concerning the sufficiency of the discovery responses, they intend to do so in the near future. The Libyan Defendants intend to serve discovery on Plaintiffs in the near future.

### E.   Other Issues

Finally, on May 30, 2008, the Government of the United States and the Government of Libya issued a joint press release stating that representatives of the two countries had begun "negotiations on a claims settlement agreement" and that "[b]oth parties affirmed their desire to work together to resolve all outstanding claims in good faith and expeditiously through the establishment of a fair compensation mechanism." A copy of the joint press release is attached as Exhibit 2. Judges Kessler and Roberts have recently referred certain cases involving Libya

to Magistrate Judge Kay for the purpose of settlement discussions, *see Estate of Buonocore v. Great Socialist Peoples' Libyan Arab Jamahiriya,* C.A. No. 06-727-GK; *Certain Underwriters at Lloyds of London v. Great Socialist Peoples' Libyan Arab Jamahiriya,* C.A. No. 06-731-GK; *Baker v. Great Socialist People's Libyan Arab Jamahiriya,* C.A. No. 03-0749-GK; *Clay v. Great Socialist People's Libyan Arab Jamahiriya,* C.A. 06-00707-RWR; *Harris v. Great Socialist People's Libyan Arab Jamahiriya,* C.A. No. 06-00732-RWR, and Judge Sullivan recently stayed a case involving Libya in light of the ongoing bilateral discussions, *see MacQuarrie v. Great Socialist People's Libyan Arab Jamahiriya,* C.A. No. 04-176-EGS.

Plaintiffs would not be opposed to such a referral here if it were to aid in the resolution of this matter as part of any global settlement that may ultimately be reached between Libya and the United States.

The Libyan Defendants are of the view that piecemeal settlement negotiations in the pending cases involving Libya are unnecessary and threaten to undermine the ongoing bilateral settlement negotiations, which are at an active and critical juncture. That said, if the Court orders mediation in this case, the Libyan Defendants would participate in that process in good faith and would request that any referral be made to Magistrate Judge Kay who is already handling the mediations in various cases involving Libya.

Dated: June 27, 2008

Respectfully submitted,

_____/s/_____
Stuart H. Newberger DC Bar #294793
Michael L. Martinez DC Bar #347310
Andy Liu, DC Bar #454986
Justin P. Murphy, DC Bar #477718
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500 telephone
(202) 628-5116 facsimile

*Counsel for Plaintiffs*

_____/s/_____
Christopher M. Curran DC Bar #408561
Francis A. Vasquez, Jr. DC Bar #442161
Nicole E. Erb DC Bar #466620
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel for Defendants Socialist People's Libyan Arab Jamahiriya and the Libyan External Security Organization*

_____/s/_____
Eric L. Lewis DC Bar #394643
H. Bradford Glassman DC Bar #473903
BAACH ROBINSON & LEWIS PLLC
1201 F Street, NW, Suite 500
Washington, DC 20004
Telephone: (202) 833-8900

*Counsel for Defendants Qadhafi and Senoussi*

_____/s/_____
David T. Miller (D.C. Bar # 492485)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939

*Counsel for Defendant Safarini*